**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CLEARMEADOW INVESTMENTS, LLC,**<br>**CLEARMEADOW CAPITAL CORP.,**<br>**Tax Matters Partner,**<br><br>**Plaintiff,** | ) | |
| **v.** | ) | **Case. No. 05-1223 T** |
| | ) | **Judge Allegra** |
| **THE UNITED STATES OF AMERICA,**<br><br>**Defendant.** | ) | |

**<u>OBJECTION TO DEFENDANT'S REQUEST FOR EXTENSION OF TIME TO RESPOND TO PLAINTIFF'S COMPLAINT</u>**

Plaintiff, by and through counsel and pursuant to Rule 6.1 of the Rules of the Unites States Court of Federal Claims (hereafter "RCFC"), hereby responds to Defendant's Request for Extension of Time to Respond to Plaintiff's Complaint (hereafter "Defendant's Request") by objecting and requesting that this Court deny Defendant's request.

In support of the denial of Defendant's request, Plaintiff states the following:

1. On November 21, 2005, Plaintiff filed its complaint in this matter.

2. The deadline for Defendant to file an answer in this matter was January 20, 2006.

2. There is no just cause for an extension of time to file an answer.

3. On or about October 15, 2005, Plaintiff's counsel spoke to the IRS Case Coordinator who reviewed and approved the Notices of Final Partnership

Administrative Adjustment issued to Plaintiff in this case. The Case Coordinator was informed that Plaintiff was filing the complaint in this matter in this Court, and the Case Coordinator was preparing the file for immediate delivery to the IRS Office of Chief Counsel (hereafter "IRS Counsel") for purposes of preparing the defense recommendation letter.

4. Based on information and belief, the IRS Office of Tax Shelter Analysis has already prepared a standard defense recommendation letter to be used by the IRS Counsel in this case and other cases with identical fact patterns. In addition, the IRS Counsel has already used the standard defense recommendation letter prepared by the Office of Tax Shelter Analysis for purposes of advising the Department of Justice (hereafter "DOJ") how to proceed in a case with nearly identical facts in the Court of Federal Claims in Jade Trading, Docket No. 03-2164 T. Thus, preparation of a defense recommendation letter could be accomplished in virtually no time by the IRS Counsel by utilizing the standard defense letter and the previously used defense letter in Jade Trading.

5. Additionally, the IRS has procedural controls is place to ensure that preparation of a defense recommendation letter occurs timely. Such procedural controls are published in the Internal Revenue Manual at § 34.5.1.1.2, which states in pertinent part: "Within 50 days after a taxpayer files a suit against the United States, or 40 days after the attorney receives the case, whichever is later, the [Chief Counsel] attorney must send a defense letter to the Tax Division."

6. Furthermore in cases were the DOJ has not timely received the defense recommendation letter from the IRS, it is standard procedure for the

Department of Justice to file a protective answer rather than requesting an extension of time.

7. Therefore, Defendant's reasoning set forth in Defendant's Request is disingenuous.

8. Based upon information and belief, criminal controls have been put in place by the United States District Attorney for the Southern District of New York who is pursuing various criminal cases regarding the facts of the issue at hand. Such criminal controls are designed to prevent the IRS from pursuing civil cases, which could potentially damage or release information that could harm a criminal case.

9. Based upon information and belief, such criminal controls prevent Defendant from moving this civil case forward.

10. Defendant is attempting to delay this case indefinitely until the criminal controls are lifted.

11. Finally, Defendant's Request for Extension of Time to Respond to Plaintiff's Complaint was improperly filed pursuant to the old Rule 6(b) of the RCFC, rather than the new Rule 6.1 of the RCFC, which encompasses Federal Rules of Civil Procedure Rule 6. Additionally, Defendant did not include "a statement indicating whether an opposition will be filed, or if opposing counsel cannot be consulted, an explanation of the efforts that were made to do so."

WHEREFORE Plaintiff requests that this Court deny Defendant's Request for Extension of Time and, pursuant to Rule 8(d) of RCFC, to deem admitted all

averments contained in the complaint because of Defendant's failure to submit an answer within the judicially mandated period under RCFC Rule 12(a)(1).

Alternatively, Plaintiff requests this Court to enter a default judgment against Defendant, United States of America, pursuant to RCFC 55.

RESPECTFULLY SUBMITTED,

s/ *Robert J. Stientjes*

Date: 1/24/06

ROBERT J. STIENTJES
Attorney for Plaintiff
**GASAWAY & STIENTJES, LLC**
41 S. Old Orchard Ave., Ste. B
Webster Groves, Missouri 63119
Telephone: (314) 961-3812
Facsimile: (314) 918-7120