IN THE UNITED STATES COURT OF FEDERAL CLAIMS
(Judge Allegra)

No. 05-1223 T

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES OF AMERICA,

Defendant.

ANSWER

The defendant, the United States, by and for its first defense to the plaintiff's complaint in the above-captioned matter, respectfully denies each and every allegation contained therein that is not expressly admitted below.

Defendant further:

1. Admits that this civil action is brought under 26 U.S.C. § 6226(a) to contest the findings of the Internal Revenue Service in the Notice of Final Partnership Adjustment ("FPAA) dated August 24, 2005. Denies the implied allegation that any findings in the FPAA are erroneous.

2. Admits that the allegations set forth in paragraph 2 are plaintiff's characterization of

the claim, but denies that plaintiff is entitled to any relief. Further denies the implied allegation that a valid partnership existed.

3. Admits the allegations of paragraph 3, except to state that defendant's trial counsel lacks a copy of Exhibit A alleged to have been attached to the complaint. The allegations of the last sentence of paragraph 3 are therefore denied because defendant's answering attorneys currently lack knowledge or information sufficient to form a belief as to the truth of the matter alleged in that sentence.

4. Denies plaintiff's characterization of the FPAA in that the FPAA speaks for itself. Admits that plaintiff disputes the assertions and explanations, but denies the assertions and explanations are incorrect.

5. Admits only that Clearmeadow's taxpayer identification number is 48-1251013 and that it filed a United States Partnership Return (Form 1065) for the year 2001. Denies any implied allegation that Clearmeadow was a valid partnership. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 5.

6. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 6.

7. Admits the allegation of paragraph 7 that the complaint was filed within the period specified by 26 U.S.C. § 6226(a).

8. Admits that the defendant is the United States of America. States that the remaining allegations in paragraph 8 are conclusions of law to which no response is required.

9. Admits that jurisdiction, to the extent it exists, is conferred by 28 U.S.C. § 1508.

10. Avers that on October 25, 2004, a designated payment was credited to the 2001 tax year of Hutton in the amount of $175,870.63. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 10.

11. Denies the allegations in paragraph 11 that the FPAA erred.

12. Defendant responds to the several allegations of paragraph 12 as follows:

12a. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegation in the first sentence of paragraph 12a that Hutton is a "hard working successful business man." Denies the remaining allegations of paragraph 12a.

12b. Admits that the business entity involved in the tax shelter is a sham. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 12 regarding Hutton's belief and Hutton's experience in the stock and bond market for over 20 years. Denies that the participation in the tax shelter was made "absent any potential tax benefits."

12c-e. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12c-e.

12f. Admits the allegations in paragraph 12f that Hutton was informed that tax benefits existed. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 12f.

12g-cc. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12g-cc.

12dd. States that the allegations of paragraph 12dd are conclusions of law to which no response is required. By way of further answer, denies the allegations in the last sentence of paragarph 12dd.

12ee-jj. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12ee-jj.

12kk-mm. Denies the allegations in paragraphs 12kk-mm.

12nn-rr. States that defendant's answering attorneys lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraphs 12nn-rr, except to deny the implied allegations that Clearmeadow was a valid partnership.

12ss-ww. Denies the allegations in paragraphs 12ss-ww.

13-14. Denies the allegations of paragraphs 13-14.

15. Denies that that the FPAA improperly adjusts "non-partnership items." Further denies the several allegations in paragraph 15 as legal argument to which no response is required.

16. Denies plaintiff's characterization of the FPAA in that the FPAA speaks for itself. Further denies plaintiff's attempts to characterize the position of the United States in this litigation in that the position will be developed during discovery and over the course of the litigation. Plaintiff's allegations in paragraph 16 are legal argument to which no response is required.

17-18. Denies that Clearmeadow must be recognized as a federal partnership for federal tax purposes. By way of further answer, states that the several "allegations" of paragraphs 17-18 are legal argument to which no response is required.

19. States that the several "allegations" of paragraph 19 are legal argument to which no

response is required.

20. Denies the allegations in paragraph 20.

Respectfully submitted,

s/ David R. House

DAVID R. HOUSE
Attorney of Record
U.S. Department of Justice - Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, D.C. 20044
(202) 616-3366
(202) 540-9440 (facsimile)

EILEEN J. O'CONNOR
Assistant Attorney General
DAVID GUSTAFSON
Acting Chief, Court of Federal Claims