**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**

| | | |
|---|---|---|
| **CLEARMEADOW INVESTMENTS, LLC, CLEARMEADOW CAPITAL CORP., Tax Matters Partner,** | ) | |
| **Plaintiff,** | ) | **No. 05-1223 T** |
| | ) | **(Judge Allegra)** |
| **v.** | ) | |
| **UNITED STATES OF AMERICA,** | ) | |
| **Defendant.** | ) | |

**JOINT PRELIMINARY STATUS REPORT**

The parties, pursuant to Appendix A of the Rules of the United States Court of Federal Claims ("RCFC"), submit this Joint Preliminary Status Report.

Jurisdiction

The parties agree that the court has jurisdiction to determine the matters described in 26 U.S.C. § 6226(f).

Consolidation

The parties are not aware of any other case with which this case should be consolidated.

Trial Bifurcation

The parties agree that trial should not be bifurcated.

Deferral of Proceedings

The parties are not currently aware of a reason to defer further proceedings in this case pending consideration of another civil case.

Additional Statement by plaintiff: The plaintiff understands that the United States may be pursuing a criminal case against certain individuals which plaintiff believes are not related to plaintiff or plaintiff's case. The United States (Internal Revenue Service) made an affirmative decision to disallow the losses claimed by the plaintiff in this matter which has resulted in this case being filed in this Court. The plaintiff should not be unduly prejudiced in this matter by having this case unduly delayed for no reasons concerning the plaintiff, nor should plaintiff be prejudiced during trial preparation by the defendants counsel seeking a protective order with respect to information that is otherwise discoverable and relevant to this case.

Additional Statement by the United States: The Office of the United States Attorney for the Southern District of New York has advised counsel for the United States that it is conducting a criminal investigation with respect to certain tax shelter transactions. That office has asked that it be kept apprised of discovery in this action in order to ensure that this action does not adversely affect its pending criminal investigations. In the event that it does, the United States anticipates that it may seek a protective order or other such relief, including a stay, if necessary, to protect the important interests of law enforcement. Counsel for the United States has notified plaintiff that, in addition to Rule 6(e) of the Federal Rules of Criminal Procedure which protects grand jury information, the IRS criminal files are also privileged and not subject to discovery at this time.

Remand and Suspension

Not applicable.

Joinder of Other Parties

The parties do not expect additional parties to join this lawsuit.

Motions Under RCFC 12(b), 12(c) or 56

The parties do not anticipate filing any motions under RCFC 12(b) and 12(c). The parties have not yet determined whether motions under RCFC 56 might be appropriate.

Relevant Factual and Legal Issues

In its Complaint, plaintiff asks the Court to redetermine (in effect, to void) the adjustments to partnership items of Clearmeadow Investments, LLC that the IRS made in its Notice of Final Partnership Adjustments (FPAA) dated August 24, 2005. Plaintiff also asks the Court to redetermine the applicability of penalties under 26 U.S.C. § 6662.

Plaintiff's assertions: Mark and Mary Hutton ("the Huttons") are the owners of a construction company based in Wichita, Kansas. Taxpayers were advised by their investment broker that they could potentially earn a substantial rate of return by investing in the foreign currency markets. The investment broker introduced taxpayers to certain foreign currency market linked deposit ("ML deposits") investments.

The Huttons formed Clearmeadow Investments, LLC ("CLEARMEADOW LLC"), a LLC wholly-owned by the Huttons that is treated for federal tax purposes as a disregarded entity. At the time of formation, the Huttons contributed cash to CLEARMEADOW LLC. CLEARMEADOW LLC made investments in ML Deposit positions.

ML Deposits are cash deposits similar to money markets or certificates of deposit. ML Deposits contain two interest components--(1) a fixed rate of return component that is paid on

the maturity date of the ML Deposits, and (2) a variable interest component that is paid on the maturity date if certain contingencies occur. The contingency is determined by reference to a specific financial market measure such as a foreign currency. Whether the contingency is satisfied is generally not known or determined until the maturity date.

CLEARMEADOW LLC entered into a ML Deposit, which constituted a deposit of 27,472,520 Eurodollars. Under the terms of this ML Deposit position, on December 14, 2001, the bank would be required to pay to CLEARMEADOW LLC an amount equal to the ML Deposit amount plus a fixed yield calculated at an annual rate of 3.67%, plus, a contingent variable yield calculated at an annual rate of 16%. The variable yield was contingent upon the Japanese Yen/US Dollar spot market equal to or exceeding 124.65 on the maturity date. CLEARMEADOW LLC paid a premium to acquire this position in this ML Deposit equal to 2,747,252 Eurodollars.

CLEARMEADOW LLC also entered into a short ML Deposit position, in which it accepted a deposit of 27,472,520 Eurodollars. Under the terms of this short ML Deposit position, on December 14, 2001, CLEARMEADOW LLC was required to pay to the depositor an amount equal to the ML Deposit amount plus a fixed yield calculated at an annual rate of 3.67%, plus, a contingent variable yield calculated at an annual rate of 15.82%. The variable yield was contingent upon the Japanese Yen/US Dollar spot market equal to 124.67 on the maturity date.

Through these separable and distinct ML deposit positions, CLEARMEADOW LLC stood to earn a 14,446% return on its ML deposit investments if the Japanese Yen/US dollar spot

market was greater than or equal to 124.65 on the maturity date but less than 124.67. In addition, the Huttons, through CLEARMEADOW LLC, would earn a modest investment return if the Japanese Yen/US dollar spot market was greater than or equal to 124.67 on the maturity date.

On October 17, 2001, the Huttons transferred their entire ownership interest in CLEARMEADOW LLC to a newly formed, wholly-owned S corporation called Clearmeadow Capital Corp. (hereinafter, the "Corporation"). The Corporation was admitted as a member of CLEARMEADOW LLC. Simultaneously with the transfer of CLEARMEADOW LLC to the Corporation, CF Advisors XXXVII, LLC (hereinafter, "CF Advisors"), a domestic LLC wholly-owned by a non-related, third-party contributed cash to CLEARMEADOW LLC in exchange for ownership interests.

At the time of contribution, the Corporation and CF Advisors amended the CLEARMEADOW LLC agreement to include a provision, which allows the Corporation to cause CF Advisors to purchase the ownership interests of the Corporation in CLEARMEADOW LLC at fair market value or to cause CF Advisors to sell its ownership interests to the Corporation. The Corporation exercised this right prior to December 14, 2001, and caused CF Advisors to acquire the Corporation's ownership interests in CLEARMEADOW LLC. On December 14, 2001, the Japanese Yen/US Dollar exchange rate was equal to 121.05.

I.R.C. § 722 provides, in general, that "[t]he basis of an interest in a partnership acquired by a contribution of property, including money, to the partnership is the amount of money and the contributing partner's adjusted basis of such property at the time of the contribution…." In

the case at hand, when CF Advisors was admitted as a member of CLEARMEADOW LLC, CLEARMEADOW LLC is deemed converted from a disregarded entity to a partnership for federal income tax purposes. As such, the Corporation is treated as having contributed the ML Deposit positions and the other assets of CLEARMEADOW LLC (as a disregarded entity) to a newly formed CLEARMEADOW LLC (as a partnership). The Corporation's basis in its ownership interests in CLEARMEADOW LLC at such time is equal to the gross premium paid by CLEARMEADOW LLC for its ML Deposit position plus the amount of CLEARMEADOW LLC's cash and basis in other assets. The contingent yield on the short position is not treated as a liability under I.R.C. § 752, and, thus, basis is not reduced for the contingent yield on the short position.

Defendant's assertions: The United States believes that the purported creation of Clearmeadow, and the transactions in which it and its "partners" allegedly engaged during the last three months of 2001, constitute an abusive tax shelter, commonly known as a "Son of Boss" shelter described in IRS Notice 2000-44 (issued in August 2000). The United States asserts that the offsetting "foreign currency market linked deposit transactions," entered into by one of the "partners" of Clearmeadow, were designed and contributed to Clearmeadow for the purpose of creating fictitious, paper tax losses of approximately $1,000,000 that could be used to offset other income of Mark and Mary Hutton, the taxpayers behind Clearmeadow. Accordingly, the United States believes that, under the relevant Code sections, regulations and case law, Clearmeadow and the market linked deposit transactions did not create the tax benefits claimed, and should be disregarded for tax purposes.

Agreed Issues: The parties agree that this case presents the legal and factual issues listed below:

- whether the formation of Clearmeadow, and the transactions in which it and its purported partners engaged, had a business purpose and economic substance, or were, instead, economic or factual shams that are not respected for tax purposes;
- whether the formation of Clearmeadow, and the transactions in which it and its purported partners engaged, were transactions entered into for a principal purpose of reducing substantially the present value of its members' aggregate income taxes in a manner inconsistent with the intent of the relevant provisions of the Code, and should, therefore, be disregarded under Treas. Reg. §1.701-2;
- whether the step-transaction doctrine applies to bar the tax benefits claimed;
- whether, if the formation of Clearmeadow is respected, the contribution to it of one of the purported foreign currency market linked deposit transactions (the "short position") must be accounted for under section 752 of the Code and Treas. Reg. §1.752-6, or, alternatively, whether the alleged contribution of two foreign currency market linked deposit transactions must be accounted for as the contribution of only one, net transaction;
- whether the losses claimed as a result of the transactions are not allowable under section 165(c)(2) of the Code;
- whether accuracy-related penalties are applicable pursuant to section 6662 of the Code.

The parties set forth the above description of potential issues only for the purpose of providing a brief summary for this status report. Neither party intends to concede or waive any factual or legal claim or defense.

## Settlement

The parties do not believe settlement is likely at this stage of the case. They do not contemplate alternative dispute resolution.

## Trial

The parties anticipate proceeding to trial.

Additional statement of plaintiff: Plaintiff requests timely trial scheduling. Plaintiff requests that trial be held in Wichita, Kansas. Wichita is the most sensible location for trial because all books, records, and third-party witnesses are located in Wichita.

Additional statement of defendant: Defendant does not request expedited trial scheduling. At this time, the United States does not object (or agree) to trial in Wichita, and reserves the right to suggest an alternative location according to the convenience of the witnesses.

## Electronic Case Management Issues

None.

Plaintiff's Proposed Discovery Schedule

Plaintiff proposes the following schedule:

| | |
|---|---|
| Discovery (including depositions) begins: | May 12, 2006 |
| Experts Disclosed and Reports Exchanged: | August 12, 2006 |
| Rebuttal Experts Disclosed and Reports Exchanged (if any): | September 12, 2006 |
| Discovery Closes: | October 31, 2006 |

Defendant's Proposed Discovery Schedule

Defendant proposes the following schedule:

| | |
|---|---|
| Discovery (other than depositions) begins: | May 12, 2006 |
| Deposition Discovery Begins: | November 11, 2006 |
| Experts Disclosed and Reports Exchanged: | May 12, 2007 |
| Rebuttal Experts Disclosed and Reports Exchanged (if any): | August 12, 2007 |
| Discovery Closes: | October 31, 2007 |

Respectfully submitted,

United States of America

*s/Cory A. Johnson*
CORY A. JOHNSON
Attorney of Record
U.S. Department of Justice
Tax Division
Office of Civil Litigation
Post Office Box 403
Ben Franklin Station
Washington D.C. 20044
(202) 307-6586

Eileen J. O'Connor
Assistant Attorney General
David Gustafson
Chief, Court of Federal
Claims Section
Steven I. Frahm
Assistant Chief, Court of Federal
Claims Section

*s/ David Gustafson*
Of Counsel

Clearmeadow Investments, LLC

*s/Robert J. Stientjes*
ROBERT J. STIENTJES
Attorney of Record
Gasaway & Stientjes LLC
1120 Olivette Executive Parkway, Ste. 220
Saint Louis, MO 63132
(314) 872-3988

Dated: May 12, 2006