# In The United States Court of Federal Claims

No. 05-1223 T

(Filed: March 21, 2007)

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPTIAL CORP., TAX
MATTERS PARTNER,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

## PROTECTIVE ORDER

The United States served a Rule 45 subpoena on Societe Generale ("SG") in the above-referenced action. On March 15, 2007, defendant filed a motion for a protective order with respect to certain documents to be produced in response to that subpoena. That motion is hereby **GRANTED**. Production, handling, disclosure and use of these documents shall be governed by the following conditions, which shall be applied and interpreted in accordance with the parties' intent:

## DEFINITIONS & GENERAL PROVISIONS

1. "The Subpoena" shall mean the subpoena served by the United States on SG on September 13, 2006, in the above-referenced case.

2. The term "document" means and includes all materials or data subject to production under RCFC 34(a) and all writings or recordings within the meaning of Fed. R. Evid. 1001. The term shall be broadly construed to include (but shall not be limited to) correspondence, electronic mail, notes, notations, contracts, brochures, agreements, deeds, leases, letters, memoranda, checks, bank statements, reports, analyses, projections, studies, records, corporate minutes, financial statements, financial records, accounting or audit workpapers (including permanent workpapers), spreadsheets, transcripts, recordings, and all other types of written or documentary materials. It includes all originals and non-identical copies

(whether by reason of handwritten notations thereon or otherwise), regardless of whether the information is stored on paper, in electronic form, or through any other medium.

3. "Protected Documents" shall include all documents or any portion thereof which (l) are produced by SG pursuant to the Subpoena after the date of this Order and (2) disclose any (a) sensitive personal, business commercial, financial, trade, research, development or proprietary information of SG or any of its affiliates; or (b) any confidential financial or tax information of individuals or entities (other than Clearmeadow Investments LLC and Clearmeadow Capital, and any of their employees or purported partners or members, and SG and any of its affiliates) that are identified by name or social security number.[1]

4. When SG produces documents under the Subpoena, it shall identify each document that it asserts is a Protected Document by marking such documents as "Confidential." SG shall mark documents "Confidential" at the time such documents are produced, or as soon thereafter as SG becomes aware that the document contains confidential information.

5. SG's inadvertent or unintentional disclosure of confidential information without designation of a document as "Confidential" shall not be deemed a waiver of confidentiality. As soon as SG makes Defendant aware of the inadvertent production, Defendant must treat the document as if it had been designated as "Confidential" under this Protective Order, and Defendant must endeavor in good faith to obtain all copies of the document which it distributed or disclosed to persons not authorized to access such documents under this Protective Order, as well as any copies made by such persons; SG will have three months after the date of production in which it may impose upon Defendant the above-described duty to recover copies of such documents. The inadvertent disclosure of privileged material or attorney work product shall be returned to SG at its request and shall not constitute a waiver of the attorney-client privilege, attorney work product protection or any other applicable privilege.

6. Any party may object to the designation of, or failure to designate, a document as a Protected Document under this Order. If the parties and SG cannot resolve the matter by agreement, any party or SG may submit the

---

[1] The use of the term "Clearmeadow Investements LLC" does not constitute a finding by the Court (or admission by the United States) that Clearmeadow Investments LLC was a valid partnership for substantive federal tax purposes.

matter to the Court for resolution. Until the Court resolves the matter, the disputed document shall be treated as protected by this Order.

7. Except as provided in ¶¶ 8 & 9, those persons allowed access to Protected Documents may use them for purposes of this case only, and they may only use, disseminate, and discuss such documents as allowed herein.[2]

8. This Order does not prohibit persons described in ¶ 10(b) from lawfully disclosing Protected Documents, or deposition transcripts concerning such Protected Documents, to employees of the Department of Justice and the Internal Revenue Service, provided the documents are relevant to a specific pending matter:

   a. If a disclosure under this paragraph is made in connection with a pending civil matter, then any employee to whom such document is disclosed shall be made aware of the terms of this Order and its application to him or her and he or she shall not use the documents, including at any deposition or court proceeding, without first obtaining SG's consent, or obtaining the documents from SG through summons, subpoena, document request, or other legal process. In obtaining any such documents through that process, the requester may not disclose the documents (other than *in camera*) but may disclose the fact of their existence. The parties and SG expressly agree that no waiver, concession or admission of any kind is intended, implied or effected by the disclosure of any Protected Document pursuant to this paragraph and the parties and SG reserve all rights in connection therewith including the right to challenge any such disclosure. The parties and SG further expressly agree that the fact the Protected Document was disclosed pursuant to this Order does not in itself constitute grounds for refusing to comply with such legal process, and subsequent use of any document obtained through such legal process is not governed by any term of this Order.

   b. If a disclosure under this paragraph is made in connection with a pending criminal matter (including investigations), then subsequent use of the Protected Documents is not governed in any way by any term of this Order, including but not limited to ¶¶ 9 & 11-14.

[2] The issuance of this Order does not constitute a finding by the Court (or an admission by any party or SG) that any Protected Documents are relevant, admissible or otherwise not subject to challenge on evidentiary grounds.

9. Notwithstanding anything herein to the contrary, any party to this action or SG may move the Court to modify the terms of this Order.

**USE OF PROTECTED DOCUMENTS**

10. The following persons may have access to Protected Documents, but only after they have been provided with a copy of this Order and have been specifically informed of its application to them:

a. Court personnel;

b. Employees of the United States Department of Justice and Internal Revenue Service assigned to work on this litigation in any capacity;

c. Employees of plaintiffs' counsel assigned to work on this litigation;

d. Experts or consultants retained for this litigation.

11. Protected Documents may be used at the deposition of any witness, provided that the witness is apprised of this Protective Order and is advised that he or she is bound by its terms, and that the pages of the transcript and any related exhibits concerning such document are treated as protected by this Order and are marked with the following legend: "Protected Information to be Disclosed Only in Accordance with U.S. Court of Federal Claims Protective Order Entered March , 2007, or as Subsequently Modified". The inadvertent failure to so mark or designate Protected Documents shall not constitute a waiver of the protections provided herein, so long as said oversight is recognized and rectified in a reasonably prompt manner.

12. Subject to the provisions of this protective order governing use at trial, Protected Documents may be filed with the Court pretrial only under seal, and should be marked with the legend in ¶11, and the Court shall maintain them under seal.

13. If any Party wishes to show a Protected Document to a witness in a deposition in this proceeding, all portions of the transcripts of the deposition and exhibits to the transcripts that refer to or relate to the Protected Document shall be treated as confidential and subject to this Order, and the party taking the deposition must make arrangements with the reporter to bind the confidential portion of the transcript and exhibits separately and label it with the legend contained in ¶11. In addition, the deponent and the court reporter and/or videographer will be advised that,

pursuant to this Order, the contents of any Protected Document introduced, inquired about, or responded to at the deposition may not be disclosed except to those persons identified in ¶10. Prior to being shown an unredacted document, a deponent will acknowledge on the record that he or she agrees to be bound by the terms of this Protective Order and that he or she may not disclose the contents of any Protected Document introduced, inquired about, or responded to at the deposition except to those persons identified in ¶10 and that any disclosure may subject the deponent to sanctions by the Court.

14. The parties shall have an obligation to advise SG after each disclosure of Protected Documents in this proceeding, except communications among persons identified in ¶10. SG may, in turn, so apprise the person or entity identified in each Protected Document.

**PRE-TRIAL PROCEDURES FOR PROTECTED DOCUMENTS**

15. Except as provided in ¶11, individuals and entities who are not parties to this litigation and whose name or identification appears on a Protected Document to be produced to Defendant pursuant to the Subpoena may be given access, and their attorneys and agents may be given access, to that portion or those portions of the respective Protected Document, without further action, provided that any information that identifies any individual or entity (other than the individual or entity being given access, or any of the individuals or entities identified in ¶3) by name, social security number, or otherwise, is redacted.

16. Any Protected Document filed with the Court or provided by SG or a party to any person as allowed by this Order shall, prior to such filing or use, be placed in a sealed parcel with the words "PROTECTED INFORMATION ENCLOSED" conspicuously placed on the outside of the parcel containing the information.

17. All pages of any Protected Document filed with the Court or provided by SG or a party to any person as allowed by this Order shall, prior to such filing or use, be marked with the legend contained in ¶11.

18. Any courtesy copies of Protected Documents that are filed with the Court for use by the Judge should be marked as such with the legend in ¶11, and the Court shall maintain them under seal.

19. Each person allowed access to Protected Documents has an obligation to take all necessary precautions to prevent violations of this Order.

20. Counsel shall promptly report any breach of this Order to counsel for the opposing party and SG. All counsel have an obligation to take appropriate action to cure the violation and retrieve any Protected Documents disclosed in violation of this Order.

**USE OF DOCUMENTS AT TRIAL**

21. This Order does not govern the use of Protected Documents at trial. Before trial, the parties shall notify SG if they intend to use a Protected Document at trial. SG or any other individual or entity whose confidential tax or financial information appears in a Protected Document may seek a protective order from the Court before any such documents are used at trial and become part of the public record.

**IT IS SO ORDERED.**

s/ Francis M. Allegra
Francis M. Allegra
Judge