**Notice 2000-44 Case**

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Partner Identifying Number: 48-1251040

Name of Partnership: Clearmeadow Investments, LLC

Partnership Identifying Number: 48-1251013

Tax Year Ended: December 31, 2001

Date FPAA Mailed to the Tax Matters Partner:
August 24, 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

Date: August 24, 2005

Clearmeadow Capital Corp.
2233 S. West Street
Wichita, KS 67213

# NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

PENGAD-Bayonne, N.J.
DEFENDANT'S EXHIBIT
41

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE<br>**Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO:<br>Penny Schupmann |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br><br>Clearmeadow Capital Corp.<br>2233 S. West Street<br>Wichita, KS 67213<br><br>Taxpayer Identifying Number: 48-1251040 | Name of Partnership:<br>Clearmeadow Investments, LLC<br><br>Taxpayer Identifying Number:<br>48-1251013<br><br>Name of Tax Matters Partner:<br>Clearmeadow Capital Corp | Tax Year(s) Ended:<br>12/31/2001 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

3690

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: Clearmeadow Investments, LLC<br>TAXPAYER IDENTIFYING NUMBER: 48-1251013 | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| | 12/31/2001 | | |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | | | |
| **Other Adjustments** | | | |
| a. Portfolio income (loss) interest | | | |
| (1) Adjustment | (450,163.00) | | |
| (2) As reported | 450,163.00 | | |
| (3) Corrected | 0.00 | | |
| b. Portfolio income (loss) dividends | | | |
| (1) Adjustment | (1,016.00) | | |
| (2) As reported | 1,016.00 | | |
| (3) Corrected | 0.00 | | |

**Remarks:**

* Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination.
See Exhibit A, paragraph 9 for a description of the penalties.

Administrative Adjustment Request:
You filed an administrative adjustment request on October 25, 2004. As a result of our examination we have included the changes in part as shown in this notice.

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Clearmeadow Investments, LLC

| Taxpayer Identifying Number: 48-1251013 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| c. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | (4,147.00) | | |
| (2) As reported | 4,147.00 | | |
| (3) Corrected | 0.00 | | |
| d. Other portfolio income (loss) | | | |
| (1) Adjustment | (1,039.00) | | |
| (2) As reported | 1,039.00 | | |
| (3) Corrected | 0.00 | | |
| e. Guaranteed payments to partner | | | |
| (1) Adjustment | (10,000.00) | | |
| (2) As reported | 10,000.00 | | |
| (3) Corrected | 0.00 | | |
| f. Deductions related to portfolio income | | | |
| (1) Adjustment | (10,040.00) | | |
| (2) As reported | 10,040.00 | | |
| (3) Corrected | 0.00 | | |
| g. Interest expense on investment debts | | | |
| (1) Adjustment | (446,863.00) | | |
| (2) As reported | 446,863.00 | | |
| (3) Corrected | 0.00 | | |
| h. Investment income included in portfolio income | | | |
| (1) Adjustment | (451,179.00) | | |
| (2) As reported | 451,179.00 | | |
| (3) Corrected | 0.00 | | |
| i. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | (10,040.00) | | |
| (2) As reported | 10,040.00 | | |
| (3) Corrected | 0.00 | | |
| j. Credit for income tax withheld | | | |
| (1) Adjustment | (38.00) | | |
| (2) As reported | 38.00 | | |
| (3) Corrected | 0.00 | | |
| k. Net earnings (loss) from self-employment | | | |
| (1) Adjustment | (10,000.00) | | |
| (2) As reported | 10,000.00 | | |
| (3) Corrected | 0.00 | | |
| l. Distributions - money (cash/securities) | | | |
| (1) Adjustment | (284,315.00) | | |
| (2) As reported | 284,315.00 | | |
| (3) Corrected | 0.00 | | |

# Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Clearmeadow Investments, LLC

| Taxpayer Identifying Number: 48-1251013 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| m. Distributions - property other than money | | | |
| (1) Adjustment | (2,501,000.00) | | |
| (2) As reported | 2,501,000.00 | | |
| (3) Corrected | 0.00 | | |
| n. Capital Contributions | | | |
| (1) Adjustment | (2,790,000.00) | | |
| (2) As reported | 2,790,000.00 | | |
| (3) Corrected | 0.00 | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

1. It is determined that neither Clearmeadow Investments, LLC nor its purported partners have established the existence of CLEARMEADOW INVESTMENTS, LLC as partnership as a matter of fact.

2. Even if Clearmeadow Investments, L.L.C. existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the partnership interests of its purported partners. The formation of Clearmeadow Investments, L.L.C., the acquisition of any interest in the purported partnership by the purported partner, the purchase of offsetting positions on market-linked deposits, the transfer of offsetting positions on market-linked deposits to a partnership in return for a partnership interest, and/or the transfer of offsetting positions to a corporation in return for stock with the subsequent transfer of positions by the corporation to a partnership in return for a partnership interest, the purchase of assets by the partnership, and the distribution of those assets to the purported partners in complete liquidation of the partnership interests, and the subsequent sale of those assets to generate a loss, all within a period of less than three months, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for Federal income tax purposes. Accordingly, the partnership and the transactions described above shall be disregarded in full for Federal income tax purposes. Any purported losses resulting from these transactions are not allowable as deductions, and increases in basis of assets are not allowed to eliminate gain for Federal income tax purposes.

3. It is determined that Clearmeadow Investments, LLC was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and availed of in connection with a transaction or transactions in taxable year 2001, a principal purpose of which was to reduce substantially the present value of its partners' aggregate Federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. It is consequently determined that:

    a. Clearmeadow Investments, LLC is disregarded and that all transactions engaged in by the purported partnership are treated as engaged in directly by its purported partners. This includes the determination that the assets purportedly acquired by Clearmeadow Investments, LLC, including but not limited to foreign currency or stock, were acquired directly by the purported partners.

    b. The positions on market-linked deposits, purportedly contributed to or assumed by Clearmeadow Investments, LLC, are treated as never having been contributed to or assumed by said partnership and any gains or losses purportedly realized by Clearmeadow Investments, LLC on the positions on market-linked deposits are treated as having been realized by its partners.

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

c. The purported partners of Clearmeadow Investments, LLC should be treated as not being partners in Clearmeadow Investments, LLC.

d. Contributions to Clearmeadow Investments, LLC will be adjusted to reflect clearly the partnership's or purported partners' income.

4. It is determined that the obligations under the short position(s) on market-linked deposits transferred to Clearmeadow Investments, L.L.C. constitute liabilities for purposes of Treasury Regulation §1.752-6T, the assumption of which by Clearmeadow Investments, L.L.C. shall reduce the purported partners' bases in Clearmeadow Investments, L.L.C. in the amounts of $2,472,500 for Clearmeadow Capital Corp. and/or Mark Hutton, but not below the fair market value of the purported partnership interest.

5. It is determined that neither Clearmeadow Investments, LLC nor its purported partners entered into the positions on market-linked deposits or purchased the foreign currency or stock with a profit motive for purposes of § 165(c)(2) of the Internal Revenue Code.

6. It is determined that, even if the positions on market-linked deposits are treated as having been contributed to Clearmeadow Investments, LLC, the amount treated as contributed by the partners under § 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partner(s) from the contemporaneous sales of the offsetting position to the same counter-party. Thus, the basis of the contributed position is reduced, both in the hands of the contributing partners and Clearmeadow Investments, LLC. Consequently, any corresponding claimed increases in the outside basis in Clearmeadow Investments, LLC resulting from the contributions of the positions on market-linked deposits are disallowed.

7. It is determined that the adjusted bases of the long position(s) on market-linked deposits and other contributions purportedly contributed by the partners to Clearmeadow Investments, LLC has not been established under § 723 of the Internal Revenue Code. It is consequently determined that the partners of Clearmeadow Investments, LLC have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).

8. It is further determined that, in the case of a sale, exchange, or liquidation of Clearmeadow Investments, LLC partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

9. Accuracy-Related Penalties:

It is determined that the adjustments of partnership items of Clearmeadow Investments, LLC are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the Accuracy-Related Penalty under § 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Clearmeadow Investments, LLC. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code.
B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.
C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy-Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under §§ 7201 or 7206 of the Internal Revenue Code or other provisions of Federal law if determined to be appropriate.

Partnership Name: Clearmeadow Investments LLC
Tax Year: December 31, 2001 EIN: 48-1251013

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1223 T
(Judge Allegra)

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DECLARATION OF MARTHA TENEYCK

I, Martha TenEyck, am now a revenue agent with the Small Business/Self Employed Division of the Internal Revenue Service and am stationed in Wichita, Kansas. I was a revenue agent throughout the years 2004 and 2005. I make this declaration of my personal knowledge.

1. In 2004, I was assigned to process Mark E. and Mary S. Hutton's application to participate in the "Son of Boss" settlement initiative described in Announcement 2004-46.

2. The attached Exhibit 1 is a true copy of dated correspondence in the IRS's files.

3. The activity record for this case shows that an IRS agent noted the mailing of the attached Exhibits 3 and 4 to the addressees on July 21, 2004–before I was assigned to the case. I received the activity record and was its custodian. It is the regular practice of the IRS to note the mailing of correspondence to taxpayers and to make a note of the mailing at or near the time. The activity record page is attached as Exhibit 3A (redacted to remove irrelevant entries).

4. The IRS received the attached Exhibit 2 from Mark E. and Mary S. Hutton on June 22, 2004; it is their election to participate in the settlement initiative described in Announcement 2004-46.

5. The attached Exhibit 5 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on December 22, 2004, along with two Information Document Requests (IDRs).

6. The attached Exhibit 6 is a true copy of documents I mailed to Mark E. and Mary S. Hutton on January 21, 2005. I mailed a copy of the same documents to the Huttons' representative, Anthony Gasaway.

7. The attached Exhibit 7 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on February 5, 2005, informing them that they were not eligible to participate in the settlement initiative proposed by Announcement 2004-46. They were ineligible because they did not file Form 13586 and Form 13586-A within 60 days of July 21, 2004, the date of Lloyd Nelson's letter to them (Exhibit 3). I mailed a copy of the same document to the Huttons' representative, Anthony Gasaway.

8. The attached Exhibit 8 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on March 24, 2005, attempting to arrange an appointment to meet with Anthony Gasaway and the Huttons so that I could gather enough information on their Son of Boss transaction to issue an audit report. The document accurately summarizes the correspondence and telephone calls I had with the Huttons and Mr. Gasaway. I sent a copy of this document to Anthony Gasaway along with a cover letter, a true copy of which is attached as Exhibit 9.

9. The attached Exhibit 10 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on March 29, 2005, setting up an appointment and requesting responses to the IDRs I

had mailed to the Huttons on December 22, 2004. I sent a copy of this document to Anthony Gasaway along with a cover letter, a true copy of which is attached as Exhibit 11.

10. On April 11, 2005, I received a FAX from Anthony Gasaway, a true copy of which is attached as Exhibit 12.

11. On April 12, 2005, I mailed a document to Anthony Gasaway, a true copy of which is attached as Exhibit 13. I explained to him that we could not accept a Form 872-I that he had faxed to us because the power of attorney he had filed with us did not authorize him to discuss TEFRA partnership items. I enclosed a new power of attorney, which contained the necessary language.

12. The attached Exhibit 14 is a true copy of a Form 2848 (Power of Attorney) that I received on May 11, 2005.

13. The attached Exhibit 15 is a true copy of faxed documents I received on June 8, 2005. It responds to a summons I issued to the Huttons because they had not provided enough information to explain their Son of BOSS transaction. The summons for Mr. Hutton was handed to him at his office on May 31, 2005; as I was not able to locate Mrs. Hutton at their residence, I handed her subpoena to Mark Hutton. The summonses required the Huttons to appear on June 13, 2005, with the documents and information listed on attachments to the summonses.

14. Neither the Huttons nor their representatives appeared as requested on June 13, 2005, or produced the requested documents. (They had produced some documents on May 11, but those documents were insufficient.)

15. Because the Huttons had failed to appear or to provide sufficient information, we prepared an audit report using the information in our possession.

16. During the IRS's consideration of the Hutton's application, neither they nor their representatives argued that the Huttons should be excused from paying penalties on the grounds that they had a reasonable cause for any underpayment or that they had acted in good faith.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2007

Martha L TenEyck
MARTHA TENEYCK