No. 05-1223 T
(Judge Allegra)

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# APPENDIX B TO THE BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

RICHARD T. MORRISON
Acting Assistant Attorney General

DAVID GUSTAFSON
ROBERT STODDART
Attorneys
United States Department of Justice
Tax Division
Court of Federal Claims Section
Post Office Box 26
Ben Franklin Station
Washington, DC 20044
TEL: (202) 307-6445
FAX: (202) 514-9440

# TABLE OF CONTENTS


*Page*

Declaration of Robert Stoddart . . . . . . . . . . 1

| Exhibit Number | Description | Page |
|---|---|---|
| 1 | Letter from Cantley & Sedacca, LLP, to Mark Hutton (Oct. 5, 2001) | 5 |
| 2 | Certificate of Formation of Clearmeadow Investments, LLC | 8 |
| 3 | Operating Agreement of Clearmeadow Investments, LLC | 10 |
| 4 | Certificate of Incorporation of Clearmeadow Capital Corp. | 19 |
| 5 | IRS Form 2553, Election by a Small Business Corporation | 21 |
| 6 | Certificate of Filing for Certificate of Incorporation of Clearmeadow Capital Corp. | 23 |
| 7 | Deutsche Bank Alex Brown Client Statement (Oct. 31, 2001) | 24 |
| 8 | Deutsche Bank Alex Brown Client Statement (Nov. 30, 2001) | 30 |
| 9 | Deutsche Bank Alex Brown Client Statement (Dec. 31, 2001) | 34 |
| 10 | Deutsche Bank Alex Brown Client Statement, Canadian Dollars (Dec. 31, 2001) | 39 |
| 11 | Deutsche Bank Alex Brown Confirmation Statement, US Dollars (Dec. 14, 2001) | 42 |
| 12 | Deutsche Bank Alex Brown Confirmation Statement, Canadian Dollars (Dec. 14, 2001) | 43 |
| 13 | Deutsche Bank Alex Brown Confirmation Statement, Canadian Dollars (Dec. 27, 2001) | 44 |
| 14 | Deutsche Bank Alex Brown Confirmation Statement, US Dollars (Dec. 27, 2001) | 45 |
| 15A | Cover letter from Clarion Capital, LLC, to Mark Hutton | 46 |

[Declaration of Robert Stoddart, continued]


| Exhibit Number | Description | Page |
|---|---|---|
| 15B | Clarion Capital Statement of Account for Clearmeadow Investments, LLC, as of 12/29/01 | 47 |
| 16 | Societe Generale, Confirmation for Currency Linked Deposit Swap, Clearmeadow Investments, LLC (Oct. 15, 2001) | 49 |
| 17 | Societe Generale, Confirmation for Currency Linked Deposit Swap, Clearmeadow Investments, LLC (Oct. 15, 2001) | 54 |
| 18 | Letter from Clearmeadow Investments, LLC, to Craig Brubaker (Oct. 15, 2001) | 58 |
| 19 | Letter from Clearmeadow Investments, LLC, to Craig Brubaker (Oct. 10, 2001) | 59 |
| 20 | Letter from Clearmeadow Investments, LLC, to Craig Brubaker (Dec. 18, 2001) | 60 |
| 21 | Assignment of Limited Liability Company Units and Joinder Agreement (Oct. 19, 2001) | 61 |
| 22 | Amended and Restated Operating Agreement of Clearmeadow Investments, LLC (Oct. 19, 2001) | 63 |
| 23 | Assignment of Limited Liability Company Units and Joinder Agreement (Dec. 18, 2001) | 88 |
| 24 | Letter from Clearmeadow Investments, LLC, to Craig Brubaker (Dec. 18, 2001) | 91 |
| 25A | Cover letter from Clearmeadow Investments, LLC, to Craig Brubaker, referencing a "Schedule A" (Oct. 10, 2001) | 92 |
| 25B | Schedule A | 93 |
| 26 | Certificate of Assessments and Payments for Clearmeadow Investments, LLC | 94 |

[Declaration of Robert Stoddart, continued]


| Exhibit Number | Description | *Page* |
|---|---|---|
| 27 | Form 1065, 2001 U.S. Return of Partnership Income of Clearmeadow Investments, LLC | 97 |
| 28 | Form 1120S, 2001 U.S. Income Tax Return for an S Corporation, Clearmeadow Capital Corp. | 111 |
| 29 | Excerpts from Form 1040, 2001 U.S. Individual Income Tax Return of Mark E. Hutton and Mary S. Hutton | 126 |
| 30 | Excerpts of a letter from Cantley & Sedacca, LLP, to Mark Hutton (Jan. 22, 2002) | 135 |
| 30A | Letter from Cantley & Sedacca to Mark Hutton (Jan. 23, 2002) | 146A |
| 31 | Excerpts from the transcript of the deposition of Mark Hutton (May 8, 2007) | 147 |
| 31A | Hutton Deposition Exhibit 1: Investor representations | 187 |
| 31B | Huttton Deposition Exhibit 2: Letter from Clearmeadow Investments, LLC, to Craig Brubaker (Oct. 15, 2001) | 191 |
| 32 | Excerpts from the transcript of the deposition of Bryan Hanning (May 8, 2007) | 192 |
| 32A | Hanning Deposition Exhibit 1: Affidavit (Sept. 19, 2006) | 217 |
| 32B | Hanning Deposition Exhibit 2: Intake Summary | 218 |
| 32C | Hanning Deposition Exhibit 3: Letter from Cantley & Sedacca, LLP, to Mark Hutton (Oct. 4, 2001) | 221 |
| 32D | Hanning Deposition Exhibit 4: Printout of e-mails to and from Mark Hutton, Bryan Hanning, and Jeremy Nerenberg (Nov. 30-Dec. 6, 2001) | 224 |
| 33 | Excerpts from the transcript of the deposition of Scott Hewitt (May 8, 2007) | 225 |

[Declaration of Robert Stoddart, continued]


| Exhibit Number | Description | *Page* |
|---|---|---|
| 33A | Hewitt Deposition Exhibit 2: Letter from Cantley & Sedacca, LLP, to Amy Klupny (March 1, 2002) | 253 |
| 33B | Excerpt from Hewitt Deposition Exhibit 3: Draft Form 1065, 2001 U.S. Return of Partnership Income | 254 |
| 34 | Excerpts from the transcript of the deposition of Daniel Brooks taken in *NHB X, LLC, Norman H. Bevan, Tax Matters Partner v. Commissioner*, No 17453-05 (Tax Ct. Nov. 30, 2006) | 257 |
| 35 | Excerpts from the statement under oath of Edward Sedacca, taken in *NHB X, LLC, Norman H. Bevan, Tax Matters Partner v. Commissioner*, No 17453-05 (Tax Ct. Jan. 26, 2007) | 323 |
| 36 | Civil Docket for *Hutton et al. v. Deutsche Bank AG et al.*, No. 07-2041 (D. Kan.) | 353 |
| 37 | Excerpts from the complaint filed in *Hutton et al. v. Deutsche Bank AG et al.*, No. 07-2041 (D. Kan.) | 360 |
| 38 | Excerpts from an order and opinion filed in *Michael Ling et al. v. Deutsche Bank, AG, et al*, No. 04 CV 4566 (S.D.N.Y.) | 369A |
| 39 | Order approving proposed notice and proof of claim, *Michael Ling et al. v. Deutsche Bank, AG, et al*, No. 04 CV 4566 (S.D.N.Y.) (Feb. 2, 2007) | 369D |
| 40 | Representative Exchange Rates for Selected Currencies for December 2001 (data archived by the International Monetary Fund) | 369I |
| 41 | Final Partnership Administrative Adjustment Letter | 369K |

Declaration of Martha TenEyck . . . 370

| Exhibit Number | Description | |
|---|---|---|
| 1 | Letter from the IRS to Mark E. and Mary S. Hutton (May 20, 2004) | 374 |

[TenEyck Declaration, continued]


| Exhibit Number | Description | *Page* |
|---|---|---|
| 2 | Form 15382, Notice of Election to Participate in Announcement 2004-46 Settlement Initiative | 375 |
| 3 | Letter from the IRS to Mark E. and Mary S. Hutton (July 21, 2004) | 378 |
| 3A | Extract from Form 9984, Examining Officer's Activity Record | 378A |
| 4 | Letter from the IRS to Anthony S. Gasaway (July 21, 2004) | 379 |
| 5 | Letter from the IRS to Mark E. and Mary S. Hutton (Dec. 22, 2004) | 380 |
| 6 | Letter from the IRS to Mark E. and Mary S. Hutton (Jan. 21, 2005) | 381 |
| 7 | Letter from the IRS to Mark E. and Mary S. Hutton (Feb. 7, 2005) | 384 |
| 8 | Letter from the IRS to Mark E. and Mary S. Hutton (March 24, 2005) | 385 |
| 9 | Letter from the IRS to Anthony S. Gasaway (March 24, 2005, 2005) | 388 |
| 10 | Letter from the IRS to Mark E. and Mary S. Hutton (March 29, 2005) | 389 |
| 11 | Letter from the IRS to Anthony S. Gasaway (March 24, 2005) | 390 |
| 12 | Letter faxed by Anthony S. Gasaway to Martie TenEyck, IRS (April 11, 2005) | 391 |
| 13 | Letter from the IRS to Anthony S. Gasaway (April 12, 2005) | 394 |
| 14 | Form 2848, Power of Attorney and Declaration of Representative | 397 |
| 15 | Letter faxed by Anthony S. Gasaway to Martie TenEyck, IRS (June 8, 2005) | 399 |

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1223 T
(Judge Allegra)

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

DECLARATION OF ROBERT STODDART

I, Robert Stoddart, am an attorney employed by the Tax Division of the U.S. Department of Justice, and was assigned to defend this case on February 7, 2007. I am now the custodian of the files compiled by the attorneys who were assigned to defend this case before me. I make this declaration of my personal knowledge.

1. The attached Exhibits 1 through 6 and 8 through 25B are true copies of documents that the plaintiff sent to the Tax Division as required by RCFC 26(a)(1). The plaintiff never sent us documents concerning a loan from Deutsche Bank or any affiliate.

2. The attached Exhibit 7 is a true copy of a document subpoenaed from Scott Hewitt. It is substantially identical to a document the plaintiff produced as required by RCFC 26(a)(1), but it is clearer and better copied.

3. The attached Exhibit 26 is the original of a certificate of assessments and payments that the Internal Revenue Service sent to the Tax Division after this case was filed.

4. The attached Exhibits 27 and 28 are true copies of tax returns that the Internal Revenue Service sent to the Tax Division after this case was filed.

5. The attached Exhibit 29 is a true copy of selected pages from a tax return that the Internal Revenue Service sent to the Tax Division after this case was filed. The IRS files in my possession show no audit of Mark Hutton's 2001 personal income tax return.

6. The attached Exhibit 30 is a true copy of pages from Cantley & Sedacca's tax opinion, which the plaintiff's attorney sent to me at my request; Exhibit 30A is a true copy of a document I subpoenaed from Cantley & Sedacca.

7. The attached Exhibit 31 is the transcript of a deposition of Mark Hutton that I took on May 8, 2007, in Wichita, Kansas. It accurately reproduces the questions asked and the answers given. To save space, I have presented the exhibit (except for the reporter's certification) in an electronic form derived from a diskette the stenographer sent to me. The deponent made no corrections. The electronic form preserves the content of the paper version, including the page and line numbering. Exhibits 31A and 31B are true copies of exhibits attached to the deposition transcript; the deponent authenticated these two exhibits.

8. The attached Exhibit 32 is the transcript of a deposition of Bryan Hanning that I took on May 8, 2007, in Wichita, Kansas. It accurately reproduces the questions asked and the answers given. To save space, I have presented the exhibit in an electronic form derived from a diskette the stenographer sent to me. The electronic form preserves the content of the paper version, including the page and line numbering. Exhibits 32A, 32B, 32C, and 32D are true copies of exhibits attached to the deposition transcript; the deponent authenticated these exhibits.

9. The attached Exhibit 33 is an excerpt from a deposition of Scott Hewitt that I took on May 8, 2007, in Wichita, Kansas. It accurately reproduces the questions asked and the answers given. To save space, I have presented the exhibit in an electronic form derived from a diskette the stenographer sent to me. The electronic form preserves the content of the paper version, including the page and line numbering. I typed an exhibit number on the first page. We received no signature page or corrections from Mr. Hewitt.

10. The attached Exhibit 34 is an excerpt from a transcript of the deposition of Daniel Brooks taken in *NHB X, LLC, Norman H. Bevan, Tax Matters Partner v. Commissioner*, No 17453-05. John Auletta, the IRS Chief Counsel attorney assigned to that case, sent me this transcript by e-mail. The exhibit accurately reproduces what he sent me, except that I typed an exhibit number on the first page. He also faxed me a copy of the reporter's certification, which I have appended to the transcript.

11. The attached Exhibit 35 is an excerpt from the statement under oath of Edward Sedacca, taken in *NHB X, LLC, Norman H. Bevan, Tax Matters Partner v. Commissioner*, No 17453-05. John Auletta, the IRS Chief Counsel attorney assigned to that case, sent me this transcript by e-mail. The exhibit accurately reproduces an excerpt of what he sent me, except that I added an exhibit number to the first page. He also faxed me a copy of the reporter's certification, which I have appended to the transcript.

12. The attached Exhibit 36 is a true copy of a docket sheet of the U.S. District Court for the District of Kansas, which I downloaded from the PACER website.

13. The attached Exhibit 37 is a true copy of excerpts from a complaint filed with the U.S. District Court for the District of Kansas, which I downloaded from the PACER website.

14. The attached Exhibit 38 is a true copy of excerpts from an order and opinion filed in *Michael Ling et al. v. Deutsche Bank, AG, et al*, No. 04 CV 4566 (S.D.N.Y.), which I downloaded from the PACER website.

15. The attached Exhibit 39 is a true copy of excerpts from the order approving proposed notice and proof of claim filed in *Michael Ling et al. v. Deutsche Bank, AG, et al*, No. 04 CV 4566 (S.D.N.Y.), which I downloaded from the PACER website.

16. The attached Exhibit 40 is a true copy of a list of exchange rates for various foreign currencies, which I downloaded from a website maintained by the International Monetary Fund. It can be found online at http://www.imf.org/external/np/fin/data/rms_mth.aspx?SelectDate=2001-12-31&reportType=REP.

17. The attached Exhibit 41 is a true copy the Final Partnership Administrative Adjustment Letter issued to Clearmeadow Investments, LLC, for its 2001 taxable year. We received this document from the IRS. The plaintiff claims to have attached the document to its complaint (Compl. ¶ 3), but it is not attached to the copy served on the defendant. *See* the defendant's Answer, ¶ 3. The defendant cannot assume that the Court has a copy.

18. As required by General Order 42A, ¶ 25, I redacted all Social Security numbers and financial account numbers from the exhibits attached to this Declaration and to the Declaration of Martha TenEyck, which appears later in this Appendix B,

I declare under penalty of perjury that the foregoing is true and correct. Executed on August 14, 2007.

s/ Robert Stoddart
ROBERT STODDART

CANTLEY & SEDACCA, LLP
ATTORNEYS AT LAW
3414 PEACHTREE ROAD, NE, SUITE 105
ATLANTA, GEORGIA 30326
TEL (404) 442-2108
FAX (770) 234-6686

BECKETT G. CANTLEY
PARTNER

ATLANTA, GA
DALLAS, TX
SAN FRANCISCO, CA

October 5, 2001

Mr. Mark E. Hutton
2233 S. West Street
Wichita, KS 67213

DEFENDANT'S EXHIBIT 7

**Re: Agreement for Your Legal Services**

Dear Mark:

Our law firm appreciates having the opportunity to provide legal services to you regarding your tax planning. As part of our service to you, it is important that we both understand the scope of our representation and our agreement regarding fees. You have engaged us to review the tax ramifications of a **market link deposit** investment strategy (the "Investment") and to research and review the law supporting the issuance of a legal opinion letter for this Investment (the "Opinion") and to issue an Opinion. Also, we have not been engaged to provide any type of advice regarding investment matters. The Opinion will be based on the relevant facts provided to us by you and by **Deutsche Bank** ("Bank"), certain representations made to us by you and by Bank, and on the state of the law at the time it is rendered. It will express our best professional judgment, applying a "more likely than not" standard, and will not be a guarantee.

The total flat fee for this service is **$150,000** (the "Flat Fee"). We request that you now forward the Flat Fee to our client escrow account. The Flat Fee will be considered earned as of **October 5, 2001** and you agree that we may bill you for the service immediately and place the Flat Fee into our general funds. However, we agree to continue our review of the Investment until the Opinion is issued. If you have paid us the Flat Fee and we have not issued an Opinion by April 15, 2002, we will refund the Flat Fee. Your execution of this Agreement indicates your approval of this arrangement.

The Investment involves a substantial investment of your assets. You have agreed that you shall bear all the economic risk of the Investment. In making the Investment that will be required as a part of the Investment, you have relied solely upon your (and your financial advisor's) independent investigation of all matters or concerns regarding the Investment and the Investment. You (or your financial advisor) possess the knowledge and experience in financial and business matters that ensures your (and your financial advisor's) capability to evaluate the merits and risks of the Investment and you are therefore making an informed decision as to the Investment. To assist us in explaining the Investment to you, we have engaged one or more financial advisors whom we will pay a fee for their assistance to us. We are not financial advisors and have expressed no opinion as to the investment suitability of the Investment. Likewise, any financial advisor engaged by us has not expressed an opinion on the Investment on our behalf. You acknowledge that we have made no guarantee regarding the successful determination of this matter and that all expressions relative thereto are matters of our preliminary opinion based upon our current knowledge of the subject matter.

We emphasize that any information that you provide us during this representation must be complete and accurate to the best of your knowledge as we will be relying on such information in providing your legal services. We also emphasize that all advice and/or planning is based on the current status of the Internal Revenue Code of 1986, as amended, and related tax laws (the "Tax Law"). We cannot predict with any accuracy any future change in the Tax Law and do not represent that the Tax Law will not result in a need for a change to your planning. This agreement when signed represents the entire agreement of the parties and all of the prior discussions concerning the entire subject matter hereof are merged herein and shall be considered to be a part of this agreement and shall not survive the execution hereof. This agreement cannot be changed verbally and can only be changed by another written agreement that must be signed by an authorized representative of this firm. Please indicate your approval of each of the terms of this engagement and fee agreement by signing below. A copy of this agreement is also enclosed for your files.

As you are aware, investment in the Investment in the manner contemplated by Bank is anticipated to provide you with substantial tax benefits. Because of these benefits, there is a possibility that if your return is reviewed, the IRS will audit your tax return, and that your tax return will be scrutinized. Except as provided in the next paragraph, issuance of the Opinion to you ends our responsibility with regard to your investment and our engagement in this matter. We will have no obligation or responsibility thereafter for advising you of tax law developments. You should understand that your reliance on the Opinion will not absolve you of the need to demonstrate that, in addition to potential tax benefits, you invested in the Investment because you believed, based on your own independent evaluation, that you had a realistic possibility of realizing a reasonable economic profit from your investment without regard to any tax benefits.

We also agree to provide you an audit defense in the event that you alert us that your require our representation in connection with an examination by the Internal Revenue Service of the Investment as reported on your federal income tax return. Such audit defense shall be provided to you at both the audit stage and at the IRS Appeals Office stage (if necessary). Such audit defense shall not include representation at the U.S. Tax Court, U.S. District Court or Court of Claims, although we would be happy to discuss such a defense with you should the need arise. A second nonrefundable flat fee of $25,000 ("Second Fee") will be due upon your alerting us that you require our representation. The Second Fee is limited to representation in connection with the Investment and does not apply to any other items or transactions on your return that may be questioned by the Internal Revenue Service.

Our engagement is to represent you and only you. Our representation does not extend to any affiliate of yours, and you should be aware that we will not be considered to have established an attorney-client relationship with any such affiliate for any purpose.

Sincerely,

CANTLEY & SEDACCA, LLP

Beckett G. Cantley

APPROVED, AGREED TO AND ACCEPTED:

By: ______________________ Date: 10/5/01
Mark E. Hutton

*State of Delaware*

*Office of the Secretary of State* PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF FORMATION OF "CLEARMEADOW INVESTMENTS, LLC", FILED IN THIS OFFICE ON THE TENTH DAY OF OCTOBER, A.D. 2001, AT 9 O'CLOCK A.M.

DEFENDANT'S EXHIBIT 2

Harriet Smith Windsor

Harriet Smith Windsor, Secretary of State

3444679 8100 AUTHENTICATION: 1385582

010504828 DATE: 10-11-01



80

# CERTIFICATE OF FORMATION

# OF

# CLEARMEADOW INVESTMENTS, LLC

The undersigned, an authorized natural person, for the purpose of forming a limited liability company (hereinafter called the "company"), under the provisions and subject to the requirements of the Delaware Limited Liability Company Act, hereby certifies that:

1. The name of the limited liability company is CLEARMEADOW INVESTMENTS, LLC

2. The address of the registered office and the name and the address of the registered agent of the limited liability company required to be maintained by Section 18-104 of the Delaware Limited Liability Company Act are National Registered Agents, Inc., 9 East Loockerman Street, Dover, Delaware 19901.

Executed on October 9, 2001.

Edward Scdacca, Esq.,
Authorized Representative

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 10/10/2001
010504828 - 3444679

# CLEARMEADOW INVESTMENTS, LLC

*A Limited Liability Company*
*Organized Under the Laws of*
*the State of Delaware*

**Dated Effective:** October 10, 2001

DEFENDANT'S EXHIBIT 3

37-P

# OPERATING AGREEMENT OF

# CLEARMEADOW INVESTMENTS, LLC

**THE UNDERSIGNED** hereby declares this to be, and agrees according to the terms of, the Operating Agreement (the "**Operating Agreement**" or "**Agreement**") of CLEARMEADOW INVESTMENTS, LLC, a limited liability company organized under the laws of the State of Delaware (the "**Company**"), made effective as of the Organization Date (as defined herein).

## ARTICLE I

## ORGANIZATION

1.1 Organization. The Member (as defined below) caused there to be filed a Certificate of Formation with the Delaware Secretary of State on October 9, 2001 (the "**Organization Date**"), creating the Company, organized and to be operated in compliance with the provisions of the Act (as defined below). The rights and liabilities of the Member are as provided in the Act except as provided in this Operating Agreement.

1.2 Name. The name of the Company is "CLEARMEADOW INVESTMENTS, LLC."

1.3 Principal Office. The location of the principal office and place of business of the Company is 2233 S. West Street, Wichita, Kansas 67213, or such other location as the Member may from time to time determine. At this principal office, the Company shall maintain its records.

1.4 Registered Office and Registered Agent. The registered agent of the Company is National Registered Agents, Inc., and its address is 9 East Loockerman Street, Dover, Delaware, 19901, or such other location as the registered agent may determine in accordance with Section 18-104 of the Act. This Section 1.4 of the Agreement may be amended from time to time by the Member to reflect each change in the identity or address of the registered agent or registered office of the Company in the State of Delaware.

1.5 Term. The Company commenced on the date the Articles of Organization were filed and will continue until it is dissolved, terminated, and wound up in accordance with the provisions of this Operating Agreement.

1.6 Purpose. The purpose of the Company is to engage in any activities for which a limited liability company may be formed under the Act.

## ARTICLE II

## DEFINED TERMS

The terms defined in this Article, whenever used in this Agreement and capitalized, have the following meanings:

2.1 "Act" means the Delaware Limited Liability Company Act, as codified in Chapter 18 of Title 6 of the Delaware Code, as now enacted or hereafter amended.

2.2 "Member" means Mark E. Hutton, and any other Person (as that term is defined in the Act) who may subsequently be designated as a Member of the Company pursuant to the terms of this Agreement and the Act.

## ARTICLE III

## CAPITAL CONTRIBUTIONS; DISTRIBUTIONS

3.1 **Initial Contribution**. The Member initially contributes to the capital of the Company that contribution further described in **Exhibit A**, attached hereto. The Member shall not be required to make any additional contributions to the capital of the Company for any purpose whatsoever. If the Member advances any additional money or property to or on behalf of the Company, such advance shall constitute a loan to the Company pursuant to Section 3.3 of this Agreement.

3.2 **Limited Liability**. The Member shall have no personal liability for liabilities or obligations of the Company except to the extent of its capital contribution.

3.3 **Loans**. If the capital needs of the Company exceed the capital contributions provided by Section 3.1, the Member may, but shall not be required to, loan additional monies to the Company in amounts, and on terms and conditions, to be agreed upon by the Company and the Member. The Company may also borrow money for its capital needs from any third parties in amounts, and on terms and conditions, determined by the Member.

3.4 **Distributions**. The Company may distribute cash or other property to the Member at such times and in such amounts as the Member may determine in its sole discretion.

## ARTICLE IV

## RIGHTS AND DUTIES OF MEMBER

4.1 **Management Rights**. The management of the Company is hereby reserved to the Member. The Member is the agent of the Company for the purpose of its business, and the act of the Member, including the execution in the Company name of any

instrument for apparently carrying on in the usual way the business of the Company, binds the Company. The Member may, from time to time, act in the capacity of an officer of the Company, including, but not limited to, the Secretary of the Company. The Member has the power and authority to delegate to one or more other persons the Member's rights and powers to manage and control the business and affairs of the Company, including to delegate to agents, officers, and employees of the Member or the Company, and to delegate by a management agreement or another agreement with, or otherwise to, other persons. Such delegation by the Member shall not cause the Member to cease to be a Member of the Company.

4.2 Right to Indemnity. If the Member was or is a party, or is threatened to be made a party, in any threatened, pending, or completed action, suit, proceeding, or investigation involving a cause of action or alleged cause of action for damages or other relief arising from or related to the business or affairs of the Company or the offer or sale of any membership interest in the Company, the Company (but without recourse to the separate assets of the Member) shall indemnify the Member against all losses, costs, and expenses, including attorneys' fees, judgments, and amounts paid in settlement actually and reasonably incurred by the Member in connection with the action, suit, proceeding, or investigation. The Company may indemnify any employee or agent of the Member or the Company upon such terms and conditions, if any, as the Member in its sole discretion considers appropriate. Expenses, including attorneys' fees, incurred by any indemnitee of the Company, including the Member, in defending an action, suit, proceeding, or investigation shall be paid by the Company as they are incurred, in advance of the final disposition of the action, suit, proceeding, or investigation, but only upon the terms and conditions as the Member determines in its sole discretion.

4.3 Reliance. The Member is entitled to rely in good faith upon the records of the Company and upon such information, opinions, reports, or statements presented to the Company by any of its other managers, members, officers, employees, or committees of the Company, or by any other person, as to matters the Member reasonably believes are within such other person's professional or expert competence and who has been selected with reasonable care by or on behalf of the Company, including information, opinions, reports, or statements as to the value and amount of the assets, liabilities, profits, or losses of the Company or any other facts pertinent to the existence and amount of assets from which distributions to the Member might properly be paid.

4.4 Fiduciary Duties and Obligations. The Member shall have no fiduciary duties of loyalty or otherwise with respect to the Company.

## ARTICLE V

## DISSOLUTION AND LIQUIDATION

5.1 Events of Dissolution; Withdrawal. The Company shall be dissolved only upon the filing of a written declaration of dissolution by the Member.

5.2 Liquidation. If the Company is dissolved pursuant to Section 5.1, the Company shall be liquidated and the business and affairs of the Company shall be wound up in accordance with the applicable provision of the Act and, in settling the accounts of the Company, the assets and other property of the Company shall be distributed in the following order of priority after all income and loss for the fiscal year of the sale has been allocated to the Member and appropriate reserves have been established pursuant to Section 5.3 herein:

(a) to creditors, including the Member in its capacity as a creditor of the Company, to the extent otherwise permitted by law, in satisfaction of liabilities of the Company (whether by payment or the making of reasonable provision for payment thereof) other than liabilities for which reasonable provision for payment has been made and liabilities for distributions to the Member under Sections 18-601 or 18-604 of the Act;

(b) to the Member in satisfaction of liabilities for distributions under Sections 18-601 or 18-604 of the Act; and

(c) to the Member.

5.3 Reserves. Upon dissolution, the Company shall:

(a) pay or make reasonable provision to pay all claims and obligations, including all contingent, conditional, or unmatured contractual claims, known to the Company;

(b) make such provision as will be reasonably likely to be sufficient to provide compensation for any claim against the Company which is the subject of a pending action, suit, or proceeding to which the Company is a party; and

(c) make such provision as will be reasonably likely to be sufficient to provide compensation for claims that have not been made known to the Company or that have not arisen but that, based on facts known to the Company, are likely to arise or to become known to the Company within ten (10) years after the date of dissolution.

If there are sufficient assets, such claims and obligations shall be paid in full and any such provision for payment made shall be made in full. If there are insufficient assets, such claims and obligations shall be paid or provided for according to their priority and, among claims of equal priority, ratably to the extent of assets available therefor. Any remaining assets shall be distributed as provided in Section 5.2 hereof.

5.4 Responsibility. Upon dissolution, the Member shall look solely to the assets of the Company for the return of its capital contribution. The winding up of the affairs of the Company and the distribution of its assets shall be conducted by the Member, who is hereby

authorized to take all actions necessary to accomplish such distribution, including, without limitation, selling any Company assets it deems necessary or appropriate to sell and over any period of time which the Member in its sole discretion deems necessary or appropriate to realize the highest value of the Company assets in a sale, including a sale of the Company, or its assets and goodwill, as a going concern.

## ARTICLE VI

## TRANSFERS OF MEMBERSHIP INTEREST

The Member may sell, hypothecate, pledge, assign, or otherwise voluntarily, transfer any part or all of such Member's membership interest to any other person. If the Member transfers the entire membership interest, the transferee(s) shall become a member(s) without any further action unless the Member and the transferee(s) agree otherwise.

## ARTICLE VII

## MISCELLANEOUS

7.1 Books of Account. The Member shall maintain accurate books of account for the Company and every transaction involving the Company shall be entered therein. The books of account shall be kept at the principal office of the Company.

7.2 Accounting Method. The books of account shall be kept on the cash method of accounting, unless the Member determines that another method is required or advisable.

7.3 Fiscal Year. The fiscal year of the Company is the calendar year.

7.4 Entire Agreement. This Operating Agreement contains the entire written declaration of the Member.

7.5 Amendment. This Operating Agreement may only be amended in a writing signed by the Member.

7.6 Applicable Law. This Agreement and the rights of the Member shall be interpreted and enforced in accordance with the laws of the State of Delaware.

7.7 Severability. The invalidity or unenforcability of any provision of this Agreement in any particular respect shall not affect the validity and enforceability of any other provision of this Agreement or of the same provision in any other respect.

7.8 Reference to Statutory Provisions. All references to statutory provision shall be deemed to refer to corresponding provisions of subsequent law.

7.9 **Pronouns and Plurals**. All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the identity of the person or persons may require.

7.10 **Benefits**. This Agreement shall inure to the benefit of and shall bind the Member and its permitted successors and assigns.

**IN WITNESS WHEREOF**, the Member has executed this Operating Agreement as of this 6 day of October, 2001, but effective as of the Organization Date.

Mark E. Hutton

## EXHIBIT A

## MEMBER NAME AND ADDRESS, CONTRIBUTION TO CAPITAL, AND COMPANY UNITS

| Member Name and Address | Contribution to Capital | Number and Class of Company Units |
|---|---|---|
| Mark E. Hutton<br>2233 S. West Street<br>Wichita, Kansas 67213 | *See attached Schedule A-1. | 100,000 Class A Units |
| | | **100,000 Company Units** |

## SCHEDULE A-1

## CAPITAL CONTRIBUTION OF MARK E. HUTTON

Mark E. Hutton hereby contributes Two Hundred Eighty Seven Thousand Five Hundred and no/100 Dollars ($287,500) and in exchange for his Class A Units as specified in **Exhibit A** of this Agreement.

STATE OF DELAWARE
SECRETARY OF STATE
DIVISION OF CORPORATIONS
FILED 09:00 AM 11/28/2001
010605266 – 3461875

# CERTIFICATE OF INCORPORATION

# OF

# CLEARMEADOW CAPITAL CORP.

---

The undersigned, for the purposes of forming a corporation under the laws of the State of Delaware, do make, file and record this Certificate, and do certify that:

FIRST: The name of this corporation is CLEARMEADOW CAPITAL CORP.

SECOND: Its Registered Office in the State of Delaware is to be located at 9 East Loockerman Street, in the City of Dover, County of Kent, 19901. The Registered Agent in charge thereof is National Registered Agents, Inc.

THIRD: The purpose of the corporation is to engage in any lawful act or activity for which a corporation may be organized under the General Corporation Law of Delaware.

The corporation shall be entitled to all of the general powers granted to corporations under the General Corporation Law of the State of Delaware, granted by specific statutory authority and by construction of law.

FOURTH: The amount of the total authorized capital stock of the corporation is 10,000 shares, all of which are of a par value of $.01 each and classified as Common stock.

FIFTH: The name and mailing address of the incorporator are as follows:

| NAME | ADDRESS |
| --- | --- |
| ROBERT S. BLOINK, ESQ. | 5220 SPRING VALLEY ROAD<br>SUITE 610<br>DALLAS, TX 75254 |

SIXTH: The duration of the corporation shall be perpetual.

SEVENTH: The personal liability of all of the directors of the corporation is hereby eliminated to the fullest extent allowed as provided by the Delaware General Corporation Law, as the same may be supplemented and amended.

EIGHTH: The corporation shall, to the fullest extent legally permissible under the provisions of the Delaware General Corporation Law, as the same may be amended and supplemented, shall indemnify and hold harmless any and all persons whom it shall have power to indemnify under said provisions from and against any and all liabilities (including expenses)

DEFENDANT'S EXHIBIT 4

imposed upon or reasonably incurred by him in connection with any action, suit or other proceeding in which he may be involved or with which he may be threatened, or other matters referred to in or covered by said provisions both as to action in his official capacity and as to action in another capacity while holding such office, and shall continue as to a person who has ceased to be a director or officer of the corporation. Such indemnification provided shall not be deemed exclusive of any other rights to which those indemnified may be entitled under any Bylaw, Agreement or Resolution adopted by the shareholders entitled to vote thereon after notice.

Signed on October 12, 2001

Robert S. Blaink, Esq., Incorporator

Form **2553** (Rev. January 2001) Department of the Treasury Internal Revenue Service

# Election by a Small Business Corporation

(Under section 1362 of the Internal Revenue Code)

▶ See Parts II and III on back and the separate instructions.

▶ The corporation may either send or fax this form to the IRS. See page 1 of the instructions.

OMB No. 1545-0146

Notes: 1. *This election to be an S corporation can be accepted only if all the tests are met under Who May Elect on page 1 of the instructions; all signatures in Parts I and III are originals (no photocopies); and the exact name and address of the corporation and other required form information are provided.*

2. *Do not file Form 1120S, U.S. Income Tax Return for an S Corporation, for any tax year before the year the election takes effect.*

3. *If the corporation was in existence before the effective date of this election, see Taxes an S Corporation May Owe on page 1 of the instructions.*

**Part I** Election Information

Please Type or Print

| | |
|---|---|
| Name of corporation (see instructions): CLEARMEADOW CAPITAL CORP. | A Employer identification number: 48-1251040 |
| Number, street, and room or suite no. (If a P.O. box, see instructions.): 2233 S. WEST ST. | B Date incorporated: 10/10/2001 |
| City or town, state, and ZIP code: WICHITA, KS 67213 | C State of incorporation: DELAWARE |

D Election is to be effective for tax year beginning (month, day, year) . . . ▶ 10 / 10 / 2001

E Name and title of officer or legal representative who the IRS may call for more information: JOHN V. IVSAN, ATTORNEY AT LAW

F Telephone number of officer or legal representative: (704) 321-9425

G If the corporation changed its name or address after applying for the EIN shown in A above, check this box . . . ▶ ☐

H If this election takes effect for the first tax year the corporation exists, enter month, day, and year of the earliest of the following: (1) date the corporation first had shareholders, (2) date the corporation first had assets, or (3) date the corporation began doing business . . . ▶ 10 / 10 / 2001

I Selected tax year: Annual return will be filed for tax year ending (month and day) ▶ DECEMBER 31

If the tax year ends on any date other than December 31, except for an automatic 52-53-week tax year ending with reference to the month of December, you must complete Part II on the back. If the date you enter is the ending date of an automatic 52-53-week tax year, write "52-53-week year" to the right of the date. See Temporary Regulations section 1.441-2T(e)(3).

| J Name and address of each shareholder; shareholder's spouse having a community property interest in the corporation's stock; and each tenant in common, joint tenant, and tenant by the entirety. (A husband and wife (and their estates) are counted as one shareholder in determining the number of shareholders without regard to the manner in which the stock is owned.) | K Shareholders' Consent Statement. Under penalties of perjury, we declare that we consent to the election of the above-named corporation to be an S corporation under section 1362(a) and that we have examined this consent statement, including accompanying schedules and statements, and to the best of our knowledge and belief, it is true, correct, and complete. We understand our consent is binding and may not be withdrawn after the corporation has made a valid election. (Shareholders sign and date below.) Signature | Date | L Stock owned: Number of shares | Dates acquired | M Social security number or employer identification number (see instructions) | N Shareholder's tax year ends (month and day) |
|---|---|---|---|---|---|---|
| MARK E. HUTTON 2233 S. WEST ST. WICHITA, KS 67213 | [signature] | 10/10/01 | 10,000 | 10/10/01 | [redacted] | 12/31 |
| | | | | | | |
| | | | | | | |
| | | | | | | |
| | | | | | | |

DEFENDANT'S EXHIBIT 5

21

Under penalties of perjury, I declare that I have examined this election, including accompanying schedules and statements, and to the best of my knowledge and belief, it is true, correct, and complete.

Signature of officer ▶ [signature] Title ▶ PRESIDENT Date ▶ 10/10/01

For Paperwork Reduction Act Notice, see page 4 of the instructions. Cat. No. 18629R Form **2553** (Rev. 1-2001)

## Part II Selection of Fiscal Tax Year (All corporations using this part must complete item O and item P, Q, or R.)

O Check the applicable box to indicate whether the corporation is:

1. ☑ A new corporation adopting the tax year entered in item I, Part I.
2. ☐ An existing corporation retaining the tax year entered in item I, Part I.
3. ☐ An existing corporation changing to the tax year entered in item I, Part I.

P Complete item P if the corporation is using the expeditious approval provisions of Rev. Proc. 87-32, 1987-2 C.B. 396, to request (1) a natural business year (as defined in section 4.01(1) of Rev. Proc. 87-32) or (2) a year that satisfies the ownership tax year test in section 4.01(2) of Rev. Proc. 87-32. Check the applicable box below to indicate the representation statement the corporation is making as required under section 4 of Rev. Proc. 87-32.

1. Natural Business Year ▶ ☐ I represent that the corporation is retaining or changing to a tax year that coincides with its natural business year as defined in section 4.01(1) of Rev. Proc. 87-32 and as verified by its satisfaction of the requirements of section 4.02(1) of Rev. Proc. 87-32. In addition, if the corporation is changing to a natural business year as defined in section 4.01(1), I further represent that such tax year results in less deferral of income to the owners than the corporation's present tax year. I also represent that the corporation is not described in section 3.01(2) of Rev. Proc. 87-32. (See instructions for additional information that must be attached.)

2. Ownership Tax Year ▶ ☐ I represent that shareholders holding more than half of the shares of the stock (as of the first day of the tax year to which the request relates) of the corporation have the same tax year or are concurrently changing to the tax year that the corporation adopts, retains, or changes to per item I, Part I. I also represent that the corporation is not described in section 3.01(2) of Rev. Proc. 87-32.

**Note:** *If you do not use item P and the corporation wants a fiscal tax year, complete either item Q or R below. Item Q is used to request a fiscal tax year based on a business purpose and to make a back-up section 444 election. Item R is used to make a regular section 444 election.*

Q Business Purpose—To request a fiscal tax year based on a business purpose, you must check box Q1 and pay a user fee. See instructions for details. You may also check box Q2 and/or box Q3.

1. Check here ▶ ☐ if the fiscal year entered in item I, Part I, is requested under the provisions of section 6.03 of Rev. Proc. 87-32. Attach to Form 2553 a statement showing the business purpose for the requested fiscal year. See instructions for additional information that must be attached.

2. Check here ▶ ☐ to show that the corporation intends to make a back-up section 444 election in the event the corporation's business purpose request is not approved by the IRS. (See instructions for more information.)

3. Check here ▶ ☐ to show that the corporation agrees to adopt or change to a tax year ending December 31 if necessary for the IRS to accept this election for S corporation status in the event (1) the corporation's business purpose request is not approved and the corporation makes a back-up section 444 election, but is ultimately not qualified to make a section 444 election, or (2) the corporation's business purpose request is not approved and the corporation did not make a back-up section 444 election.

R Section 444 Election—To make a section 444 election, you must check box R1 and you may also check box R2.

1. Check here ▶ ☐ to show the corporation will make, if qualified, a section 444 election to have the fiscal tax year shown in item I, Part I. To make the election, you must complete Form 8716, Election To Have a Tax Year Other Than a Required Tax Year, and either attach it to Form 2553 or file it separately.

2. Check here ▶ ☐ to show that the corporation agrees to adopt or change to a tax year ending December 31 if necessary for the IRS to accept this election for S corporation status in the event the corporation is ultimately not qualified to make a section 444 election.

## Part III Qualified Subchapter S Trust (QSST) Election Under Section 1361(d)(2)*

| Income beneficiary's name and address | Social security number |
|---|---|
| Trust's name and address | Employer identification number |

Date on which stock of the corporation was transferred to the trust (month, day, year) . . . . . . . . . . . . ▶ / /

In order for the trust named above to be a QSST and thus a qualifying shareholder of the S corporation for which this Form 2553 is filed, I hereby make the election under section 1361(d)(2). Under penalties of perjury, I certify that the trust meets the definitional requirements of section 1361(d)(3) and that all other information provided in Part III is true, correct, and complete.

Signature of income beneficiary or signature and title of legal representative or other qualified person making the election | Date

*Use Part III to make the QSST election only if stock of the corporation has been transferred to the trust on or before the date on which the corporation makes its election to be an S corporation. The QSST election must be made and filed separately if stock of the corporation is transferred to the trust after the date on which the corporation makes the S election.

*State of Delaware*

# *Office of the Secretary of State*

PAGE 1

I, HARRIET SMITH WINDSOR, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "CLEARMEADOW CAPITAL CORP.", FILED IN THIS OFFICE ON THE TWENTY-EIGHTH DAY OF NOVEMBER, A.D. 2001, AT 9 O'CLOCK A.M.

A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE KENT COUNTY RECORDER OF DEEDS.

DEFENDANT'S EXHIBIT 6

27-P

Harriet Smith Windsor

*Harriet Smith Windsor, Secretary of State*

3461875 8100

AUTHENTICATION: 1471224

23

010605266

DATE: 11-29-01

DEUTSCHE BANC ALEX. BROWN INC.
P.O. BOX 1776
BALTIMORE MD 21203

CLENDENING/BRUBAKER
INVESTMENT REP # 182
200 CRESCENT COURT SUITE 500
DALLAS TX 75201-6959
(214) 740-7700 (800) 527-3903

# Deutsche Banc Alex. Brown
# Client Statement

DEFENDANT'S EXHIBIT 7

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213

SH 00151

24

## Portfolio Overview

### Assets

| Assets | Value as of October 31, 2001 | % of total assets |
|---|---|---|
| Cash | $0.00 | 0.0% |
| Money funds | 250,065.92 | 100.0 |
| Common stocks | 0.00 | 0.0 |
| Preferred stocks | 0.00 | 0.0 |
| Mutual funds | 0.00 | 0.0 |
| Government debt issues | 0.00 | 0.0 |
| Corporate debt issues | 0.00 | 0.0 |
| Municipal debt issues | 0.00 | 0.0 |
| Certificates of deposit | 0.00 | 0.0 |
| Options | 0.00 | 0.0 |
| Limited partnerships | 0.00 | 0.0 |
| Annuities | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| Total assets | $250,065.92 | 100.0% |

### Liabilities

| Liabilities | Value as of October 31, 2001 | % of total assets |
|---|---|---|
| Cash debit | $0.00 | 0.0% |
| Margin debit | 0.00 | 0.0 |
| Short options | 0.00 | 0.0 |
| Other short securities | 0.00 | 0.0 |
| Total liabilities | $0.00 | 0.0% |

| | |
|---|---|
| Net Value of Your Account | $250,065.92 |
| Net Value as of December 31, 2000 | $0.00 |

## Activity

| Activity | This period |
|---|---|
| Net value of your account as of September 30 | $0.00 |
| Net cash activity | 249,942.29 |
| Net securities into/out of account | 0.00 |
| Net return on your portfolio | 123.63 |
| Net value of your account as of October 31 | $250,065.92 |

## Income

| Income | This period | Year to date |
|---|---|---|
| Net income received | $123.63 | $123.63 |
| Current estimated annual income | $5,801.52 | |
| Current estimated annual yield | 2.32% | |

CASE # 05-1223

Deutsche Bank

Statement of Account
October 1 to October 31, 2001
Account [redacted]



1HHA400-021-0018119 N

Case 1:05-cv-01223-FMA Document 33-2 Filed 08/30/2007 Page 31 of 59



# Cash Summary

Opening Cash Balance $0.00

| Income Summary | This period | Year to date |
|---|---|---|
| Taxable dividends | $123.63 | $123.63 |
| Taxable interest | 0.00 | 0.00 |
| Capital gains distributions received | 0.00 | 0.00 |
| Non-taxable dividends | 0.00 | 0.00 |
| Non-taxable interest | 0.00 | 0.00 |
| Net income received | $123.63 | $123.63 |

| Cash Activity | This period | Year to date |
|---|---|---|
| Deposits | $287,500.00 | $287,500.00 |
| Withdrawals | 37,520.00 - | 37,520.00 - |
| U.S. tax withheld | 37.71 - | 37.71 - |
| Non-resident tax withheld | 0.00 | 0.00 |
| Foreign taxes withheld | 0.00 | 0.00 |
| Interest charges on cash debit | 0.00 | 0.00 |
| Interest charges on margin debit | 0.00 | 0.00 |
| Net cash activity | $249,942.29 | $249,942.29 |

| Purchases and Sales | This period | Year to date |
|---|---|---|
| Total purchases | $287,585.92 - | $287,585.92 - |
| Total sales | 37,520.00 | 37,520.00 |
| Other money fund sales | 0.00 | 0.00 |
| Net purchases/sales(incl. money funds) | $250,065.92 - | $250,065.92 - |

| Other Activity | This period | Year to date |
|---|---|---|
| Bond redemptions | $0.00 | $0.00 |
| Other activity | 0.00 | 0.00 |
| Net other activity | $0.00 | $0.00 |

Closing Cash Balance $0.00

# Portfolio Summary

| Activity | This period | Year to date |
|---|---|---|
| Previous net account value | $0.00 | $0.00 |
| Net cash activity | 249,942.29 | 249,942.29 |
| Net securities into/out of account | 0.00 | 0.00 |
| Adjusted previous account value | $249,942.29 | $249,942.29 |
| Net change in market value | 0.00 | 0.00 |
| Net income received | 123.63 | 123.63 |
| Net account value as of October 31, 2001 | $250,065.92 | $250,065.92 |
| Net return on portfolio | 123.63 | 123.63 |

SH 00152

SH 00153

# Portfolio Holdings

Prices are provided by an independent pricing service. For current market price quotations, call your Investment Representative.

## Cash and Equivalents

| | Amount | Estimated annual income | Current annual yield |
|---|---|---|---|
| DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $250,065.92 | $5,801.52 | 2.32% |
| Total cash and equivalents | $250,065.92 | $5,801.52 | |

# Portfolio Activity

## Dividends and Interest

| Date | Activity | Description | Amount |
|---|---|---|---|
| 10/23/2001 | Dividend | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES TEFRA TAX WITHHELD | $123.63<br>37.71 - |
| Total dividends and interest | | | $123.63 |

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amount |
|---|---|---|---|---|---|---|
| 10/15/2001 | Purchased | Sweep | 287,500 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $1 | $287,500.00 - |
| 10/16/2001 | Sold | Cash | 27,510 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 27,510.00 |
| 10/23/2001 | Fund reinvested | Cash | 85.92 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES MONTHLY DIVIDEND REINVESTED | 1 | 85.92 - |
| 10/23/2001 | Sold | Cash | 7,500 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 7,500.00 |
| 10/24/2001 | Sold | Cash | 2,500 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 2,500.00 |

26

CASE # 05-1223

Deutsche Bank

Statement of Account
October 1 to October 31, 2001
Account [redacted]

**Deutsche Banc Alex. Brown**

Statement of Account
October 1 to October 31, 2001
Account [redacted]



SH 00154

# Portfolio Activity continued

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amount |
|---|---|---|---|---|---|---|
| 10/25/2001 | Sold | Sweep | 10 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 10.00 |
| Net purchases and sales | | | | | | $250,065.92 - |

# Deposits

## Other Deposits

| Date posted | Description | Amount |
|---|---|---|
| 10/12/2001 | FUNDS RECEIVED COMM WICHITA | $287,500.00 |
| Total other deposits | | $287,500.00 |

# Withdrawals

## Other Withdrawals

| Date posted | Description | Amount |
|---|---|---|
| 10/16/2001 | FUNDS WIRED TO SOCIETE GENERALE NA INC. NEW Y IRD OPERATIONS | $27,500.00 - |
| 10/16/2001 | WIRE FEE | 10.00 - |
| 10/23/2001 | TRF TO CF ADV XXXVII A/O 10/23/01 AS INV ADV PYMT | 7,500.00 - |
| 10/24/2001 | FUNDS WIRED TO BANKERS TRUST COMPANY DEUTSCHE BK LONDON/F | 2,500.00 - |
| 10/24/2001 | WIRE FEE | 10.00 - |
| Total other withdrawals | | $37,520.00 - |

27

CASE # 05-1223

# Market Indices

## Equities

| Equities | Current | December 31, 2000 | Change year to date |
|---|---|---|---|
| Dow Jones Industrial Average | 9,075.14 | 10,786.85 | 15.9%- |
| NASDAQ Composite | 1,690.20 | 2,470.52 | 31.6%- |
| S & P 500 | 1,059.78 | 1,320.28 | 19.7%- |
| MSCI EAFE | 1,108.34 | 1,492.41 | 25.7%- |

## Fixed Income Securities

| Fixed Income Securities | Current | December 31, 2000 |
|---|---|---|
| Long term treasury bond yield | 4.81% | 5.46% |
| Lehman Brothers Intermediate US Credit Index | 11.33% | 9.46% |

SH 00155

28

CASE # 05-1223

Deutsche Bank

Statement of Account
October 1 to October 31, 2001
Account [redacted]

[illegible]

# Disclosure

Please advise us promptly of any material change in your investment or financial situation
Your account is with Deutsche Banc Alex. Brown Inc., a registered broker-dealer, referred to herein as Deutsche Banc Alex. Brown. The reporting period for your statement ends on the last day of the month. The dates indicated on purchases and sales are settlement dates. Margin interest charges incurred after the period indicated on this statement will be shown on the next statement. In order to review margin interest charges, you should retain this statement for use in conjunction with the next statement.
Any free credit balances represents funds payable on demand which, although properly accounted for on our books and records, are not segregated and may be used in the conduct of this firm's business, without payment to you subject to the limitations of 17 CFR Section 240.15c3-3 under the Securities Exchange Act of 1934.
Positions and activity shown on your margin account comprise a combined statement of your margin account and your special memorandum account. The special memorandum account is maintained for you in accordance with Regulation T of the Board of Governors of the Federal Reserve System and is comprised of funds generated by your margin activity and segregated for your future use. A permanent detailed record of the activity in this account is available for inspection at your request. We reserve the right to establish or modify requirements pertaining to the operation of a margin account which may exceed requirements established by the Federal Reserve Board and/or the New York Stock Exchange.
Aggregate commissions which you have paid are not reported separately on this statement of account.
Commissions and charges incurred in connection with the execution of option and other transactions have been included in confirmations of those transactions previously furnished you. A summary of this information will be made available to you upon request.
Orders for your account may be aggregated with other customer orders. In so doing, you may receive an average price for your orders which may be different from the price(s) you may have received had your orders not been aggregated. This practice may also result in your orders being only partially completed
A financial statement on this Firm is available for your personal inspection at our offices or a copy will be mailed upon your written request.
Information regarding market price, market value, estimated income, dividends and annual yields is based on data obtained from sources we consider to be reliable but is not guaranteed as to accuracy This information is provided as a convenience to aid in your financial recordkeeping.
Deutsche Banc Alex. Brown money fund yield figures are based on the seven-day period preceding the statement date. Deutsche Asset Management Funds and Deutsche Asset Management Flag Investors Funds estimated yield and income figures are computed based on either dividends for the preceding twelve-month period or the annualized rate of distribution.
Direct participation program securities (e.g. partnerships, limited liability companies, and real estate investment trusts ("REITS") which are not listed on a national securities exchange or on The Nasdaq Stock Market, Inc. are generally illiquid. No formal trading market exists for these securities and their values will be different than the purchase price. Unless otherwise indicated, the values shown herein for such securities have been provided by the management of each program and are updated quarterly. These values represent management's estimate of the investor's interest in the net assets of the program. Therefore, the estimated values shown herein may not necessarily be realized upon sale of the securities
We receive payment for routing for execution some orders in certain listed securities The determination as to where to route orders is based on several factors, subject to the overriding consideration that customers receive best execution All orders for which we receive payment are exposed to the possibility of price improvement, so that all such orders potentially can be executed at prices superior to the best bid or best offer Payment is received in the form of rebates, or credits against exchange fees and specialist fees Details will be furnished upon written request.

Deutsche Banc Alex. Brown Inc. debits $50 from each account transferring to another broker-dealer or financial institution to cover the administrative costs of such transfer.
NASD Regulation, Inc. makes available to investors a brochure regarding its Public Disclosure Program The Public Disclosure hotline number is (800) 289-9999. The NASD Regulation website can be located at www.nasdr.com.
Deutsche Banc Alex. Brown Inc., Member SIPC.
* The current portfolio value excludes unpriced securities.
** Denotes a mutual fund.
*** Denotes a foreign security.

# Money Market Fund 7 Day Average Yields:

| | |
|---|---|
| DB ALEX. BROWN CASH RESERVE PRIME | 2.32% |
| DB ALEX. BROWN CASH RESERVE TREASURY | 2.15% |
| DB ALEX. BROWN CASH RESERVE TAX FREE | 1.59% |

# Your Standing Instructions are:

Purchases: Hold securities in street name
Sales: Credit proceeds to account
Income: Hold in account

**End of Statement**

SH 00156

29

CASE # 05-1223

DEUTSCHE BANC ALEX. BROWN INC.
P. O. BOX 1776
BALTIMORE MD 21203

CLENDENING/BRUBAKER
INVESTMENT REP # 182
200 CRESCENT COURT SUITE 500
DALLAS TX 75201-6959
(214) 740-7700 (800) 527-3903

# Deutsche Banc Alex. Brown Client Statement

DEFENDANT'S EXHIBIT 8

11

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

30

## Portfolio Overview

### Assets

| Assets | Value as of November 30, 2001 | % of total assets |
|---|---|---|
| Cash | $0.00 | 0.0% |
| Money funds | 254,470.45 | 100.0 |
| Common stocks | 0.00 | 0.0 |
| Preferred stocks | 0.00 | 0.0 |
| Mutual funds | 0.00 | 0.0 |
| Government debt issues | 0.00 | 0.0 |
| Corporate debt issues | 0.00 | 0.0 |
| Municipal debt issues | 0.00 | 0.0 |
| Certificates of deposit | 0.00 | 0.0 |
| Options | 0.00 | 0.0 |
| Limited partnerships | 0.00 | 0.0 |
| Annuities | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| **Total assets** | **$254,470.45** | **100.0%** |

### Liabilities

| Liabilities | Value as of November 30, 2001 | % of total assets |
|---|---|---|
| Cash debit | $0.00 | 0.0% |
| Margin debit | 0.00 | 0.0 |
| Short options | 0.00 | 0.0 |
| Other short securities | 0.00 | 0.0 |
| **Total liabilities** | **$0.00** | **0.0%** |

| | |
|---|---|
| Net Value of Your Account | $254,470.45 |
| Net Value as of December 31, 2000 | $0.00 |

### Activity

| Activity | This period |
|---|---|
| Net value of your account as of October 31 | $250,065.92 |
| Net cash activity | 3,879.00 |
| Net securities into/out of account | 0.00 |
| Net return on your portfolio | 525.53 |
| **Net value of your account as of November 30** | **$254,470.45** |

### Income

| Income | This period | Year to date |
|---|---|---|
| Net income received | $525 53 | $649.16 |
| Current estimated annual income | $5,013.06 | |
| Current estimated annual yield | 1.97% | |

5-P

Statement of Account
November 1 to November 30, 2001
Account [redacted]

Deutsche Bank

**Deutsche Banc Alex. Brown**

Statement of Account
November 1 to November 30, 2001
Account [redacted]

# Cash Summary

## Opening Cash Balance $0.00

| Income Summary | This period | Year to date |
|---|---|---|
| Taxable dividends | $525.53 | $649.16 |
| Taxable interest | 0.00 | 0.00 |
| Capital gains distributions received | 0.00 | 0.00 |
| Non-taxable dividends | 0.00 | 0.00 |
| Non-taxable interest | 0.00 | 0.00 |
| **Net income received** | **$525.53** | **$649.16** |

| Cash Activity | This period | Year to date |
|---|---|---|
| Deposits | $6,389.00 | $293,889.00 |
| Withdrawals | 2,510.00 - | 40,030.00 - |
| U.S. tax withheld | 0.00 | 37.71 - |
| Non-resident tax withheld | 0.00 | 0.00 |
| Foreign taxes withheld | 0.00 | 0.00 |
| Interest charges on cash debit | 0.00 | 0.00 |
| Interest charges on margin debit | 0.00 | 0.00 |
| **Net cash activity** | **$3,879.00** | **$253,821.29** |

| Purchases and Sales | This period | Year to date |
|---|---|---|
| Total purchases | $6,914.53 - | $294,500.45 - |
| Total sales | 2,510.00 | 40,030.00 |
| Other money fund sales | 0.00 | 0.00 |
| **Net purchases/sales(incl. money funds)** | **$4,404.53 -** | **$254,470.45 -** |

| Other Activity | This period | Year to date |
|---|---|---|
| Bond redemptions | $0.00 | $0.00 |
| Other activity | 0.00 | 0.00 |
| **Net other activity** | **$0.00** | **$0.00** |

## Closing Cash Balance $0.00

# Portfolio Summary

| Activity | This period | Year to date |
|---|---|---|
| Previous net account value | $250,065.92 | $0.00 |
| Net cash activity | 3,879.00 | 253,821.29 |
| Net securities into/out of account | 0.00 | 0.00 |
| **Adjusted previous account value** | **$253,944.92** | **$253,821.29** |
| Net change in market value | 0.00 | 0.00 |
| Net income received | 525.53 | 649.16 |
| **Net account value as of November 30, 2001** | **$254,470.45** | **$254,470.45** |
| Net return on portfolio | 525.53 | 649.16 |

# Portfolio Holdings

Prices are provided by an independent pricing service. For current market price quotations, call your Investment Representative.

## Cash and Equivalents

| | Amount | Estimated annual income | Current annual yield |
|---|---|---|---|
| DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $254,470.45 | $5,013.06 | 1.97% |
| Total cash and equivalents | $254,470.45 | $5,013.06 | |

32

# Portfolio Activity

## Dividends and Interest

| Date | Activity | Description | Amount |
|---|---|---|---|
| 11/27/2001 | Dividend | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $525.53 |
| Total dividends and interest | | | $525.53 |

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amount |
|---|---|---|---|---|---|---|
| 11/05/2001 | Purchased | Sweep | 3,122 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $1 | $3,122.00 |
| 11/15/2001 | Sold | Cash | 2,510 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 2,510.00 |
| 11/26/2001 | Purchased | Sweep | 3,267 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 3,267.00 |
| 11/27/2001 | Fund reinvested | Cash | 525.53 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES MONTHLY DIVIDEND REINVESTED | 1 | 525.53 |
| Net purchases and sales | | | | | | $4,404.53 |

## Deposits

**Deutsche Banc Alex. Brown**

Statement of Account
November 1 to November 30, 2001
Accoun[redacted]



# Portfolio Activity continued

## Other Deposits

| Date posted | Description | Amount |
|---|---|---|
| 11/02/2001 | FUNDS RECEIVED BANKERS NYC | $3,122.00 |
| 11/23/2001 | FUNDS RECEIVED BANKERS NYC | $3,267.00 |
| Total other deposits | | $6,389.00 |

## Withdrawals

### Other Withdrawals

| Date posted | Description | Amount |
|---|---|---|
| 11/15/2001 | FUNDS WIRED TO BANKERS TRUST COMPANY DB LONDON/FOREIGN EX | $2,500.00 - |
| 11/15/2001 | WIRE FEE | 10.00 - |
| Total other withdrawals | | $2,510.00 - |

# Market Indices

| Equities | Current | December 31, 2000 | Change year to date |
|---|---|---|---|
| Dow Jones Industrial Average | 9,851.56 | 10,786.85 | 8.7%- |
| NASDAQ Composite | 1,930.58 | 2,470.52 | 21.9%- |
| S & P 500 | 1,139.45 | 1,320.28 | 13.7%- |
| iSCI EAFE | 1,148.35 | 1,492.41 | 23.1%- |

| Fixed Income Securities | Current | December 31, 2000 |
|---|---|---|
| Long term treasury bond yield | 5.27% | 5.46% |
| Lehman Brothers Intermediate US Credit Index | 10.47% | 9.46% |

15

DEUTSCHE BANC ALEX. BROWN INC.
P. O. BOX 1776
BALTIMORE MD 21203

CLENDENING/BRUBAKER
INVESTMENT REP # 182
200 CRESCENT COURT SUITE 500
DALLAS TX 75201-6959
(214) 740-7700 (800) 527-3903

# Deutsche Banc Alex. Brown Client Statement

DEFENDANT'S EXHIBIT 9

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

## Portfolio Overview

### Assets

| | Value as of December 31, 2001 | % of total assets |
|---|---|---|
| Cash | $0.00 | 0.0% |
| Money funds | 282,100.26 | 100.0 |
| Common stocks | 0.00 | 0.0 |
| Preferred stocks | 0.00 | 0.0 |
| Mutual funds | 0.00 | 0.0 |
| Government debt issues | 0.00 | 0.0 |
| Corporate debt issues | 0 00 | 0.0 |
| Municipal debt issues | 0.00 | 0.0 |
| Certificates of deposit | 0.00 | 0.0 |
| Options | 0.00 | 0.0 |
| Limited partnerships | 0.00 | 0.0 |
| Annuities | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| Total assets | $282,100.26 | 100.0% |

### Liabilities

| | Value as of December 31, 2001 | % of total assets |
|---|---|---|
| Cash debit | $0.00 | 0.0% |
| Margin debit | 0.00 | 0.0 |
| Short options | 0.00 | 0 0 |
| Other short securities | 0.00 | 0.0 |
| Total liabilities | $0.00 | 0.0% |

| | |
|---|---|
| Net Value of Your Account | $282,100.26 |
| Net Value as of December 31, 2000 | $0.00 |

34

### Activity

| | This period |
|---|---|
| Net value of your account as of November 30 | $254,470.45 |
| Net cash activity | 27,940.00 |
| Net securities into/out of account | 0.00 |
| Net return on your portfolio | 310.19 - |
| Net value of your account as of December 31 | $282,100.26 |

### Income

| | This period | Year to date |
|---|---|---|
| Net income received | $366.73 | $1,015 89 |
| Current estimated annual income | $4,767.49 | |
| Current estimated annual yield | 1.69% | |

6-P

Deutsche Bank

Statement of Account
December 1 to December 31, 2001
Account [redacted]

22178886400-021-00351513 R P

**Deutsche Banc Alex. Brown**

Statement of Account
December 1 to December 31, 2001
Accoun[redacted]

# Cash Summary

| Opening Cash Balance | $0.00 | |
|---|---|---|

## Income Summary

| Income Summary | This period | Year to date |
|---|---|---|
| Taxable dividends | $366.73 | $1,015.89 |
| Taxable interest | 0.00 | 0.00 |
| Capital gains distributions received | 0.00 | 0.00 |
| Non-taxable dividends | 0.00 | 0.00 |
| ,on-taxable interest | 0.00 | 0.00 |
| **Net income received** | **$366.73** | **$1,015.89** |

## Cash Activity

| Cash Activity | This period | Year to date |
|---|---|---|
| Deposits | $35,450.00 | $329,339.00 |
| Withdrawals | 7,510.00 - | 47,540.00 - |
| U.S. tax withheld | 0.00 | 37.71 - |
| Non-resident tax withheld | 0.00 | 0.00 |
| Foreign taxes withheld | 0.00 | 0.00 |
| Interest charges on cash debit | 0.00 | 0.00 |
| Interest charges on margin debit | 0.00 | 0.00 |
| **Net cash activity** | **$27,940.00** | **$281,761.29** |

## Purchases and Sales

| Purchases and Sales | This period | Year to date |
|---|---|---|
| Total purchases | $37,139.81 - | $331,640.26 - |
| Total sales | 8,833.08 | 48,863.08 |
| ?ther money fund sales | 0.00 | 0.00 |
| **.let purchases/sales(incl. money funds)** | **$28,306.73 -** | **$282,777.18 -** |

## Other Activity

| Other Activity | This period | Year to date |
|---|---|---|
| Bond redemptions | $0.00 | $0.00 |
| Other activity | 0.00 | 0.00 |
| **Net other activity** | **$0.00** | **$0.00** |

| Closing Cash Balance | $0.00 |
|---|---|

# Portfolio Summary

## Activity

| Activity | This period | Year to date |
|---|---|---|
| Previous net account value | $254,470.45 | $0.00 |
| Net cash activity | 27,940.00 | 281,761.29 |
| Net securities into/out of account | 0.00 | 0.00 |
| **Adjusted previous account value** | **$282,410.45** | **$281,761.29** |
| Net change in market value | 676.92 - | 676.92 - |
| Net income received | 366.73 | 1,015.89 |
| **Net account value as of December 31, 2001** | **$282,100.26** | **$282,100.26** |
| Net return on portfolio | 310.19 - | 338.97 |

# News and Information

This is the last monthly statement for 2001, but your tax calculations should be based on the Form 1099 that we will send you soon. Please see the enclosed disclosure statement. We wish you a happy and prosperous 2002. Thank you.

# Portfolio Holdings

Prices are provided by an independent pricing service. For current market price quotations, call your Investment Representative.

## Cash and Equivalents

| | Amount | Estimated annual income | Current annual yield |
|---|---|---|---|
| DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $282,100.26 | $4,767.49 | 1.69% |
| **Total cash and equivalents** | $282,100.26 | $4,767.49 | |

36

# Portfolio Activity

## Dividends and Interest

| Date | Activity | Description | Amount |
|---|---|---|---|
| 12/26/2001 | Dividend | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $366.73 |
| **Total dividends and interest** | | | $366.73 |

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amount |
|---|---|---|---|---|---|---|
| 12/05/2001 | Sold | Cash | 5,010 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | $1 | $5,010.00 |
| 12/13/2001 | Purchased | Sweep | 30,800 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 30,800.00 - |
| 12/14/2001 | Sold | Sweep | 1,000 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 1,000.00 |
| 12/14/2001 | Purchased | Cash | 0 | ***FOREIGN EXCHANGE YOU BOUGHT CANADIAN DOLLAR VS U.S. DOLLAR CONV RATE 0.67226440 | | 1,000.00 - |
| 12/18/2001 | Sold | Cash | 2,500 - | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 2,500.00 |
| 12/20/2001 | Purchased | Sweep | 4,602 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 4,602.00 - |

**Deutsche Banc Alex. Brown**

Statement of Account
December 1 to December 31, 2001
Account [redacted]

# Portfolio Activity continued

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amount |
|---|---|---|---|---|---|---|
| 12/26/2001 | Purchased | Sweep | 48 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 48.00 |
| 12/26/2001 | Fund reinvested | Cash | 366.73 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES MONTHLY DIVIDEND REINVESTED | 1 | 366.73 |
| 12/27/2001 | Purchased | Sweep | 323.08 | DEUTSCHE BANC ALEX. BROWN CASH RESERVE FUND, INC.- PRIME SERIES | 1 | 323.08 |
| 12/27/2001 | Sold | Cash | 0 | ***FOREIGN EXCHANGE YOU SOLD CANADIAN DOLLAR VS U.S. DOLLAR CONV RATE 0.54028600 | | 323.08 |
| **Net purchases and sales** | | | | | | $28,306.73 |

# Deposits

## Other Deposits

| Date posted | Description | Amount |
|---|---|---|
| 12/12/2001 | FUNDS RECEIVED SOCIETE GENERALE | $30,800.00 |
| 12/19/2001 | FUNDS RECEIVED BANKERS NYC | $4,602.00 |
| 12/24/2001 | FUNDS RECEIVED AS OF 12-21 | $48.00 |
| **Total other deposits** | | $35,450.00 |

# Withdrawals

# Portfolio Activity continued

## Other Withdrawals

| Date posted | Description | Amount |
|---|---|---|
| 12/05/2001 | FUNDS WIRED TO BANKERS TRUST COMPANY DEUTSCHE BK LONDON/F | $5,000.00 - |
| 12/05/2001 | WIRE FEE | 10.00 - |
| 12/18/2001 | TRF TO CF ADV XXXVII A/O 12/18/01 REDEMPT PYMT | 2,500.00 - |
| ɹtal other withdrawals | | $7,510.00 - |

# Market Indices

| Equities | Current | December 31, 2000 | Change year to date |
|---|---|---|---|
| Dow Jones Industrial Average | 10,021.50 | 10,786.85 | 7.1%- |
| NASDAQ Composite | 1,950.40 | 2,470.52 | 21.1%- |
| S & P 500 | 1,148.08 | 1,320.28 | 13.0%- |
| MSCI EAFE | 1,154.95 | 1,492.41 | 22.6%- |

| Fixed Income Securities | Current | December 31, 2000 |
|---|---|---|
| Long term treasury bond yield | 5.47% | 5.46% |
| Lehman Brothers Intermediate US Credit Index | 9.77% | 9.46% |

38

20

DEFENDANT'S EXHIBIT 10

# Deutsche Banc Alex. Brown
# Client Statement

DEUTSCHE BANC ALEX. BROWN INC.
P. O. BOX 1776
BALTIMORE MD 21203

CLENDENING/BRUBAKER
INVESTMENT REP # 182
200 CRESCENT COURT SUITE 500
DALLAS TX 75201-6959
(214) 740-7700 (800) 527-3903

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

## Portfolio Overview

Currency is CANADIAN DOLLARS

### Assets

| | Value as of December 31, 2001 | % of total assets |
|---|---|---|
| Cash | 889.53 | 100.0% |
| Money funds | 0.00 | 0.0 |
| Common stocks | 0.00 | 0.0 |
| Preferred stocks | 0.00 | 0.0 |
| Mutual funds | 0.00 | 0.0 |
| Government debt issues | 0.00 | 0.0 |
| Corporate debt issues | 0.00 | 0.0 |
| Municipal debt issues | 0.00 | 0.0 |
| Certificates of deposit | 0.00 | 0.0 |
| Options | 0.00 | 0.0 |
| Limited partnerships | 0.00 | 0.0 |
| Annuities | 0.00 | 0.0 |
| Other | 0.00 | 0.0 |
| **Total assets** | **889.53** | **100.0%** |

### Liabilities

| | Value as of December 31, 2001 | % of total assets |
|---|---|---|
| Cash debit | 0.00 | 0.0% |
| Margin debit | 0.00 | 0.0 |
| Short options | 0.00 | 0.0 |
| Other short securities | 0.00 | 0.0 |
| **Total liabilities** | **0.00** | **0.0%** |

| | |
|---|---|
| Net Value of Your Account | 889.53 |
| Net Value as of December 31, 2000 | 0.00 |

39

### Activity

| | This period |
|---|---|
| Net value of your account as of November 30 | 0.00 |
| Net cash activity | 0.00 |
| Net securities into/out of account | 0.00 |
| Net return on your portfolio | 889.53 |
| **Net value of your account as of December 31** | **889.53** |

### Income

| | This period | Year to date |
|---|---|---|
| Net income received | 0.00 | 0.00 |
| Current estimated annual income | 0.00 | |
| Current estimated annual yield | 0.00% | |

7-P

Statement of Account
December 1 to December 31, 2001
Accoun[redacted]

Deutsche Bank

Pa

**Deutsche Banc Alex. Brown**

Statement of Account
December 1 to December 31, 2001
Account [redacted]

# Cash Summary

Opening Cash Balance 0.00

| Income Summary | This period | Year to date |
|---|---|---|
| Taxable dividends | 0.00 | 0.00 |
| Taxable interest | 0.00 | 0.00 |
| Capital gains distributions received | 0.00 | 0.00 |
| Non-taxable dividends | 0.00 | 0.00 |
| 'lon-taxable interest | 0.00 | 0.00 |
| **Net income received** | **0.00** | **0.00** |

| Cash Activity | This period | Year to date |
|---|---|---|
| Deposits | 0.00 | 0.00 |
| Withdrawals | 0.00 | 0.00 |
| U.S. tax withheld | 0.00 | 0.00 |
| Non-resident tax withheld | 0.00 | 0.00 |
| Foreign taxes withheld | 0.00 | 0.00 |
| Interest charges on cash debit | 0.00 | 0.00 |
| Interest charges on margin debit | 0.00 | 0.00 |
| **Net cash activity** | **0.00** | **0.00** |

| Purchases and Sales | This period | Year to date |
|---|---|---|
| Total purchases | 597.98 - | 597.98 - |
| Total sales | 1,487.51 | 1,487.51 |
| Other money fund sales | 0.00 | 0.00 |
| **Net purchases/sales(incl. money funds)** | **889.53** | **889.53** |

| Other Activity | This period | Year to date |
|---|---|---|
| Bond redemptions | 0.00 | 0.00 |
| Other activity | 0.00 | 0.00 |
| **Net other activity** | **0.00** | **0.00** |

Closing Cash Balance 889.53

# Portfolio Summary

| Activity | This period | Year to date |
|---|---|---|
| Previous net account value | 0.00 | 0.00 |
| Net cash activity | 0.00 | 0.00 |
| Net securities into/out of account | 0.00 | 0.00 |
| **Adjusted previous account value** | **0.00** | **0.00** |
| Net change in market value | 889.53 | 889.53 |
| Net income received | 0 00 | 0.00 |
| **Net account value as of December 31, 2001** | **889.53** | **889.53** |
| Net return on portfolio | 889.53 | 889.53 |

# News and Information

This is the last monthly statement for 2001, but your tax calculations should be based on the Form 1099 that we will send you soon. Please see the enclosed disclosure statement. We wish you a happy and prosperous 2002. Thank you.

# Portfolio Holdings

Prices are provided by an independent pricing service. For current market price quotations, call your Investment Representative.

## Cash and Equivalents

| | Amount | Estimated annual income | Current annual yiel |
|---|---|---|---|
| NET CASH BALANCE | 889.53 | | |
| **Total cash and equivalents** | 889.53 | | |

# Portfolio Activity

## Purchases and Sales

| Settlement date | Activity | Type | Quantity | Description | Unit price | Amoun |
|---|---|---|---|---|---|---|
| 12/14/2001 | Sold | Cash | 0 | ***FOREIGN EXCHANGE<br>YOU BOUGHT CANADIAN DOLLAR<br>VS U.S. DOLLAR<br>CONV RATE 0.67226440 | | 1,487.5 |
| 12/27/2001 | Purchased | Cash | 0 | ***FOREIGN EXCHANGE<br>YOU SOLD CANADIAN DOLLAR<br>VS U.S. DOLLAR<br>CONV RATE 0.54028600 | | 597.9 |
| **Net purchases and sales** | | | | | | 889.5 |

# Market Indices

## Equities

| | Current | December 31, 2000 | Change year to date |
|---|---|---|---|
| Dow Jones Industrial Average | 10,021.50 | 10,786.85 | 7.1%- |
| NASDAQ Composite | 1,950.40 | 2,470.52 | 21.1%- |
| S & P 500 | 1,148.08 | 1,320.28 | 13.0%- |
| MSCI EAFE | 1,154.95 | 1,492.41 | 22.6%- |

## Fixed Income Securities

| | Current | December 31, 2000 |
|---|---|---|
| Long term treasury bond yield | 5.47% | 5.46% |
| Lehman Brothers Intermediate US Credit Index | 9.77% | 9.46% |

41

DEFENDANT'S EXHIBIT
11

23

**Deutsche Banc Alex. Brown**

Deutsche Banc Alex. Brown Inc.
P.O. BOX 1776, BALTIMORE, MD 21203 - (410) 727

HEREBY CONFIRM THE FOLLOWING TRANSACTION SUBJECT THE AGREEMENT ON THE REVERSE SIDE HEREOF.*

| QUANTITY | | RICE | |
|---|---|---|---|
| 0 | | | M8 C7 |

***FOREIGN EXCHANGE
YOU BOUGHT CANADIAN DOLLAR VS U.S. DOLLAR
CONV RATE 0.67226440

PRINCIPAL 1,000.00

NET AMOUNT 1,000.00

| PROCESS DATE | TRADE DATE | SETTLEMENT DATE | SYMBOL | CUSIP NUMBER | SECURITY NUMBER |
|---|---|---|---|---|---|
| 12/13/01 | 12/13/01 | 12/14/01 | | 001 | 9047524 |

ACCOUNT NO.: [redacted] IR: 182 TAX I.D. NUMBER: 48-1251013

FOR THE ACCOUNT OF:

US

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

IF CHECK OR SECURITIES DUE US, PLEASE FORWARD TO

Deutsche Banc Alex. Brown Inc.
200 CRESCENT COURT
SUITE 500
DALLAS TX 75201-6959

RETAIN FOR INCOME TAX PURPOSES.

Deutsche Bank

42

8-P

DEFENDANT'S EXHIBIT 12

Deutsche Banc Alex. Brown

Deutsche Banc Alex. Brown Inc.
P.O. BOX 1776, BALTIMORE, MD 21203 · (410) 727-1700

WE HEREBY CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE AGREEMENT ON THE REVERSE SIDE HEREOF.

| QUANTITY | PRICE | | | |
|---|---|---|---|---|
| 0 | | C$ | M8 | C7 |

***FOREIGN EXCHANGE
YOU BOUGHT CANADIAN DOLLAR VS U.S. DOLLAR
CONV RATE 0.67226440

PRINCIPAL 1,487.51

CAD

NET AMOUNT C$ 1,487.51

| PROCESS DATE | TRADE DATE | SETTLEMENT DATE | SYMBOL | CUSIP NUMBER | SECURITY NUMBER |
|---|---|---|---|---|---|
| 12/13/01 | 12/13/01 | 12/14/01 | | 001 | 9047524 |

ACCOUNT NO.: [redacted] IR: 182 TAX I.D. NUMBER: 48-1251013

FOR THE ACCOUNT OF:

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

IF CHECK OR SECURITIES DUE US, PLEASE FORWARD TO

Deutsche Banc Alex. Brown Inc.
200 CRESCENT COURT
SUITE 500
DALLAS TX 75201-6959

10-P

43

RETAIN FOR INCOME TAX PURPOSES.

Deutsche Bank

DEFENDANT'S EXHIBIT 13

26

**Deutsche Banc Alex. Brown**

Deutsche Banc Alex. Brown Inc.
P O BOX 1778, BALTIMORE, MD 21203 - (410) 727-1700

WE HEREBY CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE AGREEMENT ON THE REVERSE SIDE HEREOF.*

| QUANTITY | PRICE | | | |
|---|---|---|---|---|
| 0 | | C$ | M8 | C7 |

***FOREIGN EXCHANGE
YOU SOLD CANADIAN DOLLAR VS U.S. DOLLAR
CONV RATE 0.54028600

PRINCIPAL 597.98

CAD

NET AMOUNT C$ 597.98

| PROCESS DATE | TRADE DATE | SETTLEMENT DATE | SYMBOL | CUSIP NUMBER | SECURITY NUMBER |
|---|---|---|---|---|---|
| 12/24/01 | 12/24/01 | 12/27/01 | | 001 | 9047524 |

ACCOUNT NO.: [redacted] IR: 182 TAX I D. NUMBER: 48-1251013

FOR THE ACCOUNT OF:

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

IF CHECK OR SECURITIES DUE US, PLEASE FORWARD TO.

Deutsche Banc Alex. Brown Inc.
200 CRESCENT COURT
SUITE 500
DALLAS TX 75201-6959

11-P

44

RETAIN FOR INCOME TAX PURPOSES.

Deutsche Bank

DEFENDANT'S EXHIBIT 14

**Deutsche Banc Alex. Brown**

Deutsche Banc Alex. Brown Inc.
P O BOX 1776, BALTIMORE, MD 21203 • (410) 727-1700

WE HEREBY CONFIRM THE FOLLOWING TRANSACTION SUBJECT TO THE AGREEMENT ON THE REVERSE SIDE HEREOF.*

| QUANTITY | PRICE | |
|---|---|---|
| 0 | | M: 8 C: 7 |

***FOREIGN EXCHANGE
YOU SOLD CANADIAN DOLLAR VS U.S. DOLLAR
CONV RATE 0.54028600

PRINCIPAL 323.08

US

NET AMOUNT 323.08

| PROCESS DATE | TRADE DATE | SETTLEMENT DATE | SYMBOL | CUSIP NUMBER | SECURITY NUMBER |
|---|---|---|---|---|---|
| 12/24/01 | 12/24/01 | 12/27/01 | | 001 | 9047524 |

ACCOUNT NO.: [redacted] IR: 182 TAX I.D. NUMBER: 48-1251013

FOR THE ACCOUNT OF:

CLEARMEADOW INVESTMENTS LLC
ATTN MARK E HUTTON
2233 S WEST STREET
WITCHITA KS 67213-1113

IF CHECK OR SECURITIES DUE US, PLEASE FORWARD TO:

Deutsche Banc Alex. Brown Inc.
200 CRESCENT COURT
SUITE 500
DALLAS TX 75201-6959

9-P

RETAIN FOR INCOME TAX PURPOSES.

Deutsche Bank

**CLARION CAPITAL, LLC**
10 Bay Street
Westport, Connecticut 06880

Mark Hutton CF Advisors XXXVII, LLC

Please find attached a summary of transactions done in "Clearmeadow Investments, LLC?" for the calendar year 2001. You will find a listing of all transactions done and a cash summary for the partnership.

2001, was a year in the currency markets that was marked with uncertainty. For much of the first three quarters, the major currencies stayed in a fairly tight range waiting for some stimulus to cause a break-out. After the unfortunate events of September 11th, this uncertainty was augmented and the ranges established in most currencies were strengthened. We were left with markets that were 'volatile in a range', meaning extremely choppy but not breaking out. The only exception to this was the Japanese Yen which weakened materially in the last quarter of the year.

2002, has begun with a bias towards a stronger US Dollar. The feeling in the currency markets is that global uncertainty has once again established our currency as the safe haven in the world. Our effectiveness in handling the Afghanistan war, and our showing of strength militarily has underscored to the rest of the world our predominant position. However, there are issues to be considered before jumping on the dollar band-wagon:

1) US Equity market – are corporate earnings which are weak already going to be greatly eroded if current accounting practices are changed and corporations forced to show their real debt on the balance sheet.

2) Bush Administration – will W. be able to maintain the nation's focus on his agenda against terror.

3) Additional Terror – will there be further incidents against the US and its allies? I am not sure that the market really knows how to react to this type of uncertainty.

Thank you for using 'Clarion entity' as a part of your overall investment strategy. We appreciate your business and hope to be of service in the future.

Please call the following with any questions:

| | | |
|---|---|---|
| Daniel Brooks | Cynthia Soriano | Martin Gannon |
| Clarion Capital, LLC | Clarion Capital, LLC | Barron Gannon & Co. |
| (203) 341-8585 | Back Office | Accounting |
| | (212) 750-1774 | (203) 259-7876 |

DEFENDANT'S EXHIBIT 15A

Telephone: (203) 341-8585 Facsimile: (203) 341-8755

14-P

# CLARION CAPITAL, LLC

10 Bay Street, Westport, CT 06880
Tel: 203-3418585 Fax: 203-3418755

DEFENDANT'S EXHIBIT 15B

## Statement of Account
## As of 12/29/01

Clearmeadow Investments, LLC

| Trade Date | Description | EUR | USD | Amount | Balance |
|---|---|---|---|---|---|
| 10/1/2/01 | Beginning Cash Balance | | | | $ 287,500.00 |
| 10/22/2001 | CHF CALL/Strike price: 1.6590 (Exp. Dt. 11/22/01) | | | $ (2,500.00) | |
| 10/29/2001 | Sold CHF CALL | | | $ 3,122.00 | |
| 11/7/2001 | JPY PUT/Strike price: 121.1500 (Exp. Dt. 12/06/01) | | | $ (2,500.00) | |
| 11/16/2001 | Sold JPY PUT | | | $ 3,315.00 | |
| 11/21/2001 | CAD CALL/Strike price: 1.5985 (Exp. Dt. 12/06/01) | | | $ (2,500.00) | |
| | Trade Expired | | | $ - | |
| 11/21/2001 | GBP CALL/Strike price: 1.4190 (Exp. Dt. 12/06/01) | | | $ (2,500.00) | |
| | Trade Expired In The Money | | | $ 4,602.00 | |
| 10/15/2001 | Long Market Linked Deposit (MLD)/Strike price | | USD/JPY 124.65 | | |
| | Fixed Interest (3.665% annualized actual/360) | | USD 150,163 | | |
| | Deposit Amount | EUR 27,472,520 | USD 25,000,000 | | |
| | Premium Paid | EUR 2,747,252 | USD 2,500,000 | | |
| | Bonus Coupon (Variable Interest Income) | | USD 2,800,000 | | |
| 10/15/2001 | Short Market Linked Deposit (MLD)/Strike price | | USD/JPY 124.67 | | |
| | Fixed Interest (3.665% annualized actual/360) | | USD 150,163 | | |
| | Deposit Amount | EUR 27,472,520 | USD 25,000,000 | | |
| | Premium Received | EUR 2,717,033 | USD 2,472,500 | | |
| | Bonus Coupon (Variable Interest Expense) | | USD 2,769,200 | | |
| | Net Market Linked Deposit (Premium) | | | $ (27,500.00) | |
| 12/11/2/01 | Net Market Linked Deposit Variable Interest | | | $ 30,800.00 | |
| | Net cash from trading activity | | | | $ 4,339.00 |
| | Clarion Capital Fee | | | | $ (10,000.00) |
| | Dividend earned YTD | | | $ 1,015.89 | |
| | Tax Withholding | | | $ (37.71) | |
| | CAD/GATEX (Buy)/Sell | | | $ (676.92) | |
| | Wire fees | | | $ (40.00) | |



47

31

# CLARION CAPITAL, LLC

10 Bay Street, Westport, CT 06880
Tel: 203-3418585 Fax: 203-3418755

## Statement of Account
## As of 12/29/01

Clearmeadow Investments, LLC

| | |
|---|---|
| Net cash from other income/(expense) | $ 261.26 |
| Ending Cash Balance as of 12/29/01 | $ 282,100.26 |

48

SG

October 15, 2001

| | | | |
|---|---|---|---|
| To: | CLEARMEADOW INVESTMENTS, LLC | From: | Liliana Gowdie / IRD Dept. |
| Attn: | Mr. Jason Saffran, Camley & Sedacca | Tel: | 212-278-7145 |
| Fax: | 214-722-1713 | Fax: | 212-278-7650 |

Re: SG NY Ref # 200101714

CONFIRMATION FOR CURRENCY LINKED DEPOSIT SWAP

The purpose of this instrument (this "Confirmation") is to confirm the terms and conditions of the Transactions entered into between us on the Trade Date specified below.

The definitions and provisions contained in the 2000 ISDA Definitions as published by the International Swaps and Derivatives Association, Inc. (the "Swap Definitions") and in the 1998 FX and Currency Option Definitions, as published by the International Swaps and Derivatives Association, Inc., the Emerging Markets Traders Association and the Foreign Exchange Committee (the "1998 Definitions," and together with the Swap Definitions, the "Definitions") are incorporated into this Confirmation. In the event of any inconsistency between the Swap Definitions and the 1998 Definitions, the 1998 Definitions will govern. In the event of any inconsistency between the Definitions and this Confirmation, this Confirmation will govern.

a) This Confirmation evidences a complete and binding agreement between you and us as to the terms of the Transactions to which this Confirmation relates. In addition, if we have not already done so, you and we agree to use all reasonable efforts to negotiate, execute and deliver an agreement in the form of the ISDA Master Agreement (Multicurrency-Cross Border), including the Schedule thereto that forms a part thereof (the "ISDA Form"), except that Subparagraph (ii) of Section 2(c) thereof will not apply and with such other modifications as you and we will in good faith agree. Upon the execution by you and us of such an agreement, this Confirmation will supplement, form part of, and be subject to that agreement. All provisions contained in or incorporated by reference in that agreement upon its execution will govern this Confirmation except as expressly modified below. Until you and we execute and deliver that agreement, this Confirmation, together with all other documents referring to the ISDA Form (each a "Confirmation") confirming transactions (each a "Transaction") entered into between us (notwithstanding anything to the contrary in a Confirmation), shall supplement, form a part of, and be subject to, an agreement in the form of the ISDA Form as if you and we had executed an agreement in such form (but without any Schedule except for the election of "law" as the governing law and US Dollars as the Termination Currency) on the Trade Date of the Transactions confirmed hereby. In the event of any inconsistency between the provisions of that agreement and this Confirmation, this Confirmation will prevail for the purpose of these Transactions.

In the event that Deposit Recipient shall not have received a complete, duly executed ISDA Form from the Depositor no later than seven (7) Business Days after the Trade Date, Deposit Recipient shall have the right in its discretion, but shall not be required, to terminate any Transaction under this Confirmation.

17-P

1

Société Générale
1221 Avenue of the Americas
New York NY 10020
tel 212 278 6000

DEFENDANT'S EXHIBIT 16

b) i) The following terms form a part of the currency-linked deposit swap Transaction confirmed hereby:

| | |
|---|---|
| Reference: | 200101714 |
| Trade Date: | October 15, 2001 |
| Depositor: | CLEARMEADOW INVESTMENTS, LLC |
| Deposit Recipient: | Societe Generale, NY |
| Deposit Amount: | EUR 27,472,520 |
| Deposit Settlement Amount: | EUR 27,472,520 |
| Fixed Deposit Rate: | 3.6650 % |
| Premium Deposit Rate: | EUR 4,395,604 (16% Absolute) |
| Day Count Fraction: | 30/360 |
| Date of Deposit: | October 16, 2001 |
| Maturity Date: | December 14, 2001 |
| Expiration Time: | 10:00 am New York |
| Expiration Date: | December 14, 2001 |
| Settlement Date: | December 18, 2001 |
| Premium: | EUR 2,747,252 |
| Premium Payment Date: | October 16, 2001 |
| Reference Exchange Rate: | USD/JPY |
| Threshold Rate: | USD/JPY 124.65 |

ii) Other applicable terms are as follows:

| | |
|---|---|
| Business Day Convention: | Following Banking Day: |
| Calculation Agent: | Societe Generale, New York Branch |
| Address for notice to the Depositor: | CLEARMEADOW INVESTMENTS, LLC<br>2233 South West Street<br>Wichita, Kansas 67213 |

Address for notice to the Deposit Recipient: Societe Generale, New York Branch

1221 Avenue of the Americas

New York NY 10020

c. The following terms form a part of the initial spot currency exchange Transaction confirmed hereby:

| | |
|---|---|
| Reference: | |
| Trade Date: | October 15, 2001 |
| Settlement Date: | October 16, 2001 |
| Spot Seller: | CLEARMEADOW INVESTMENTS, LLC |
| Spot Purchaser: | Societe Generale, New York Branch |
| Currency Sold: | USD 27,500.00 |
| Currency Paid: | EUR 30,219.78 |
| Spot Exchange Rate: | 0.9100 |

d. On the Expiration Date the Deposit Recipient will convert the Euro amount payable pursuant to Section 3.a to United States Dollars at the then spot exchange rate for such currencies in the Spot Market and will pay such Dollars to the Depositor on the Settlement Date at the account specified for the Depositor in the ISDA Master Agreement between the parties.

e) i) On the Maturity Date, the Deposit Recipient shall pay to the Depositor an amount equal to the sum of (I) the Deposit Settlement Amount, plus (ii) the Fixed Yield, plus (iii) the Premium Yield, if any.

ii) "Fixed Yield" means interest on the Deposit Amount from the Date of Deposit to the Maturity Date calculated at the Deposit Interest Rate on the basis of the Day Count Fraction.

iii) "Premium Yield", if any, means an amount equal to the product of the Premium Deposit Rate (flat) and the Deposit Amount. If, at the Expiration Time on the Expiration Date, the Reference Exchange Rate on the Spot Market is equal to or greater than the Threshold Rate, on the Settlement Date the Deposit Recipient shall pay to the Depositor the Premium Yield.

iv) If, at the Expiration Time on the Expiration Date, the Reference Exchange Rate is less than the Threshold Rate: no payment of the Premium Yield shall be due; no other payment or indemnity shall be due by either party to the other as a result

of such Reference Exchange Rate; and the Premium shall be retained by the Deposit Recipient.

v) For the purposes of this Section 3:

"Spot Market" means the global spot foreign exchange market between banks (independent of the Calculation Agent) and/or brokers, including spot foreign exchange transactions concluded via electronic dealing systems, and which shall be deemed to be open continuously any week from Monday 5:00 a.m. Sydney time to Friday 6:00 p.m. New York time.

"Depositor Business Day" means any day which is a Banking Day in the place where the Address of the Depositor is located.

d) Each party represents to the other party that (a) except as provided in the ISDA Form, it does not rely on any representation (whether written or oral) whatsoever made by such other party with respect to the Transaction confirmed hereby, (b) it has the knowledge and sophistication to independently appraise and understand the financial, legal and tax terms, conditions and risks of this Transaction, (c) it is not relying on any information or communication (written or oral) from the other party as investment advice or a recommendation, and it acknowledges that the other party has not provided any investment advice or recommendation to enter this Transaction or any assurance as to the expected results of this Transaction, (d) to the extent necessary it has consulted its own independent legal, financial, tax and other advisors and has determined that this Transaction is appropriate for it and made the decision to enter into this Transaction upon its own judgment and the advice of such advisors, and (e) the other party is not acting as a fiduciary for or adviser to it.

5. CLEARMEADOW INVESTMENTS, LLC represents to Societe Generale that CLEARMEADOW INVESTMENTS, LLC does not receive deposits of monies from third parties and is not engaged in the business of receiving deposits of monies from third parties

6. Notwithstanding Section 7 of the ISDA Form, this Confirmation, together with the completed ISDA Form, may, pursuant to a duly executed Assignment and Acceptance Agreement in the form of Exhibit A to the Schedule that forms a part of the signed ISDA Form, be assigned by Depositor to a single corporation, limited liability company, partnership or other entity that is majority-owned and controlled by Depositor, but such assignee shall be subject to such Section 7.

7. CLEARMEADOW INVESTMENTS, LLC agrees that in the event CLEARMEADOW INVESTMENTS, LLC is in default under any other agreement between it and Societe Generale, New York, Societe Generale, New York will have the right to set-off, counterclaim or withhold payment in respect of any payment due hereunder by Societe Generale, New York against any unpaid indebtedness of CLEARMEADOW INVESTMENTS, LLC under such other agreement.

Please confirm that the foregoing correctly sets forth the terms of our agreement by executing the copy of this Confirmation enclosed for that purpose and returning it to us at the address first appearing above.

Yours sincerely,

SOCIETE GENERALE, NEW YORK BRANCH

By: ______________________
Name: Glenn Rosenberg
Title: Vice President

By: ______________________
Name: Liliana Gowdie
Title: Specialist

Confirmed and agreed as of the date first
Above written:

CLEARMEADOW INVESTMENTS, LLC

By: ______________________
Name: MARK HUTTON
Title: