88. Deutsche Bank knew or should have known that the other Defendants were acting as unregistered promoters of tax shelters and concealed that fact and its implications from Mark Hutton and other customers in order to obtain large fees from them.

89. Deutsche Bank induced and participated in these fiduciary breaches by providing the facilities for and acting as the counterparty in the currency options transactions, by providing substantial assistance to and playing a substantial role in the Defendants' arrangement, and by remaining silent and failing to inform Plaintiffs that the ML deposit transaction would not provide Plaintiffs with legitimate tax losses, or with any reasonable prospect of profits, which Deutsche Bank knew was an expectation that Plaintiffs had.

90. As a proximate cause of the foregoing, Plaintiffs have been injured in an amount to be proved, and should be awarded punitive damage.

**COUNT V**
**(Fraud - Against All Defendants)**

91. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

92. Each Defendant is liable for the misrepresentations and omissions made by each of the other Defendants as a principal and co-conspirator.

93. In order to induce Mark Hutton to pay them in excess of $250,000 in fees, Defendants made numerous knowingly and false affirmative representations and intentional omissions of material fact to Mark Hutton, as set forth, supra, and including (1) stating that the so-called ML deposit transaction, under which a taxpayer/client simultaneously purchases and sells ML deposits, contributes them to a partnership, and takes various other steps as set forth above, entitles the taxpayer/client to include the cost

365F

of the long options purchased in his basis for calculating capital losses while ignoring the premiums received for the short options, thus offsetting capital gains realized in unrelated transactions; (2) failing to disclose that the ML deposit transaction was not legitimate and that existing published authority, including Notices published by the IRS and court decisions, meant that purported losses arising from such transactions as the ML deposit transaction and other Son of Boss-like transactions were not properly allowable for tax purposes; (3) failing to disclose that if Mark Hutton filed tax returns claiming losses based on the ML deposit transaction, he would be liable for penalties and interest and that the "Opinion Letters" provided by the Defendants would not protect Mark Hutton from penalties, (4) failing to promptly advise Mark Hutton to amend his returns, (5) making and endorsing the statements contained m the Opinion Letters signed by Cantley & Sedaca, Jenkens & Gilchrist and Brown & Wood; (6) making and endorsing the statements contained in their oral advice and the 2001 tax returns prepared in accordance with their Opinion Letters; (8) Defendants' statements that there was a reasonable prospect that Mark Hutton would earn a profit on the ML deposit transaction; and/or (9) failing to disclose that Deutsche Bank controlled whether a profit would be earned and the amount of any profit.

94. The above affirmative representations and omissions made by each Defendant were false, misleading, and material when made or omitted and said Defendants knew these representations and omissions to be false, misleading, and material when made or omitted with the intention that Mark Hutton would rely upon them in entering into the ML deposit transaction and pay them in excess of $250,000 in fees.

365G

promptly amend said returns, and failed to avail themselves of legitimate tax savings opportunities and deductions.

103. As a proximate cause of the foregoing, Mark Hutton has been injured in an amount to be proved but believed to be at least $750,000, and should be awarded punitive damages of $100 million.

**COUNT VII**
**(Civil Conspiracy**
**-Against All Defendants)**

104. Plaintiffs incorporate the preceding paragraphs as if fully set forth herein.

~~105. As described more fully herein, the defendants knowingly acted in concert~~ to market and implement the fraudulent and illegal ML deposit transaction and other Son of Boss tax shelter transaction. In doing so, the defendants acted with full knowledge and awareness that the transaction was designed to give the false impression that a complex series of financial transactions were legitimate business transactions which had economic substance from an investment standpoint when in fact they lacked those features (which was necessary for successful tax strategy).

106. The defendants acted in their respective roles as described above according to a predetermined and commonly understood accepted plan of action (i.e. the Defendants' arrangement), all for the purposes of obtaining professional fees from plaintiffs and class members.

107. The acts of defendants were contrary to numerous provisions of law, as stated above.

123. Further, since the Defendants and Cantely & Sedeca did not disclose information that they were required to disclose, such as that they were promoting the ML deposit transaction and other Son of Boss-like transactions, they had a significant pecuniary interest in the ML deposit transaction and other Son of Boss-like transactions, that there was a significant risk that their role in promoting the ML deposit transaction and other Son of Boss-like transactions would extinguish any attorney-client privilege, and that their representation of Mark Hutton and their arrangement with the other Defendants violated the applicable rules of professional conduct and standard of care, the fee agreement with Mark Hutton is not enforceable.

124. The Defendants have been unjustly enriched by the collection of fees from Mark Hutton in that they benefited, at Plaintiffs' expense, by collecting fees that were excessive, unreasonable and improper. Equity and good conscience demand the return of those fees.

125. Accordingly, Plaintiffs are entitled to rescind the agreement to pay fees and are entitled to restitution or recoupment of that amount from the Defendants who must disgorge those fees to Mark Hutton.

126. Deutsche Bank never disclosed that it and the other Defendants were promoting the ML deposit transaction and other Son of Boss-like transactions, that the fees it would earn were charged on transactions that were structured in a way to provide Deutsche Bank with discretion as to whether a profit would be earned, that Deutsche Bank had a conflict of interest in exercising that discretion and that it would and did exercise that discretion so that a profit was not earned. Irrespective of the services

Deutsch Bank rendered, the fees it received were excessive since any chance for profit was controlled by the bank which acted to prevent any profit from being earned.

127. The fees charged by Deutsche Bank were invalid and unreasonable and Mark Hutton is entitled to rescission of their agreement to pay those fees.

128. Deutsche Bank was unjustly enriched by their receipt of the fees paid by Mark Hutton.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs and the Class state that they have been damaged, for which damage they demand judgment in their favor and against Defendants and pray for an Order of the Court ordering the action be maintained as a class action under Fed.R.Civ.P. 23, and the following class be certified:

> "All persons in the United States, who purchased from defendants sham tax shelters such as ML deposit, Son of Boss, OPS, BOSS, BLIPS, MIDCO, FLIPS, OPIS, TRACT, IDV, CARDS, COBRA, and other similar Son of Boss tax shelters during the years 1997, 1998, 1999, 2000, 2001, 2002, and 2003.

Plaintiffs and the Class demand judgment awarding Plaintiffs and the Class:

A. On the first claim (violations of state Deceptive Trade Practices Act), damages in an amount to be proved, but believed to be at least $750,000, plus other such damages recognizable under the state Deceptive Trade Practices Act;

B. On the Second Claim (RICO), damages in an amount to be proved, but believed to be at least $750,000, trebled to at least $2,250,000 plus attorneys' fees and costs; an injunction enjoining Defendants from (1) engaging in the same types of conduct or endeavor alleged herein; (2) devising, offering, and soliciting clients for, or promoting,

tax shelters; (3) preparing tax returns involving tax shelters, (4) providing legal advice regarding tax shelters, (5) soliciting clients for, referring clients to, or engaging in marketing or business development programs, with each other; (6) sharing fees or income with each other; (7) committing any acts of mail fraud or wire fraud; and (8) violating the RICO laws; and an order (a) requiring Defendants to divest themselves of any interest, direct or indirect, in the Enterprise, and (b) dissolving the Enterprise.

C. On the Third Claim (Breach of Fiduciary Duty), damages in an amount to be proved, but believed to be at least $750,000, plus punitive damages in the amount of $100,000,000.

C. On the Fourth Claim (Inducing Breach of Fiduciary Duty), damages in an amount to be proved, but believed to be at least $750,000 plus punitive damages equal to $100,000,000.

D. On the Fifth Claim (Fraud), damages in an amount to be proved, but believed to be at least $750,000, plus punitive damages in the amount of $100,000,000.

E. On the Sixth Claim (Negligent Misrepresentation), damages in an amount to be proved, but believed to be at least $750,000.

F. On the Seventh Claim (Conspiracy), damages in an amount to be proved, but believed to be at least $750,000.

G. On the Eighth Claim (Declaratory Judgment), a declaration that (1) Defendants are liable to Plaintiffs for any and all taxes, interest, and penalties assessed in the past or future against them by the IRS and/or state tax authorities resulting from Plaintiffs' participation in the ML deposit transactions, for the money that Plaintiffs lost on the actual ML deposit transactions, for all professional fees incurred by Plaintiffs in

the past or the future to rectify Defendants' wrongdoing, such amounts to be trebled under RICO.

H. On the Ninth Claim (Unethical, Excessive and Illegal Fees), disgorgement by the Defendants of their fees in the amount of $250,000, plus attorneys' fees, costs, disbursements, interest, and such other and further relief as the Court may deem just and proper.

I. Such additional relief as the Court finds just and proper in the premises.

**JURY DEMAND**

~~Plaintiffs, through counsel, hereby demand trial by jury.~~

**DESIGNATION OF PLACE OF TRIAL**

The trial of this matter will take place in Kansas City, Kansas.

Respectfully submitted,

BY:

STEPHEN M. GORNY KS #16984
Bartimus, Frickleton, Robertson & Gorny, P.C.
11150 Overbrook Road, Suite 200
Leawood, KS 66211
(913) 266-2300 (tel)
(913) 266-2366 (fax)

and

Jeffrey J. Lowe
Francis J. "Casey" Flynn
JEFFREY J. LOWE, PC
8235 Forsyth, Suite 1100
St. Louis, Missouri 63105
(314) 678-3400
Fax: (314) 678-3401

ATTORNEYS FOR PLAINTIFF

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL LING, ET AL.,

Plaintiffs,

- against -

DEUTSCHE BANK, AG, ET AL.,

Defendants.

04 CV 4566 (HB)

OPINION & ORDER

Hon. HAROLD BAER, JR., District Judge:

This civil action has been brought before this Court on several Defendants' motions to dismiss Plaintiffs' Second Amended Class Action Complaint ("Complaint"). For the reasons set forth below, Plaintiffs' Complaint is dismissed without prejudice and with leave to file a Third Amended Complaint.

## I. BACKGROUND

Plaintiffs brought this case against Defendants alleging that the Plaintiffs were defrauded through the marketing and sale of tax advice. The facts below are drawn from the allegations in the Second Amended Class Complaint and are presumed to be true for purposes of this motion to dismiss.

The tax strategy at the source of this lawsuit involved the purchase and sale of options of foreign currency where the option positions were transferred into a limited liability company (LLC), which is treated like a partnership for tax purposes. As a result, the taxpayer would claim that the basis of the taxpayer's partnership interest was increased by the cost of the purchased options, but was not reduced by the taxpayer's obligation with regard to the options written. These transactions were referred to as Market-Linked Deposits ("MLDs") or FX Contracts. The Internal Revenue Service ("IRS") published Notice 2000-44 on August 11, 2000 entitled "Tax Avoidance Using Artificially High



DEFENDANT'S EXHIBIT 38

Basis." This notice made clear that any tax strategy that created an artificially high basis, with no economic substance or business purpose other than to avoid taxes, was illegal. Generally, Plaintiffs contend that the Defendants knew or should have known that as a result of this Notice, that the tax strategy engaged here would also be verboten.

The MLD tax strategy is alleged to be a variation on the strategy denounced in the IRS Notice 2000-44. Plaintiffs initiated this strategy in the summer of 2001. The transaction worked as follows: First the individual Plaintiffs would each open accounts with Deutsche Bank and deposit an amount of cash for the purpose of purchasing long and short MLD positions. The LLC included the Individual Plaintiffs and another entity created solely for the MLD transaction (made up of the Clarion Defendants).[1] The Defendant banks formed an LLC on behalf of the individual Plaintiffs and an S Corporation to complete the transaction. LLCs and S Corporations are treated like partnerships for tax purposes and income is taxed at the shareholder level rather than at the corporate level. Only corporations with a limited number of shareholders can elect S Corporation status under Subchapter S of the Internal Revenue Code.

Second, the individual Plaintiffs would each enter into MLD or FX Contract with Deutsche Bank or Societe Generale to purchase and sell a long and a short MLD position in almost identical amounts with different (but narrow) strike prices, each to expire in 60-90 days. The long MLD included an identical deposit to the deposit included in the short MLD position. The cost of the long MLD position was largely, if not entirely, offset by the amount received by the individual Plaintiffs for the short MLD position. Both long and short positions would be contributed to the LLC formed for the purpose of creating the basis necessary for the transaction to have the desired capital loss. The individual Plaintiffs' basis would be increased by the amount paid for the long MLD position but it would not be decreased by the short MLD position. The expectation was that these options would expire "out of the money" thus creating a capital loss which could then be setoff against capital gains on the participants' tax return as spelled out below. The tax strategy worked so that

[1] The Clarion Defendants include Clarion Global Derivatives LXXXV, LLC, Clarion Global Derivatives XXXV, LLC, Clarion Global Derivatives V, LLC, Clarion Capital, LLC, Clarion Capital Corporation, Clarion Capital Holdings, LLC, Clarion Capital Partners, LLC, Clarion Forex Advisors, XXXV, LLC, Daniel Brooks, Jr., Clarion Global Derivatives XV, LLC, Clarion Global Advisors X, LLC, Clarion Global Advisors V, LLC.

the individual Plaintiffs would also make a capital contribution that consisted of "cash or other capital assets" to the LLC, although it does not specify what is meant by "capital assets." Complaint at ¶ 240(d). "If cash was contributed, it would then be used to purchase capital or ordinary assets (depending on whether a capital or ordinary loss was being "created")." Id.

Plaintiffs contend that all of the class members entered into similarly structured MLDs and that they did so during the Class Period. The only structural difference appears to be that not all of the individual Plaintiffs used S Corporations in the transaction. In most cases, and as expected, the options expired "out of the money" meaning there would be no advantage to exercising the option because it would cause a loss not a gain. In the Complaint, Plaintiffs allege that they were defrauded through the marketing and sale of this tax advice, which the Defendants knew or should have known the IRS would find to have lacked the economic substance necessary for the transaction to work. Plaintiffs also allege that the Defendants charged excessive and unconscionable fees for the transactions and advice, improperly agreed to split fees between lawyers and non-lawyers, and failed to disclose that the opinion letters about the feasibility of the strategy received from various law firms were not "independent" but were actually part of the group promoting the transactions.

Plaintiffs suit alleges that Defendants violated the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1962, and are liable for treble damages and other relief arising from breach of contract and the duty of good faith and fair dealing, fraud, negligent misrepresentation, breach of fiduciary duty, "unethical, excessive, and illegal fees," and unjust enrichment. Complaint at §XVII. Defendants have filed seven separate motions to dismiss. For purposes of this opinion, the Court has considered these motions collectively. Because Plaintiffs' RICO claims cannot be maintained if they could be pled as securities fraud claims pursuant to the Private Securities Litigation Act ("PSLRA") for the reasons discussed below, the Court only addresses the RICO allegations.

ELECTRONICALLY FILED
DOC #:
DATE FILED: 2/2/07

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL LING, et al. | § | |
| | § | |
| PLAINTIFFS, | § | |
| | § | |
| v. | § | NO. 04 CV 04566 (HB) |
| | § | |
| | § | |
| CANTLEY & SEDACCA, L.L.P., et al. | § | |
| | § | |
| DEFENDANTS. | § | |

**ORDER APPROVING PROPOSED NOTICE AND PROOF OF CLAIM**

Upon consideration of Class Counsel's proposed Notice and Proof of Claim which were submitted to the Court by a letter dated January 16, 2007, and to which no objection has been made, the Court is of the opinion that same should be **APPROVED**.

**IT IS THEREFORE ORDERED** that the attached Notice and Proof of Claim are **APPROVED**.

**IT IS FURTHER ORDERED** that the settlement funds shall be distributed to the qualifying Class Members according to the attached Notice and Proof of Claim.

DATED: Feb 2, 2007.

HONORABLE HAROLD BAER, JR.
UNITED STATES DISTRICT JUDGE

DEFENDANT'S EXHIBIT 39

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| MICHAEL LING, et al. | § | |
| PLAINTIFFS, | § | |
| | § | |
| | § | |
| v. | § | NO. 04 CV 04566 (HB) |
| | § | |
| | § | |
| CANTLEY & SEDACCA, L.L.P., et al. | § | |
| | § | |
| DEFENDANTS. | § | |

NOTICE

TO: ALL PERSONS WHO, FROM JANUARY 1, 1999, THROUGH DECEMBER 31, 2003, INCLUSIVE, EITHER (1) CONSULTED WITH, RELIED UPON, OR RECEIVED ORAL OR WRITTEN OPINIONS OR ADVICE, INCLUDING THE PREPARATION OF LEGAL OR TRANSACTION DOCUMENTS, FROM CANTLEY & SEDACCA, L.L.P., EDWARD SEDACCA OR ANY OTHER CANTLEY & SEDACCA, L.L.P. ATTORNEY CONCERNING CERTAIN TAX STRATEGIES NOW SUBJECT TO INTERNAL REVENUE SERVICE CRITICISM AND WHO IN WHOLE OR IN PART IMPLEMENTED, DIRECTLY OR INDIRECTLY, ANY ONE OR MORE OF SUCH TAX STRATEGIES OR (2) FILED WITH A PERSON DESCRIBED IN (1) A JOINT TAX RETURN FOR THE YEAR(S) IN WHICH SUCH TAX STRATEGY WAS IMPLEMENTED, AND (3) THE LEGAL REPRESENTATIVES, HEIRS, SUCCESSORS, AND ASSIGNS OF ALL PERSONS DESCRIBED IN (1) AND (2). THE "CLASS" INCLUDES, WITHOUT LIMITATION, THE INDIVIDUALS, PARTNERSHIPS, LIMITED LIABILITY COMPANIES, TRUSTS, CORPORATIONS AND OTHER LEGAL ENTITIES THAT CANTLEY & SEDECCA, L.L.P. OR EDWARD SEDECCA OR ANY OTHER CANTLEY & SEDACC, L.L.P. ATTORNEY ADVISED CONCERNING, THAT WERE FORMED IN CONNECTION WITH, OR THAT ENGAGED OR WERE UTILIZED IN ANY ONE OR MORE OF THE TAX STRATEGIES.

YOU ARE HEREBY NOTIFIED that the United States District Court for the Southern District of New York, in *Michael Ling, et al. on their own behalf and on behalf of all others similarly situated v. Deutsche Bank, AG, et al.*, Case No. 04-CV-04566 signed the final Order regarding the Settlement on ________________, and the Settlement is now final.

The Settlement is for an aggregate amount of $4,599,000.00. The Court determined that attorneys fees were $781,830.00 and expenses were $77,782.50, which leaves $3,739,387.50 for distribution to Class Members. If you wish to participate in this Settlement, please complete and return the attached proof of claim form within 30 days. You qualify for distribution if you either (i) filed a qualified amended return or (ii) were audited by the IRS or a state taxing authority and were adversely affected as a result.

The distribution to Class Member will be based on the size of the tax strategy entered into by the Class Member. Specifically, each Class Member's percentage of the total distribution will be calculated by dividing the size of the respective Class Member's tax strategy by the aggregate sum of all of the tax strategies entered into by all of the Class Members. This percentage will be multiplied by $3,739,387.50 (total distribution to the Class) to calculate the Class Member's actual distribution.

Cantley and Sedacca's counsel has provided a spreadsheet which sets forth the size of each Class Member's tax strategy and that amount has been filled in on the attached claim form. If you dispute the size of the tax strategy set forth in the attached proof of claim, please fill in the amount that you believe to be the actual size of the tax strategy and return the proof of claim with supporting documentation.

Counsel for the Class:

David R. Deary
ddeary@dmdclegal.com
W. Ralph Canada, Jr.
rcanada@dmdclegal.com
Jeven R. Sloan
jsloan@dmdclegal.com
J. Dylan Snapp
dsnapp@dmdclegal.com
Deary Montgomery DeFeo & Canada, L.L.P.
Chateau Plaza, Suite 1565
2515 McKinney Avenue
Dallas, Texas 75201
(800) 497-6444 (toll free)
(214) 360-9622
(214) 739-3879(fax)

Counsel for Cantley & Sedacca:

Stephen C. Rasch
Thompson & Knight L.L.P.
1700 Pacific Avenue, Suite 3300
Dallas, Texas 75201
(214) 969-1700
(214) 969-1751 (fax)

You may contact your own lawyer or Counsel for the Class about this Settlement. **PLEASE DO NOT CONTACT THE COURT OR THE CLERK'S OFFICE REGARDING THIS NOTICE. ALSO DO NOT CONTACT CANTLEY & SEDACCA OR ITS COUNSEL REGARDING THIS NOTICE.**

DATED: JANUARY ____, 2007

# PROOF OF CLAIM

**Name:** ______________________________

**Address:** ______________________________

______________________________

______________________________

Size of the tax strategy (ie., loss generated or basis created according to Cantley & Sedacca records): $______________________

If you dispute the size provided above, please indicate the amount that you believe is correct (and provide copies of supporting documents, such as a tax return or transactional documents): $______________________

Did you file a qualified amended return with the IRS?

_____Yes _____No

If yes, please attach a copy.

Were you audited by the IRS or a state taxing authority as a result of the tax strategy?

_____Yes _____No

If yes, please attach copies of supporting documents evidencing the audit and the result thereof (such as a closing agreement).

Before me personally appeared, ________________, being first duly sworn upon his oath and states that the facts contained in the foregoing instrument are true and correct to the best of his knowledge, information and belief.

IN TESTIMONY WHEREOF, I have hereunto set my hand and seal this ______ day of ____________, 2007.

______________________________
NOTARY PUBLIC

My Commission Expires:

______________________

Representative Exchange Rates for Selected Currencies for December 2001

| Currency | 3-Dec-01 | 4-Dec-01 | 5-Dec-01 | 6-Dec-01 | 7-Dec-01 | 10-Dec-01 | 11-Dec-01 | 12-Dec-01 | 13-Dec-01 | 14-Dec-01 | 17-Dec-01 |
|---|---|---|---|---|---|---|---|---|---|---|---|
| Euro(1) | 0.8925 | 0.8902 | 0.8919 | 0.8889 | 0.8911 | 0.885 | 0.8908 | 0.8938 | 0.8975 | 0.9016 | 0.9049 |
| Japanese Yen | 123.7 | 124.25 | 124.2 | 124.7 | 124.93 | 125.75 | 125.95 | 125.88 | 126.1 | 127.35 | 127.8 |
| U.K. Pound Sterling(1 | 1.4212 | 1.4234 | 1.4228 | 1.4158 | 1.4269 | 1.4304 | 1.4327 | 1.4424 | 1.4451 | 1.4521 | 1.458 |
| U.S. Dollar | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Argentine Peso | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 |
| Australian Dollar(1) | 0.5216 | 0.516 | 0.5147 | 0.517 | NA | 0.5158 | 0.5147 | 0.5188 | 0.5195 | 0.518 | 0.5179 |
| Bahrain Dinar | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 |
| Botswana Pula(1) | 0.1523 | 0.1523 | 0.14875 | 0.1471 | 0.148 | 0.1468 | 0.1469 | 0.14635 | 0.1444 | 0.13915 | 0.14105 |
| Brazilian Real | 2.5279 | 2.4664 | 2.4281 | 2.4298 | 2.4427 | 2.3997 | 2.3571 | 2.3409 | 2.3543 | 2.3839 | 2.3832 |
| Brunei Dollar | 1.8335 | 1.8362 | 1.8367 | 1.8324 | 1.8306 | 1.8327 | 1.8302 | 1.8309 | 1.8313 | 1.832 | NA |
| Canadian Dollar | 1.576 | 1.5723 | 1.5714 | 1.5767 | 1.5724 | 1.5783 | 1.5778 | 1.5654 | 1.5677 | 1.5633 | 1.5646 |
| Chilean Peso | 543.3 | 543.48 | 543.55 | 544.02 | 544.02 | 544.51 | 544.34 | 544.34 | 543.96 | 543.99 | 543.88 |
| Chinese Yuan | 8.277 | 8.2771 | 8.2772 | 8.2773 | 8.2772 | 8.277 | 8.2768 | 8.2768 | 8.2767 | 8.2768 | 8.2769 |
| Colombian Peso | NA | 2,304.13 | 2,314.76 | 2,315.36 | 2,314.89 | 2,310.90 | 2,308.41 | 2,306.56 | 2,307.12 | 2,312.00 | 2,318.67 |
| Cyprus Pound(1) | 1.55655 | 1.5502 | 1.554 | 1.5418 | 1.5514 | 1.545 | 1.5508 | 1.55515 | 1.56165 | 1.56635 | 1.5773 |
| Czech Koruna | 37.069 | 37.137 | 37.024 | 37.156 | 36.96 | 37.074 | 36.841 | 36.608 | 36.331 | 36.191 | 35.569 |
| Danish Krone | 8.3322 | 8.3535 | 8.3463 | 8.3873 | 8.3456 | 8.372 | 8.3426 | 8.3332 | 8.2979 | 8.2613 | 8.2161 |
| Hungarian Forint | 280.58 | 280.04 | 279.18 | 280.43 | 279.22 | 281.52 | 279.97 | 276 | 275.66 | 273.08 | 271.49 |
| Icelandic Krona | 106.74 | 107.3 | 108.31 | NA | NA | 107.91 | 107 | 106.02 | 103.99 | NA | NA |
| Indian Rupee | 47.93 | 47.94 | 47.91 | 47.91 | 47.84 | 47.82 | 47.82 | 47.81 | 47.88 | 47.87 | NA |
| Indonesian Rupiah | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Iranian Rial | 1,751.23 | 1,753.54 | 1,752.93 | 1,757.29 | 1,753.67 | 1,755.64 | 1,750.98 | 1,748.66 | 1,751.20 | 1,749.02 | 1,750.42 |
| Israeli New Sheqel | 4.241 | 4.251 | 4.236 | 4.224 | 4.225 | 4.22 | 4.223 | 4.223 | 4.229 | 4.237 | 4.232 |
| Kazakhstani Tenge | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Korean Won | 1,269.70 | 1,272.40 | 1,271.90 | 1,271.00 | 1,268.40 | 1,273.30 | 1,280.40 | 1,280.10 | 1,274.40 | 1,274.00 | 1,281.10 |
| Kuwaiti Dinar | 0.30627 | 0.30643 | 0.30643 | 0.30666 | NA | 0.3065 | 0.3065 | 0.30627 | 0.30627 | NA | NA |
| Libyan Dinar(2) | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 |
| Malaysian Ringgit | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 |
| Maltese Lira(1) | 2.2112 | 2.2102 | 2.212 | 2.2057 | 2.2159 | 2.2057 | 2.2141 | 2.2222 | NA | 2.2367 | 2.237 |
| Mauritian Rupee | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Mexican Peso | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Nepalese Rupee | 76.475 | 76.475 | NA | 76.475 | 76.475 | NA | 76.475 | 76.475 | 76.475 | 76.475 | 76.475 |
| New Zealand Dollar(1 | 0.41675 | 0.41295 | 0.41305 | 0.41575 | 0.41645 | 0.41535 | NA | 0.41875 | 0.42025 | 0.41795 | 0.41845 |
| Norwegian Krone | 8.9653 | 8.9491 | 8.9696 | 8.9729 | 8.9519 | 9.0277 | 8.9829 | 8.9578 | 8.9398 | NA | 8.8816 |
| Rial Omani | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 |
| Pakistani Rupee | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 |
| Polish Zloty | 4.0485 | 4.0208 | 4.0334 | 4.0792 | 4.0482 | 4.0847 | 4.0717 | 4.0523 | 4.0312 | 4.0227 | 3.9893 |
| Qatar Riyal | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 |
| Russian Ruble | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Saudi Arabian Riyal | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 |
| Singapore Dollar | 1.8335 | 1.8362 | 1.8367 | 1.8324 | 1.8306 | 1.8327 | 1.8302 | 1.8309 | 1.8313 | 1.832 | NA |
| Slovak Koruna | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| South African Rand | 10.4515 | 10.3935 | 10.7865 | 11.0985 | 10.9265 | 11.1035 | 11.0915 | 11.1785 | 11.4565 | 12.2865 | NA |
| Sri Lanka Rupee | 93.2004 | 93.2742 | 93.2255 | NA | 93.2 | NA | 93.2049 | NA | 93.1224 | 93.09 | NA |
| Swedish Krona | 10.7225 | 10.685 | 10.5775 | 10.5525 | 10.475 | 10.505 | 10.5 | 10.485 | 10.4525 | 10.465 | 10.525 |
| Swiss Franc | 1.65 | 1.6525 | NA | 1.6617 | 1.6597 | 1.6644 | 1.6611 | 1.649 | 1.6427 | 1.6328 | 1.6293 |
| Thai Baht | 43.978 | 44.035 | NA | 43.853 | 43.801 | NA | 43.803 | 43.744 | 43.691 | NA | 43.802 |
| Trinidad And Tobago | 6.222 | 6.2121 | 6.2081 | 6.2348 | 6.2236 | 6.2394 | 6.2436 | 6.2277 | 6.2493 | 6.2596 | NA |
| U.A.E. Dirham | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 |
| Venezuelan Bolivar | 747 | NA | 748 | 748.5 | 749.5 | 749.5 | 749.5 | 750 | 750.75 | 751.5 | 752.25 |

DEFENDANT'S EXHIBIT 40

Representative Exchange Rates for Selected Currencies for December 2001 Continued

| Currency | 18-Dec-01 | 19-Dec-01 | 20-Dec-01 | 21-Dec-01 | 24-Dec-01 | 25-Dec-01 | 26-Dec-01 | 27-Dec-01 | 28-Dec-01 | 31-Dec-01 |
|---|---|---|---|---|---|---|---|---|---|---|
| Euro(1) | 0.9012 | 0.8983 | 0.8973 | 0.8943 | 0.8798 | NA | NA | 0.8823 | 0.8813 | NA |
| Japanese Yen | 128.25 | 128.2 | 128.7 | 129.35 | NA | 130.8 | 130.8 | 131.3 | 131.8 | NA |
| U.K. Pound Sterling(1 | 1.4547 | 1.4473 | 1.4447 | 1.449 | 1.4336 | NA | NA | 1.4465 | 1.4489 | 1.4504 |
| U.S. Dollar | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 | 1 |
| Argentine Peso | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 | 0.9995 |
| Australian Dollar(1) | 0.5178 | 0.5147 | 0.5101 | 0.5066 | 0.5091 | NA | NA | 0.508 | 0.5076 | NA |
| Bahrain Dinar | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 | 0.376 |
| Botswana Pula(1) | 0.13925 | 0.13785 | 0.13275 | 0.1374 | NA | NA | 0.1434 | 0.1431 | 0.1442 | NA |
| Brazilian Real | 2.3572 | 2.3422 | 2.2922 | 2.3194 | NA | NA | 2.337 | 2.3137 | 2.3207 | 2.3196 |
| Brunei Dollar | 1.839 | 1.8361 | 1.8347 | 1.8426 | 1.837 | NA | 1.8435 | 1.8503 | 1.85 | 1.851 |
| Canadian Dollar | 1.573 | 1.5742 | 1.5775 | 1.5846 | 1.5935 | NA | NA | 1.595 | 1.5956 | 1.5926 |
| Chilean Peso | 544.22 | 544.54 | 544.64 | 545.2 | 546.46 | NA | 546.61 | 546.7 | 546.71 | NA |
| Chinese Yuan | 8.2768 | 8.2767 | 8.2766 | 8.2767 | NA | NA | 8.2766 | 8.2767 | 8.2768 | NA |
| Colombian Peso | 2,310.58 | 2,306.82 | 2,307.10 | 2,306.88 | 2,303.15 | NA | 2,297.59 | 2,297.17 | 2,301.33 | NA |
| Cyprus Pound(1) | 1.56695 | 1.55715 | 1.55905 | 1.56015 | NA | NA | NA | 1.53535 | 1.53445 | NA |
| Czech Koruna | 34.836 | 35.536 | 35.932 | 36.162 | NA | NA | 36.162 | 36.468 | 36.259 | 36.259 |
| Danish Krone | 8.2411 | 8.2768 | 8.2863 | 8.2951 | NA | NA | NA | 8.4248 | 8.429 | 8.4095 |
| Hungarian Forint | 271.35 | 273.78 | 274.84 | 274.66 | NA | NA | NA | 278.32 | 279.03 | NA |
| Icelandic Krona | 101.78 | 101.79 | 101.47 | 101.52 | NA | NA | NA | 101.97 | 103.63 | NA |
| Indian Rupee | 47.81 | 47.79 | 47.78 | 47.83 | NA | NA | NA | 48.13 | 48.34 | 48.18 |
| Indonesian Rupiah | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Iranian Rial | 1,755.79 | 1,756.65 | 1,753.18 | 1,756.68 | 1,763.41 | 1,763.41 | 1,763.90 | 1,752.13 | 1,750.52 | 1,750.95 |
| Israeli New Sheqel | 4.237 | 4.26 | 4.272 | 4.323 | NA | NA | 4.373 | 4.371 | 4.385 | 4.416 |
| Kazakhstani Tenge | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Korean Won | 1,292.50 | 1,292.70 | 1,291.40 | NA | 1,311.00 | NA | 1,308.00 | 1,317.60 | NA | 1,326.10 |
| Kuwaiti Dinar | NA | 0.30627 | 0.30655 | NA | 0.30698 | 0.30736 | NA | 0.30736 | NA | NA |
| Libyan Dinar(2) | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 | 0.81699 |
| Malaysian Ringgit | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 | 3.8 |
| Maltese Lira(1) | 2.2332 | 2.2296 | 2.2267 | 2.2234 | 2.1994 | NA | NA | 2.2081 | 2.2052 | 2.2121 |
| Mauritian Rupee | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Mexican Peso | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Nepalese Rupee | 76.475 | 76.475 | 76.475 | 76.475 | 76.475 | NA | NA | 76.475 | 76.475 | NA |
| New Zealand Dollar(1 | 0.41675 | 0.41685 | 0.41515 | 0.41035 | NA | NA | NA | 0.41525 | 0.4161 | 0.41535 |
| Norwegian Krone | 8.8698 | 8.884 | 8.8978 | 8.931 | 9.0071 | NA | NA | 9.023 | 9.0225 | 9.0116 |
| Rial Omani | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 | 0.3845 |
| Pakistani Rupee | 60.86385 | 60.86385 | 60.86385 | 60.86385 | 60.86385 | NA | 60.86385 | 60.86385 | 60.86385 | 60.86385 |
| Polish Zloty | 3.9557 | 3.9887 | 3.972 | 3.9692 | 3.9888 | NA | NA | 3.992 | 3.9601 | 3.9863 |
| Qatar Riyal | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 | 3.64 |
| Russian Ruble | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| Saudi Arabian Riyal | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 | 3.75 |
| Singapore Dollar | 1.839 | 1.8361 | 1.8347 | 1.8426 | 1.837 | NA | 1.8435 | 1.8503 | 1.85 | 1.851 |
| Slovak Koruna | NA | NA | NA | NA | NA | NA | NA | NA | NA | NA |
| South African Rand | 12.2545 | 12.5665 | 13.5445 | 12.4515 | 12.2065 | NA | NA | 11.9355 | 11.8515 | 12.1265 |
| Sri Lanka Rupee | 93.0825 | 93.0556 | 93.0247 | 93.0548 | 93.0694 | NA | 93.0654 | 93.0568 | 93.1023 | 93.1587 |
| Swedish Krona | 10.4575 | 10.5125 | 10.5325 | 10.5125 | NA | NA | NA | 10.7325 | 10.6675 | NA |
| Swiss Franc | 1.6349 | 1.6449 | 1.6346 | 1.6387 | 1.6719 | NA | NA | 1.683 | 1.6773 | NA |
| Thai Baht | 43.869 | 43.82 | 43.858 | 43.94 | 43.936 | 44.01 | 44.042 | 44.169 | 44.227 | NA |
| Trinidad And Tobago | 6.256 | 6.2389 | 6.26 | 6.2543 | 6.2241 | NA | NA | 6.2445 | 6.2363 | 6.2427 |
| U.A.E. Dirham | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 | 3.6725 |
| Venezuelan Bolivar | 752.25 | 754.25 | 755.25 | 755.755 | 755.75 | NA | 756.75 | 762.5 | 766.5 | 757.5 |

Notes:
These representative exchange rates, which are reported to the Fund by the issuing central bank, are expressed in terms of currency units per U.S. dollar, except for those indicated by
(1) which are in terms of U.S. dollars per currency unit, and those indicated by
(2) which are expressed in terms of currency units per SDR.

Notice 2000-44 Case

**Internal Revenue Service**
P.O. Box 66781 Stop 4020 STL
Attn: Penny Schupmann
St. Louis, MO 63166

**Department of the Treasury**

Refer To: Penny Schupmann

Partner Identifying Number: 48-1251040

Name of Partnership: Clearmeadow Investments, LLC

Partnership Identifying Number: 48-1251013

Tax Year Ended: December 31, 2001

Date FPAA Mailed to the Tax Matters Partner:
August 24, 2005

Person to Contact: Penny Schupmann
Employee Number: 43-15317

Contact Telephone Number: 314-612-4367
(not a toll free number)

Contact Hours: 8:00 AM to 4:30 PM

Date: August 24, 2005

Clearmeadow Capital Corp.
2233 S. West Street
Wichita, KS 67213

## NOTICE OF FINAL PARTNERSHIP ADMINISTRATIVE ADJUSTMENT

The law requires us to send a Notice of Final Partnership Administrative Adjustment (FPAA) to the partnership named above, for the tax year shown above, and to each partner who is entitled to receive this notice.

We are proposing adjustments to the partnership items of the partnership and the tax year shown above. We will send the examination report outlining these adjustments to the Tax Matters Partner (TMP) of the partnership. (The TMP is the partner designated by the partnership to deal with the IRS.) He/she is also authorized to act for the partners who are not entitled to receive this notice. Any partner who wants a copy of the examination report should request it from the TMP. If the TMP is unable to provide you with a copy of the examination report, please contact the person named in the heading of this letter.

Taxable Years Ending Before August 6, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease to the tax liability on your individual return. Form 870-P, *Agreement to Assessment and Collection of Deficiency in Tax for Partnership Adjustments*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

Taxable Years Ending After August 5, 1997:

The adjustments to the partnership items reported on the partnership tax return may cause an increase or decrease in the tax liability on your individual return. The adjustments may include partnership level determinations regarding penalties and additions to tax that relate to adjustments to partnership items. Form 870-PT, *Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts*, is a summary of the proposed adjustments to the partnership return. You can compute your share of the proposed adjustments by multiplying each adjusted partnership item by your percentage interest for that partnership item.

DEFENDANT'S EXHIBIT 41

You have three options available to you:

**1. If you agree with the adjustments:**

Sign and return the enclosed Form 870-P/Form 870-PT. When you sign Form 870-P/Form 870-PT, you are agreeing to pay any additional tax and interest resulting from the adjustments to the partnership return. For tax years ending after August 5, 1997, you are also agreeing to any partnership level determination as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items, if any. In addition, you are waiving your rights to participate in any administrative or judicial proceeding affecting partnership items and in partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items for the tax year in question. This is a binding settlement only if you sign and return Form 870-P/Form 870-PT and we sign on behalf of the Commissioner of Internal Revenue Service. When we sign the agreement form, the one-year extension of the period of limitations on assessments will begin under Internal Revenue Code section 6229(f). Once the agreement is signed by both parties, you may not file a claim to change the items in question or claim a refund/credit based on a readjustment.

Note: If you are the TMP of the partnership, see the section of this letter entitled, *"For the Tax Matters Partner of the Partnership"*.

**2. If you do not agree with the adjustments:**

If you are the TMP of the partnership and want to contest the adjustments in court, you must file a petition within 90 days from the date this letter. During this 90-day period, no other partner may file a petition for judicial review. You can file your petition for readjustment of partnership items with:

1. the United States Tax Court;
2. the United States Court of Federal Claims; or
3. the District Court of the United States, in the district of the partnership's principal place of business.

A petition filed by the TMP precludes all other actions. If the TMP doesn't file a petition by the 90th day from the date the FPAA was mailed, any partner or any 5 percent group entitled to receive this notice may petition one of these courts. A "5 percent group" includes any group of partners who together have an interest of five percent or more in profits of the partnership. The petition must be filed after the 90th day, but on or before the 150th day from the date the FPAA was mailed to the TMP. If more that one petition is filed in Tax Court, the first petition will go forward. All other petitions (even those filed earlier in one of the other courts) will be dismissed. If no one files a petition in Tax Court, the first petition filed in one of the other courts will go forward and subsequent petitions will be dismissed.

Petitions filed with the United States Tax Court must be mailed to:

**United States Tax Court**
**400 Second Street, NW**
**Washington, DC 20217**

Attach a copy of this letter to the petition. The time in which you must file a petition with the court is fixed by law and the court can't consider your case if your petition is filed late. If this letter is addressed to both a husband and wife and both want to petition the Tax Court, both must sign the petition or each must file a separate signed petition.

When a partner (including each member of a 5 percent group that files a petition) files a petition in either the appropriate District Court of the Court of Federal Claims, the partner filing the petition must deposit the amount that the partner's tax liability would be increased if the treatment of the partnership

items on the partner's return were made consistent with the treatment of partnership items under the FPAA. If you reported the partnership items the way the partnership reported them on its return, you can generally determine the amount to deposit by taking your pro rata share of the partnership adjustments into account in recomputing your tax. You must deposit the appropriate amount with the IRS on or before the day you file your petition.

**3. If you do nothing:**

If a petition for readjustment is not filed in any of the courts listed in this letter, the FPAA becomes final, and we will bill you for any additional tax plus interest that you may owe under the FPAA. You will not be permitted to contest the treatment of the partnership items of the partnership under the FPAA in any refund claim or suit. The law allows the Service to bill you 150 days from the mailing date of the FPAA to the TMP.

However, if a petition is filed in the Tax Court, and the Tax Court upholds the adjustments in whole or in part, we will not bill you until the Tax Court decision is final.

You may wish to contact the TMP of the partnership or your tax advisor to discuss this matter.

If you have any questions, please write to the person whose name and address are shown in the heading of this letter. If you write, attach a copy of this letter to help identify your account. Also, include your telephone number and the most convenient time for us to call you in case we need additional information.

If you prefer, you may call the IRS contact person at the telephone number shown in the heading of this letter. If this number is outside your local calling area, there will be a long distance charge to you.

Thank you for your cooperation.

Sincerely,

for Kevin Harris,
Technical Services
Territory Manager

Enclosures:
Form 870-P/Form 870-PT
Copy of this letter

**FOR THE TAX MATTERS PARTNER OF THE PARTNERSHIP**

If you are the Tax Matters Partner (TMP), you are entitled to make an agreement to bind non-notice partners to the treatment of the partnership items as shown on the enclosed schedule of adjustments. You must add the following statement above the signature blocks on the Form 870-P or Form 870-PT:

"The undersigned Tax Matters Partner is signing this offer on behalf of himself (herself) and all other partners whom he (she) has the authority to bind; a final agreement resulting from the co-signature of the Commissioner of Internal Revenue will be binding on all such other partners."

As the TMP, you may submit a petition, as described above for the partnership on behalf of all partners.

If you have any questions, you can call the IRS contact person at the telephone number shown in the heading of this letter. Thank you for your cooperation.

| Form 870-PT (08/2004) | DEPARTMENT OF THE TREASURY - INTERNAL REVENUE SERVICE **Agreement for Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts** | IN REPLY REFER TO: Penny Schupmann |
|---|---|---|
| Taxpayer(s) name(s), address and ZIP code:<br><br>Clearmeadow Capital Corp.<br>2233 S. West Street<br>Wichita, KS 67213<br><br>Taxpayer Identifying Number: 48-1251040 | Name of Partnership:<br>Clearmeadow Investments, LLC<br>Taxpayer Identifying Number:<br>48-1251013<br>Name of Tax Matters Partner:<br>Clearmeadow Capital Corp | Tax Year(s) Ended:<br>12/31/2001 |

## Offer of Agreement to Partnership Items and Partnership Level Determinations as to Penalties, Additions to Tax, and Additional Amounts & Waiver of Restrictions on Assessment for Partnership Items, Penalties, Additions to Tax, and Additional Amounts

Under sections 6224(c) and 7121 of the Internal Revenue Code (IRC) of 1986, the Commissioner of the Internal Revenue Service and the undersigned taxpayer(s) agree to the determination of partnership items and partnership level determinations as to penalties, additions to tax, and additional amounts that relate to adjustments to partnership items as shown on the attached schedule of adjustments.

The undersigned taxpayer(s), in accordance with IRC sections 6224(b) and 6213(d), also waive the restrictions provided by IRC sections 6225(a) and 6213(a) and consent to the assessment and collection of any deficiency attributable to partnership items, penalties, additions to tax, and additional amounts that relate to partnership items, as determined in this agreement; plus any interest provided by law.

This agreement is conditional and will not become effective or final until this agreement form is returned to the Commissioner and is signed on his or her behalf. The one-year extension of the period of limitations on assessments under IRC section 6229(f) will not begin to run until the date the Commissioner's representative signs this form on the Commissioner's behalf. If this is a partial agreement, the period of limitations for assessing any tax attributable to the settled items shall be determined as if this agreement had not been entered into.

If this part of this agreement form is signed for the Commissioner, the treatment of partnership items and partnership level determinations as to penalties, additions to tax and additional amounts that relate to adjustments to partnership items under this agreement will not be reopened in absence of fraud, malfeasance, or misrepresentation of fact. In addition, no claim for an adjustment of partnership items, refund or credit based on any change in the treatment of partnership items or partnership level determinations as to penalties, additions to tax and additional amounts may be filed or prosecuted.

| Signature of taxpayer | Date Signed |
|---|---|
| Signature of taxpayer | Date Signed |
| By (Signature and title) | Date Signed |

| FOR INTERNAL REVENUE USE ONLY | Date accepted for Commissioner | Signature |
|---|---|---|
| | Office | Title |

3690

## INSTRUCTIONS FOR SIGNING FORM 870-PT

1. If a JOINT RETURN OF A HUSBAND AND WIFE was filed and both spouses intend to agree, both spouses should sign Form 870-PT. One spouse may sign as agent for the other if acting under a power of attorney, which, if not previously filed, must accompany this form. The IRS may accept the signature of only one spouse at its discretion. However, the agreement will only be binding on the signing spouse.

2. If the taxpayer is a corporation, the waiver must be signed with the corporate name followed by the signature and title of the officer authorized to sign Form 870-PT.

3. Your attorney or agent may sign for you if this action is specifically authorized by a power of attorney, which if not previously filed, must accompany this form.

4. If this offer is signed by a trust, the agreement must be signed with the trust name, followed by the signature and title of the person authorized to sign on behalf of the trust.

5. If this offer is with respect to the tax liability for the consolidated return year, the agreement should be signed in the name of the common parent of the consolidated group for the consolidated return year. The common parent corporation signs the agreement in its own name. The signature and title of a current officer of the common parent corporation, who is authorized to bind the corporation, should be displayed in the signature block.

6. If the Tax Matters Partner signs this offer, please include the title with the signature.

7. If this offer is signed by a Tax Matters Partner that is a subsidiary corporation, then an officer authorized to sign this agreement for the year(s) indicated on the form must sign for the parent corporation. An authorized officer for the subsidiary corporation should also sign if the Tax Matters Partner is binding non-notice partners under the agreement. See Treas. Reg. 1.1502-77(a)(3)(v).

Department of the Treasury - Internal Revenue Service

# AGREEMENT FOR PARTNERSHIP ITEMS AND PARTNERSHIP LEVEL DETERMINATION AS TO PENALTIES, ADDITIONS TO TAX, AND ADDITIONAL AMOUNTS

## SCHEDULE OF ADJUSTMENTS

| NAME OF PARTNERSHIP: Clearmeadow Investments, LLC<br>TAXPAYER IDENTIFYING NUMBER: 48-1251013 | TAX YEAR(S) ENDED | | |
|---|---|---|---|
| | 12/31/2001 | | |
| **DETAIL OF ADJUSTMENTS TO ORDINARY INCOME:** | | | |
| a. | | | |
| b. | | | |
| c. | | | |
| d. | | | |
| e. | | | |
| f. | | | |
| g. | | | |
| **Total Adjustments to Ordinary Income** | | | |
| **Other Adjustments** | | | |
| a. Portfolio income (loss) interest | | | |
| (1) Adjustment | (450,163.00) | | |
| (2) As reported | 450,163.00 | | |
| (3) Corrected | 0.00 | | |
| b. Portfolio income (loss) dividends | | | |
| (1) Adjustment | (1,016.00) | | |
| (2) As reported | 1,016.00 | | |
| (3) Corrected | 0.00 | | |

**Remarks:**

* Reference Exhibit A attached.

Accuracy Penalties under IRC Section 6662 are included as a partnership level determination.
See Exhibit A, paragraph 9 for a description of the penalties.

Administrative Adjustment Request:
You filed an administrative adjustment request on October 25, 2004. As a result of our examination we have included the changes in part as shown in this notice.

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Clearmeadow Investments, LLC

| Taxpayer Identifying Number: 48-1251013 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| c. Portfolio income (loss) net short-term gain (loss) | | | |
| (1) Adjustment | (4,147.00) | | |
| (2) As reported | 4,147.00 | | |
| (3) Corrected | 0.00 | | |
| d. Other portfolio income (loss) | | | |
| (1) Adjustment | (1,039.00) | | |
| (2) As reported | 1,039.00 | | |
| (3) Corrected | 0.00 | | |
| e. Guaranteed payments to partner | | | |
| (1) Adjustment | (10,000.00) | | |
| (2) As reported | 10,000.00 | | |
| (3) Corrected | 0.00 | | |
| f. Deductions related to portfolio income | | | |
| (1) Adjustment | (10,040.00) | | |
| (2) As reported | 10,040.00 | | |
| (3) Corrected | 0.00 | | |
| g. Interest expense on investment debts | | | |
| (1) Adjustment | (446,863.00) | | |
| (2) As reported | 446,863.00 | | |
| (3) Corrected | 0.00 | | |
| h. Investment income included in portfolio income | | | |
| (1) Adjustment | (451,179.00) | | |
| (2) As reported | 451,179.00 | | |
| (3) Corrected | 0.00 | | |
| i. Investment expenses in deduct. related to portfolio income | | | |
| (1) Adjustment | (10,040.00) | | |
| (2) As reported | 10,040.00 | | |
| (3) Corrected | 0.00 | | |
| j. Credit for income tax withheld | | | |
| (1) Adjustment | (38.00) | | |
| (2) As reported | 38.00 | | |
| (3) Corrected | 0.00 | | |
| k. Net earnings (loss) from self-employment | | | |
| (1) Adjustment | (10,000.00) | | |
| (2) As reported | 10,000.00 | | |
| (3) Corrected | 0.00 | | |
| l. Distributions - money (cash/securities) | | | |
| (1) Adjustment | (284,315.00) | | |
| (2) As reported | 284,315.00 | | |
| (3) Corrected | 0.00 | | |

## Form 870-PT, Other Adjustments (Continued)

Page of

Name of Partnership: Clearmeadow Investments, LLC

| Taxpayer Identifying Number: 48-1251013 | Tax Year(s) Ended | | |
|---|---|---|---|
| | 12/31/2001 | | |
| m. Distributions - property other than money | | | |
| (1) Adjustment | (2,501,000.00) | | |
| (2) As reported | 2,501,000.00 | | |
| (3) Corrected | 0.00 | | |
| n. Capital Contributions | | | |
| (1) Adjustment | (2,790,000.00) | | |
| (2) As reported | 2,790,000.00 | | |
| (3) Corrected | 0.00 | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |
| | | | |
| (1) Adjustment | | | |
| (2) As reported | | | |
| (3) Corrected | | | |

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

1. It is determined that neither Clearmeadow Investments, LLC nor its purported partners have established the existence of CLEARMEADOW INVESTMENTS, LLC as partnership as a matter of fact.

2. Even if Clearmeadow Investments, L.L.C. existed as a partnership, the purported partnership was formed and availed of solely for purposes of tax avoidance by artificially overstating basis in the partnership interests of its purported partners. The formation of Clearmeadow Investments, L.L.C., the acquisition of any interest in the purported partnership by the purported partner, the purchase of offsetting positions on market-linked deposits, the transfer of offsetting positions on market-linked deposits to a partnership in return for a partnership interest, and/or the transfer of offsetting positions to a corporation in return for stock with the subsequent transfer of positions by the corporation to a partnership in return for a partnership interest, the purchase of assets by the partnership, and the distribution of those assets to the purported partners in complete liquidation of the partnership interests, and the subsequent sale of those assets to generate a loss, all within a period of less than three months, had no business purpose other than tax avoidance, lacked economic substance, and, in fact and substance, constitutes an economic sham for Federal income tax purposes. Accordingly, the partnership and the transactions described above shall be disregarded in full for Federal income tax purposes. Any purported losses resulting from these transactions are not allowable as deductions, and increases in basis of assets are not allowed to eliminate gain for Federal income tax purposes.

3. It is determined that Clearmeadow Investments, LLC was a sham, lacked economic substance and, under § 1.701-2 of the Income Tax Regulations, was formed and availed of in connection with a transaction or transactions in taxable year 2001, a principal purpose of which was to reduce substantially the present value of its partners' aggregate Federal tax liability in a manner that is inconsistent with the intent of Subchapter K of the Internal Revenue Code. It is consequently determined that:

    a. Clearmeadow Investments, LLC is disregarded and that all transactions engaged in by the purported partnership are treated as engaged in directly by its purported partners. This includes the determination that the assets purportedly acquired by Clearmeadow Investments, LLC, including but not limited to foreign currency or stock, were acquired directly by the purported partners.

    b. The positions on market-linked deposits, purportedly contributed to or assumed by Clearmeadow Investments, LLC, are treated as never having been contributed to or assumed by said partnership and any gains or losses purportedly realized by Clearmeadow Investments, LLC on the positions on market-linked deposits are treated as having been realized by its partners.

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

c. The purported partners of Clearmeadow Investments, LLC should be treated as not being partners in Clearmeadow Investments, LLC.

d. Contributions to Clearmeadow Investments, LLC will be adjusted to reflect clearly the partnership's or purported partners' income.

4. It is determined that the obligations under the short position(s) on market-linked deposits transferred to Clearmeadow Investments, L.L.C. constitute liabilities for purposes of Treasury Regulation §1.752-6T, the assumption of which by Clearmeadow Investments, L.L.C. shall reduce the purported partners' bases in Clearmeadow Investments, L.L.C. in the amounts of $2,472,500 for Clearmeadow Capital Corp. and/or Mark Hutton, but not below the fair market value of the purported partnership interest.

5. It is determined that neither Clearmeadow Investments, LLC nor its purported partners entered into the positions on market-linked deposits or purchased the foreign currency or stock with a profit motive for purposes of § 165(c)(2) of the Internal Revenue Code.

6. It is determined that, even if the positions on market-linked deposits are treated as having been contributed to Clearmeadow Investments, LLC, the amount treated as contributed by the partners under § 722 of the Internal Revenue Code is reduced by the amounts received by the contributing partner(s) from the contemporaneous sales of the offsetting position to the same counter-party. Thus, the basis of the contributed position is reduced, both in the hands of the contributing partners and Clearmeadow Investments, LLC. Consequently, any corresponding claimed increases in the outside basis in Clearmeadow Investments, LLC resulting from the contributions of the positions on market-linked deposits are disallowed.

7. It is determined that the adjusted bases of the long position(s) on market-linked deposits and other contributions purportedly contributed by the partners to Clearmeadow Investments, LLC has not been established under § 723 of the Internal Revenue Code. It is consequently determined that the partners of Clearmeadow Investments, LLC have not established adjusted bases in their respective partnership interests in an amount greater than zero (-0-).

8. It is further determined that, in the case of a sale, exchange, or liquidation of Clearmeadow Investments, LLC partners' partnership interests, neither the purported partnership nor its purported partners have established that the bases of the partners' partnership interests were greater than zero for purposes of determining gain or loss to such partners from the sale, exchange, or liquidation of such partnership interest.

369U

Exhibit A – Explanation of Items
Clearmeadow Investments, LLC
Final Partnership Administrative Adjustment Letter
Tax Year Ended: December 31, 2001 EIN: 48-1251013

9. Accuracy-Related Penalties:

It is determined that the adjustments of partnership items of Clearmeadow Investments, LLC are attributable to a tax shelter for which no substantial authority has been established for the position taken, and for which there was no showing of reasonable belief by the partnership or its partners that the position taken was more likely than not the correct treatment of the tax shelter and related transactions. In addition, all of the underpayments of tax resulting from those adjustments of partnership items are attributable to, at a minimum, (1) substantial understatements of income tax, (2) gross valuation misstatement(s), or (3) negligence or disregarded rules or regulations. There has not been a showing by the partnership or any of its partners that there was reasonable cause for any of the resulting underpayments, that the partnership or any of its partners acted in good faith, or that any other exceptions to the penalty apply. It is therefore determined that, at a minimum, the Accuracy-Related Penalty under § 6662(a) of the Internal Revenue Code applies to all underpayments of tax attributable to adjustments of partnership items of Clearmeadow Investments, LLC. The penalty shall be imposed on the components of underpayment as follows:

A. a 40 percent penalty shall be imposed on the portion of any underpayment attributable to the gross valuation misstatement as provided by Sections 6662(a), 6662(b)(3), 6662(e), and 6662(h) of the Internal Revenue Code,
B. a 20 percent penalty shall be imposed on the portion of the underpayment attributable to negligence or disregard of rules and regulations as provided by Sections 6662(a), 6662(b)(1), 6662(c) of the Internal Revenue Code.
C. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial understatement of income tax as provided by sections 6662(a), 6662(b)(2), and 6662(d) of the Internal Revenue Code.
D. a 20 percent penalty shall be imposed on the underpayment attributable to the substantial valuation misstatement as provided by Sections 6662(a), 6662(b)(3), and 6662(e) of the Internal Revenue Code.

It should not be inferred by the determination of the Accuracy-Related Penalty in this notice that fraud penalties will not be sought on any portion of an underpayment subsequently determined to be attributable to fraud or that prosecution for criminal offenses will not be sought under §§ 7201 or 7206 of the Internal Revenue Code or other provisions of Federal law if determined to be appropriate.

Partnership Name: Clearmeadow Investments LLC
Tax Year: December 31, 2001 EIN: 48-1251013

Information Regarding Additions to Tax (Penalties) and Affected Items

The Internal Revenue Code provides, in appropriate cases, for the application of accuracy related penalties under Internal Revenue Code Section 6662, which include, in part, penalties for negligence or disregard of rules or regulations, substantial understatement of income tax, and substantial valuation misstatements.

For partnership taxable years ending ***after*** August 5, 1997, penalties are determined at the partnership level and may be agreed to as part of the partnership proceeding. A court will have jurisdiction over partnership level penalties raised in a Final Partnership Administrative Adjustment petition for a partnership taxable year ending ***after*** August 5, 1997. Any partner level defense to partnership level penalty determinations, however, may only be raised through refund claims following the assessment and collection of such penalties.

For all partnership taxable years, other items affected by partnership adjustments, "affected items," may also be separately determined and assessed after the outcome of the partnership proceeding. Upon the completion of the partnership proceeding or the execution of a Form 870-PT, you may be sent an examination report and/or a statutory notice of deficiency asserting affected items.

Please note: This is an information item only, and is not part of the notice of Final Partnership Administrative Adjustment.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1223 T
(Judge Allegra)

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

# DECLARATION OF MARTHA TENEYCK

I, Martha TenEyck, am now a revenue agent with the Small Business/Self Employed Division of the Internal Revenue Service and am stationed in Wichita, Kansas. I was a revenue agent throughout the years 2004 and 2005. I make this declaration of my personal knowledge.

1. In 2004, I was assigned to process Mark E. and Mary S. Hutton's application to participate in the "Son of Boss" settlement initiative described in Announcement 2004-46.

2. The attached Exhibit 1 is a true copy of dated correspondence in the IRS's files.

3. The activity record for this case shows that an IRS agent noted the mailing of the attached Exhibits 3 and 4 to the addressees on July 21, 2004–before I was assigned to the case. I received the activity record and was its custodian. It is the regular practice of the IRS to note the mailing of correspondence to taxpayers and to make a note of the mailing at or near the time. The activity record page is attached as Exhibit 3A (redacted to remove irrelevant entries).

4. The IRS received the attached Exhibit 2 from Mark E. and Mary S. Hutton on June 22, 2004; it is their election to participate in the settlement initiative described in Announcement 2004-46.

5. The attached Exhibit 5 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on December 22, 2004, along with two Information Document Requests (IDRs).

6. The attached Exhibit 6 is a true copy of documents I mailed to Mark E. and Mary S. Hutton on January 21, 2005. I mailed a copy of the same documents to the Huttons' representative, Anthony Gasaway.

7. The attached Exhibit 7 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on February 5, 2005, informing them that they were not eligible to participate in the settlement initiative proposed by Announcement 2004-46. They were ineligible because they did not file Form 13586 and Form 13586-A within 60 days of July 21, 2004, the date of Lloyd Nelson's letter to them (Exhibit 3). I mailed a copy of the same document to the Huttons' representative, Anthony Gasaway.

8. The attached Exhibit 8 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on March 24, 2005, attempting to arrange an appointment to meet with Anthony Gasaway and the Huttons so that I could gather enough information on their Son of Boss transaction to issue an audit report. The document accurately summarizes the correspondence and telephone calls I had with the Huttons and Mr. Gasaway. I sent a copy of this document to Anthony Gasaway along with a cover letter, a true copy of which is attached as Exhibit 9.

9. The attached Exhibit 10 is a true copy of a document I mailed to Mark E. and Mary S. Hutton on March 29, 2005, setting up an appointment and requesting responses to the IDRs I

had mailed to the Huttons on December 22, 2004. I sent a copy of this document to Anthony Gasaway along with a cover letter, a true copy of which is attached as Exhibit 11.

10. On April 11, 2005, I received a FAX from Anthony Gasaway, a true copy of which is attached as Exhibit 12.

11. On April 12, 2005, I mailed a document to Anthony Gasaway, a true copy of which is attached as Exhibit 13. I explained to him that we could not accept a Form 872-I that he had faxed to us because the power of attorney he had filed with us did not authorize him to discuss TEFRA partnership items. I enclosed a new power of attorney, which contained the necessary language.

12. The attached Exhibit 14 is a true copy of a Form 2848 (Power of Attorney) that I received on May 11, 2005.

13. The attached Exhibit 15 is a true copy of faxed documents I received on June 8, 2005. It responds to a summons I issued to the Huttons because they had not provided enough information to explain their Son of BOSS transaction. The summons for Mr. Hutton was handed to him at his office on May 31, 2005; as I was not able to locate Mrs. Hutton at their residence, I handed her subpoena to Mark Hutton. The summonses required the Huttons to appear on June 13, 2005, with the documents and information listed on attachments to the summonses.

14. Neither the Huttons nor their representatives appeared as requested on June 13, 2005, or produced the requested documents. (They had produced some documents on May 11, but those documents were insufficient.)

15. Because the Huttons had failed to appear or to provide sufficient information, we prepared an audit report using the information in our possession.

16. During the IRS's consideration of the Hutton's application, neither they nor their representatives argued that the Huttons should be excused from paying penalties on the grounds that they had a reasonable cause for any underpayment or that they had acted in good faith.

I declare under penalty of perjury that the foregoing is true and correct. Executed on July 9, 2007

Martha L TenEyck
MARTHA TENEYCK

**Internal Revenue Service**

**Department of the Treasury**

Refer Reply to:
Lloyd Nelson
Group:
1314
Person to Contact:
Lloyd Nelson
Employee Identification Number:
41-03467
Contact Telephone Number:
763-549-1010 x229

Date: MAY 2 0 2004

Mark E & Mary S Hutton
7118 Clear Meadow Ct
Wichita, KS 67205-1058

Dear Taxpayers,

On May 5, 2004, the Internal Revenue Service issued Announcement 2004-46 which provides taxpayers an opportunity to resolve their tax liabilities associated with transactions described in Notice 2000-44 ("Son of Boss"). We have enclosed a copy of Announcement 2004-46, which provides details on the settlement initiative. We have also enclosed a Notice of Election form to elect participation in the settlement.

To elect to participate, you must send written notice to the IRS on or before June 21, 2004. Complete the enclosed form and return it to the addresses indicated on the form. Please note in Section 4 that the election is prepared under penalties of perjury.

After reviewing your election, we will notify you of your eligibility to participate. If you are eligible to participate, we will ask you to provide additional information and documentation relating to the Son of Boss transaction. You must submit the additional information within 60 days of the date we mail the notification of eligibility to you. Settlement under this initiative will be pursuant to a Form 906, *Closing Agreement on Final Determination Covering Specific Matters*.

You can find more information about Announcement 2004-46, including frequently asked questions on our web site at http://www.irs.gov.

Please call us at the contact number provided at the top of this letter if you have questions.

Sincerely yours,

Robin Keenan

Robin Keenan for Lloyd Nelson
Revenue Agent

Enclosures (2)

EXHIBIT
tabbies
1

605.1



Letter 3874 (5-2004)
Catalog Number 38460W

| Form **13582** (May 2004) | Department of the Treasury - Internal Revenue Service **Notice of Election to Participate in Announcement 2004-46 Settlement Initiative** |
|---|---|

**NOTE:** Failure to provide *all the information required under Announcement 2004-46* for the Notice of Election by June 21, 2004, will make a taxpayer ineligible for the settlement.

**Section I. Taxpayer Data**

**I elect to participate in the settlement initiative as described in Announcement 2004-46 and as contained in Internal Revenue Bulletin 2004-21 dated May 24, 2004.**

RECEIVED … INDUSTRY HEAD… RETAILERS, FOOD & PH… …CEUTICALS JUN 22 2004 INTERNAL REVENUE SERVICE

1. Taxpayer name(s): MARK E. HUTTON; MARY S. HUTTON
2. Taxpayer(s) identification number *(EIN or SSN)*: [redacted]
3. Address *(Street, City, State, ZIP code)*: 7118 CLEARMEADOW CT. WICHITA, KS. 67205
4. Daytime telephone number: 316-721-1571
5. FAX number: 316-942-8881
6. Taxpayer currently is under Examination — ☐ Yes *(Please complete items 8 and 9.)* ☑ No
7. TEFRA partnership in which taxpayer is (was) a partner currently is under examination — ☐ Yes *(Please complete items 10 and 11.)* ☑ No
8. Name and address *(Street, City, State, ZIP code)* of examining revenue agent for taxpayer: ROBIN KEENAN OR LOYD NELSON *(SENT LTR 3874)
9. Daytime telephone number: 763-549-1010
10. Name and address *(Street, City, State, ZIP code)* of examining revenue agent for TEFRA partnership: N/A
11. Daytime telephone number: ( )
12. Taxpayer received a Statutory Notice of Deficiency — ☐ Yes ☑ No
13. TEFRA partnership received a Notice of Final Partnership Administrative Adjustment — ☐ Yes ☑ No
14. Taxpayer has a Power of Attorney *(POA)* — ☑ Yes *(Please attach a copy.)* ☐ No

**NOTE:** *For partners in TEFRA entities, the Power of Attorney must include the following statement.*

**" The acts authorized by the Power of Attorney include representation for the purposes of Subchapter C of Chapter 63 of the Internal Revenue Code. "**

**Section II. Related Entities**

Please provide the name and TIN of all entities known to the taxpayer that directly or indirectly were parties in the Notice 2000-44 transaction.

| | Name | TIN |
|---|---|---|
| 1. | CLEARMEADOW INVESTMENTS, LLC | 48-1257013 |
| 2. | CLEARMEADOW CAPITAL CORP. | 48-1251040 |
| 3. | | |

EXHIBIT 2

Catalog No. 38462S Sheet 1 of 2 www.irs.gov

Received Time Jun.21. 2:35PM 375

## Section II. Related Entities — *continued*

If any names in Section II *(Sheet 1 of 2)* are TEFRA entities, please provide the name, address, and daytime telephone numbers of the Tax Matters Partner *(TMP)*.

| | TMP name | Telephone number |
|---|---|---|
| 1. | CLEARMEADOW CAPITAL CORPORATION | 316-942-8855 |

Address *(Street, City, State, ZIP code)*
2233 S. WEST ST. CT.
WICHITA, KS. 67213

| | TMP name | Telephone number |
|---|---|---|
| 2. | | ( ) |

Address *(Street, City, State, ZIP code)*

| | TMP name | Telephone number |
|---|---|---|
| 3. | | ( ) |

Address *(Street, City, State, ZIP code)*

## Section III. Penalties

1. I qualify for the following penalty. *(Check only one.)* ☐ 0% ☐ 10% ☑ 20%

2. I ☑ did *(Please complete Section IV.)* ☐ did not directly or indirectly claim tax benefits in any other listed transaction, regardless of when the transaction was listed or when the benefits were claimed.

## Section IV. Listed transactions where tax benefits were claimed, either directly or indirectly

NOTICE 2003-81 TRANSACTION

| Taxpayer Attestation | Under penalties of perjury, I declare that I have examined this statement, and to the best of my knowledge and belief, they are true, correct, and complete. | |
|---|---|---|
| | Signature of Taxpayer: [signature] | Date: 6/21/04 |
| | Signature of Taxpayer: [signature] | Date: 6-21-04 |

### Instructions

1. Send your completed Form 13582 to:

   **Internal Revenue Service**
   **ATTN: Announcement 2004-46**
   **1901 Butterfield Road, Ste. 310**
   **Downers Grove, IL 60515**

2. *If you are under examination or if any TEFRA* partnership in which you are a partner is under examination, please send a copy of this Notice of Election to the examining revenue agent.



Received Time Jun. 21. 2:35PM 376

PRIORITY MAIL

UNITED STATES POSTAL SERVICE.

Apply Prio

CERTIFIED MAIL™

7002 3150 0000 3744 45__

60515

U.S. POSTAGE
PAID
WICHITA,KS
67276
JUN 21 '04
AMOUNT

$7.90

00013420-08

CONSTRUCTION CORPORATION

Wichita, KS 67213

Internal Revenue Service

ATTN: Announcement 2004-46

1901 Butterfield Road, Ste. 310

Downers Grove, IL 60515

RETURN RECEIPT REQUESTED

Internal Revenue Service
6040 Earle Brown Drive
Room 200 EG1315LN
Brooklyn Center, MN 55430

Department of the Treasury

Refer Reply to:
EG: 1315: LN
Group:
Area 9, Territory 1, 1314
Person to Contact:
Lloyd Nelson

Employee Identification Number:
41-03467
Contact Telephone Number:
763-549-1010 x 229

Date: July 21, 2004

Mark E. & Mary S. Hutton
7118 Clear Meadow Ct
Wichita, KS 67205

Dear Mr. & Mrs. Hutton:

This letter is to acknowledge receipt of your Form 13582, *Notice of Election to Participate in Announcement 2004-46 Settlement Initiative*. In accordance with Section 4 of Announcement 2004-46, you are required to provide the IRS with all of the information and documentation requested below ***within 60 days from the date of this letter.***

- A completed Form 13586, *Additional Information and Documentation for Announcement 2004-46 Settlement Initiative — 60-Day Response* (enclosed). If more than one year is involved, prepare a Form 13586 *for each year* you derived a benefit from a Notice 2000-44 (or a substantially similar) transaction. This requirement also applies to any year for which the statute of limitation for assessment is closed.

- A completed Form 13586-A, *Announcement 2004-46 Settlement Initiative Declaration*. Once you complete Form 13586, transfer the information to the appropriate lines on Form 13586-A. ***If more than one year is involved, summarize the Forms 13586 and transfer the sum to the appropriate lines provided on Form 13586-A. Form 13586-A must be signed under penalties of perjury.***

- Promotional materials in your possession that you have not previously provided to the IRS.

- All applicable Schedules K-1.

- Verification of fees paid or accrued directly by taxpayer.

***If you are not currently under examination by the IRS***, provide the following documents for each year in which you derived a tax benefit from the transactions.

- A complete copy of each applicable tax return
- All related returns (e.g., Forms 1041, 1120S, 1065)
- Any amended returns filed

We have provided a self-addressed envelope for your convenience. In addition, Forms 13586 and 13586-A are available and can be filled in electronically at www.irs.gov. If you have any questions, please call the contact person listed above.

Sincerely yours,

Lloyd Nelson
Internal Revenue Agent

EXHIBIT
3

Enclosures (3)
Form 13586
Form 13586-A
Envelope

Letter 3873 (5-2004)
Catalog Number 38459V



6053

| Examining Officer's Activity Record | Examining Officer<br>Candace Fisher | Date assigned/Opened |
|---|---|---|

| | |
|---|---|
| Taxpayer *(use the preprinted label if possible)*<br>Name: Hutton, Mark E. and Mary S.<br>Address: 7118 Clearmeadow Ct.<br>Wichita, KS 67205 | Taxpayer's Representative<br>Name: Anthony S. Gasaway<br>Address:<br>Phone: 314-324-8465 cell<br>FAX: 314-961-3912 work |
| Business Name<br>Address | Does this case meet Taxpayer Advocate Case Criteria?<br>YES NO |
| Phone – Residence<br>Business 942-8855<br>FAX | Representative has: Power of Attorney<br>TP's Authorization |

## Contacts and Activities

| Date | LOC | CONT | Time on Activity | Remarks, Notes, Actions Taken |
|---|---|---|---|---|
| 11/15/2004 | | | | Case reassigned. Prior Agent retired. Per notes in file he sent L3873, 13586, 13586-A and ZL937 on 7/21/2004. No workpapers, activity record, etc. On 10/19/04, RA Nelson called POA to check status of 60 day letter. |

CONT = Contact Codes: T = Taxpayer R = Representative O = Other
LOC = Location of Activity: 1. Telephone 2. T/P's Office 3. Rep's Office 4. Correspondence 5. Other (expla

Form 9984 (Rev. 8-2001) Catalog Number 92068W publish.no.irs.gov Department of the Treasury – Internal Reve

EXHIBIT 3A



Workpaper#:

Internal Revenue Service
6040 Earle Brown Drive
Room 200 Stop 1315LN
Brooklyn Center, MN 55430

Department of the Treasury

Date: July 21, 2004

Taxpayer Identification Number:
[redacted]

Person to Contact/ID Number:
Lloyd Nelson / 41-03467

Contact Telephone Number:
763-549-1010 ext 229

Anthony S. Gasaway
100 S 4th St, Suite 700
St. Louis, MO 63119

Dear Mr. Gasaway:

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us. For your convenience, we have listed the name of the taxpayer to whom this material relates.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Lloyd Nelson
Internal Revenue Agent

Enclosures:
[x] Letter(s)
[ ] Report(s)
[x] Form 13586 & Form 13586-A
Taxpayer's Name: Mark & Mary Hutton

Letter 937 (8-2000)
Cat. No. 30760X



EXHIBIT
4

605-4

**Internal Revenue Service**

**Department of the Treasury**

Refer Reply to:
S:C:9:WIC:7
Group:
1557
Person to Contact:
Martie TenEyck
Employee Number:
48-00250
Contact Telephone Number:
316-352-7336

Date: December 22, 2004

Mark E. & Mary S. Hutton
7118 Clear Meadow Ct.
Wichita, KS 67205

Dear Mr. & Mrs. Hutton:

We did not receive an election from you to participate in the Son of Boss Settlement Initiative, per Announcement 2004-46. In this regard, we will make every attempt to expedite the closure of your case.

Enclosed you will find a request for information that we will need to ensure that we have all documents and information pertaining to your case. Please provide the requested information within 14 days from the date of this letter. Once we receive the information, we will provide you with Form 4549-A, *Income Tax Examination Changes* (Audit Report) which will show the tax deficiency, any applicable penalties, and interest you owe. If you wish to agree to the determination, you will sign and return Form 870 (Waiver).

Your immediate attention to this matter will be greatly appreciated. If you have any questions, please contact me at the number above.

Sincerely,

Martie TenEyck
Revenue Agent #48-00250

Enclosure (2)
Information Document Requests #1 & #2



EXHIBIT
tabbles®
5

Letter 3907 (7-2004)
Catalog Number 38741S

605-6

**DEPARTMENT OF THE TREASURY**
**INTERNAL REVENUE SERVICE**
**Washington, D.C. 20224**

**SMALL BUSINESS/SELF-EMPLOYED DIVISION**

Date: January 21, 2005

**Taxpayer Identification Number:**
[redacted]
**Consent Form Number:**
872-I
**Kind of Tax:**
Income and any related partnership items
**Tax Year(s) Ended:**
Dec. 31, 2001; Dec. 31, 2002
**Person to contact/ID Number:**
Martie TenEyck 48-00250
**Contact Telephone Number:**
316-352-7336

Mark E. & Mary S. Hutton
7118 Clear Meadow Court
Wichita, KS 67205

Dear Mr. & Mrs. Hutton,

The statute of limitation period allowed by law for assessing additional tax on your federal tax return(s) will expire soon. We are requesting your consent to extend the statute of limitation period for the federal tax period(s) indicated above.

We have enclosed Form(s) 872-I used to extend the statute of limitation period. Please sign and return all forms in the enclosed envelope within 7 days from the date of this letter. Upon acceptance, we will return a signed copy for your records.

Before signing this form, it is important that you understand your rights concerning consents. Some of these rights are:

1) You have the right to refuse to extend the statute of limitation period.

2) You have the right to request that the extension be limited to particular issues held open for further examination or appeal.

3) You have the right to request the limitation period be limited to a specific date.

Please refer to the enclosed Publication *1035, Extending the Tax Assessment Period,* for a more detailed explanation of your rights and options. It may be considered that you have cooperated with the Internal Revenue Service, for purposes of determining who has the burden of proof in any court proceeding, even if you do not sign the consent form.

Please note however that should you decline to execute the consent Form 872-I and/or we do not receive the executed consent within 7 days from the date of this letter, we will not be bound by the terms of the Announcement 2004-46 settlement initiative and will proceed with issuance of a Statutory Notice of Deficiency.

Internal Revenue Service, 271 W 3rd St. N., Suite 5000, Stop 4557WIC, Wichita, Ks. 67202
316-352-7336 Fax 316-352-7255



EXHIBIT
6

As required by law, we send separate consent forms to each individual filing a joint return and each individual must sign a consent form. You may each sign your individual copies of the consent or you may both sign one set together.

If you have questions concerning the enclosed form or your rights when extending the statute of limitations, please call me at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Martie TenEyck
Revenue Agent
48-00250

Enclosure:
Consent Form
Envelope
Publication 1035

Cc: Anthony Gasaway, Power of Attorney

| Form 872-I (Rev. July 2003) | Department of the Treasury-Internal Revenue Service **Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership** | In reply refer to: 4557WIC<br>Taxpayer Identification Number 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 |
|---|---|---|

Mark E. Hutton and Mary S. Hutton
*(Name(s))*

taxpayer(s) of 7118 Clear Meadow Court, Wichita, Kansas 67205
*(Number, Street, City or Town, State, ZIP Code)*

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income *(Kind of tax)* tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 2001 and December 31, 2002

may be assessed at any time on or before December 31, 2006 *(Expiration date)*. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

'Without otherwise limiting the applicability of this agreement, this agreement also extends the period of limitations for assessing any tax (including additions to tax and interest) attributable to any partnership items (see section 6231 (a)(3)), affected items (see section 6231(a)(5)), computational adjustments (see section 6231(a)(6)), and partnership items converted to nonpartnership items (see section 6231(b)). This agreement extends the period for filing a petition for adjustment under section 6228(b) but only if a timely request for administrative adjustment is filed under section 6227. For partnership items which have converted to nonpartnership items, this agreement extends the period for filing a suit for refund or credit under section 6532, but only if a timely claim for refund is filed for such items. In accordance with paragraph (1) above, an assessment attributable to a partnership shall not terminate this agreement for other partnerships or for items not attributable to a partnership. Similarly, an assessment not attributable to a partnership shall not terminate this agreement for items attributable to a partnership.'

**MAKING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.**

YOUR SIGNATURE HERE → ______________ *(Date signed)*

SPOUSE'S SIGNATURE → ______________ *(Date signed)*

TAXPAYER'S REPRESENTATIVE
SIGN HERE → ______________ *(Date signed)*

CORPORATE NAME → ______________

CORPORATE OFFICER(S) SIGN HERE → ______________ *(Title)* *(Date signed)*
→ ______________ *(Title)* *(Date signed)*

INTERNAL REVENUE SERVICE SIGNATURE AND TITLE

Faris R. Fink — *(Division Executive Name - see instructions)*
Director, Area 9, SB/SE Compliance — *(Division Executive Title - see instructions)*

BY ______________ *(Authorized Official Signature and Title - see instructions)* *(Date signed)*

*(Signature instructions are on the back of this form)* www.irs.gov Catalog Number 31733A Form **872-I** (Rev. 7-2003)



605.12

**Internal Revenue Service**

**Department of the Treasury**

Refer Reply to:
Stop 4557-WIC, MT
Group:
1557
Person to Contact:
Martie TenEyck

Date: 2/7/05

Employee Identification Number:
48-00250
Contact Telephone Number:
316-352-7336

Mark E. & Mary S. Hutton
7118 Clear Meadow Ct.
Wichita, KS67205

Dear Mr. & Mrs. Hutton:

We received your election to participate in the settlement initiative under Announcement 2004-46 and have determined that you are not eligible to participate in this initiative for the following reason:

- ☐ You do not meet the eligibility requirements of Section 3 of Announcement 2004-46.
- ☑ You did not comply with the Required Procedures for Electing Participants under Section 4 of Announcement 2004-46.
- ☐ You failed to provide the following information:

If you have any questions, please contact Martie TenEyck at the number provided above.

Sincerely,

David C. Wright
Group Manager

Cc: Tony Gasaway, Power of Attorney

EXHIBIT
tabbies
7

Letter 3869 (5-2004)
Catalog Number 38461H



105.20

**Internal Revenue Service**
271 W. 3rd St., Ste 5000
Stop 4557-WIC, mt
Wichita, KS 67202

**Department of the Treasury**

**Date:** March 24, 2005

**Taxpayer TIN:** [redacted]
**Tax Form:** 1040
**Tax Period(s):** 2001

**Person to Contact:** Martie TenEyck
**Employee ID:** 48-00250

**Telephone Number:** 316-352-7336
**Fax Number:** 316-352-7255

Hutton, Mark E. & Mary S.
7118 Clearmeadow Ct.
Wichita, KS 67205

Dear Mr. & Mrs. Hutton:

On 3/16/05, I received a call from a Mr. Rick Happle, who said he worked with Tony Gasaway, your Power of Attorney. Mr. Happle stated that Mr. Gasaway wanted to set up an appointment to meet with me on April 8, 2005 at 8:30 am. He said that he would confirm the date with Mr. Gasaway and call me back to confirm the appointment. I did not hear back from Mr. Happle. I have called Mr. Gasaway on March 17th and March 23rd and left messages for him to call me. Mr. Gasaway has not returned my phone calls.

As shown on the next two pages, I have tried numerous times to reach Mr. Gasaway and he has only returned my phone calls on occasion.

Thus, I am writing to you to set up an appointment for you and Mr. Gasaway to meet with me on Friday, April 8, 2005 at 8:30 am at the Internal Revenue Service, 271 W. 3rd St. N., Wichita, Kansas. At this time, please provide all the information requested on Document Requests #1 and #2. Please call me by April 1, 2005 to confirm this appointment.

Thank you. I look forward to meeting you on April 8, 2005.

Sincerely yours,

Martie TenEyck
Internal Revenue Agent

Encl: Letter 907

Cc: Anthony Gasaway, Power of Attorney

Rev. 05/2004

EXHIBIT 8

Summary of Correspondence:

On December 22, 2004, I issued Document Request # 1 and Document Request #2 to you with a response date of January 5, 2005.

On January 3, 2005, Mr. Gasaway called me requesting additional time to provide the requested information. We agreed upon January 12, 2005 as the date to provide this information.

On January 13, 2005, I called Mr. Gasaway and left a message for him to call me.

On January 18, 2005, I received a letter from Mr. Gasaway, dated January 12, 2005, requesting additional time to provide the requested information. Mr. Gasaway stated "... I am diligently gathering the records and will be able to produce them by February 28, 2005..."

I called Mr. Gasaway on January 21, 2005 and left a message for him to call me. I was going to advise him that this request for additional time was granted. Due to the impending expiration of the Statute of Limitations on the 2001 tax year, I mailed you a Form 872-I, extending the Statute until December 31, 2006.

Mr. Gasaway called me back on January 24, 2005, he said he was in an airport and could not talk, but would call me back on January 25th.

On January 27, 2005, as Mr. Gasaway had not called me back as he had stated he would, I called and once again left a message for him to call me.

I called and left another message on January 28, 2005.

On February 3, 2005, Mr. Gasaway called while I was out of the office.

I returned Mr. Gasaway's call on February 7th and left another message. Mr. Gasaway returned my call that evening after I had left work for the day requesting an appointment.

I returned Mr. Gasaway's call on February 8, 2005 and left a message.

I called again and left messages on February 9th and 10th.

Mr. Gasaway returned my call on the 10th and stated that he believed the Form 872-I would be signed. I requested a copy of the Hutton Construction, Form 1120S for 2003. Mr. Gasaway stated that he would confirm the signing of the F872-I and see about providing the Form 1120S. He also stated that he would have the information requested on Document Request #1 and Document Request #2 to me by February 28, 2005.

On February 16, 2005, Mr. Gasaway called and left a message that you would agree to extending the statute of limitations 6 months rather than 12 months. I called Mr. Gasaway back and left a message.

On February 22, 2005, I called Mr. Gasaway and left a message for him to call me. I mailed you a new Form 872-I, extending the statute to April 15, 2006. This was an extension of 7 ½ months.

On March 2, 2005, I called Mr. Gasaway and left a message as I did not receive the information requested that was due February 28, 2005, as agreed.

I called Mr. Gasaway again on March 3rd and left a message. I was out of the office from March 4th-7th.

On March 4, 2005, I received a FAX from Mr. Gasaway stating that I had tried to extend the statute of limitations by 18 months. The Form 872-I that I mailed to you on February 22nd, extended the statute of limitations to April 15, 2006, which is an extension of 7 ½ months. He also stated that you were only willing to extend the statute to December 31, 2005. This is an extension of 4 months.

The March 4th FAX also stated "Based solely upon the delay caused by the summons conferences, I have agreed to extend the statute of limitations by six months. At this point, I anticipate at least a partial response to your requests in March 2005."

I called Mr. Gasaway on March 8, 2005 and left a message for him to call me.

On 3/16/05, I received a call from a Mr. Rick Happle, who said he worked with Tony Gasaway, your Power of Attorney. Mr. Happle stated that Mr. Gasaway wanted to set up an appointment to meet with me on April 8, 2005 at 8:30 am. He said that he would confirm the date with Mr. Gasaway and call me back to confirm the appointment. I did not hear back from Mr. Happle. I have called Mr. Gasaway on March 17th and March 23rd and left messages for him to call me. To date, Mr. Gasaway has not returned my phone calls.

**Internal Revenue Service**
271 W. 3rd St., Ste 5000
Stop 4557-WIC, mt
Wichita, KS 67202

**Department of the Treasury**

**Date: March 24, 2005**

**Taxpayer Identification Number:**
[redacted]

**Person to Contact/ID Number:**
Martie TenEyck /48-00250

**Contact Telephone Number:**
316-352-7336

Anthony S. Gasaway
41 S. Old Orchard, Ste B
St. Louis, MO 63119

Dear Mr. Gasaway,

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us. For your convenience, we have listed the name of the taxpayer to whom this material relates.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Martie TenEyck
Internal Revenue Agent

Enclosures:
[X] Letter(s)
[ ] Report(s)
[X] Other
Taxpayer's Name: Hutton, Mark E. & Mary S.

EXHIBIT
tabbies
9

Letter 937 (8-2000)
Cat. No. 30760X



605-51

**Internal Revenue Service**
271 W. 3rd St., Ste 5000
Stop 4557-WIC, mt
Wichita, KS 67202

**Department of the Treasury**

**Date:** March 29, 2005

| | |
|---|---|
| **Taxpayer TIN:** | [redacted] |
| **Tax Form:** | 1040 |
| **Tax Period(s):** | 2001 |
| **Person to Contact:** | Martie TenEyck |
| **Employee ID:** | 48-00250 |
| **Telephone Number:** | 316-352-7336 |
| **Fax Number:** | 316-352-7255 |

Mark E. & Mary S. Hutton
7118 Clearmeadow Ct.
Wichita, KS 67205

Dear Mr. & Mrs. Hutton:

At the request of your Power of Attorney, Tony Gasaway, through a phone call with Rick Happle on March 29th, I have changed our appointment date from April 8th to April 12th. The new appointment is as follows:

**Appointment Information**

**Location:** Internal Revenue Service
271 W. 3rd St. N.
Wichita, Kansas

**Date:** Tuesday, April 12, 2005
**Time:** 8:30 am

At this time, please provide all the information requested on Document Request #1 and Document Request #2.

Thank you.

Sincerely,

Martie TenEyck
Internal Revenue Agent

Cc: Anthony Gasaway, Power of Attorney

EXHIBIT
10

**Internal Revenue Service**
271 W. 3rd St., Ste 5000
Stop 4557-WIC, mt
Wichita, KS 67202

**Department of the Treasury**

**Date: March 29, 2005**

**Taxpayer Identification Number:** [redacted]

**Person to Contact/ID Number:**
Martie TenEyck /48-00250

**Contact Telephone Number:**
316-352-7336

Anthony S. Gasaway
41 S. Old Orchard, Ste B
St. Louis, MO 63119

Dear Mr. Gasaway,

We are sending you the enclosed material under the provisions of your power of attorney or other authorization on file with us. For your convenience, we have listed the name of the taxpayer to whom this material relates.

If you have any questions, please call the contact person at the telephone number shown in the heading of this letter.

Thank you for your cooperation.

Sincerely,

Martie TenEyck
Internal Revenue Agent

Enclosures:
[X] Letter(s)
[ ] Report(s)
[ ] Other
Taxpayer's Name: Hutton, Mark E. & Mary S.

EXHIBIT
11

Letter 937 (8-2000)
Cat. No. 30760X



605-53

Anthony S. Gasaway
*Attorney at Law*
*Tax Controversy and Litigation*

41 South Old Orchard
Suite B
Webster Groves, Missouri
USA 63119

Phone: 314-961-3812
Fax: 314-918-7120
Cellular 314-324-8465
Email: tonyg@gasawaytaxlaw.com

RECEIVED
APR 1 1 2005
IRS WICHITA

April 11, 2005 VIA Fax

Internal Revenue Service
Attn: Martie TenEyck
271 W. 3rd St. Ste 5000
Wichita, KS 67202

Re: Request For Consents and IDR Responses

Dear Ms. TenEyck:

I am in receipt of your letters dated March 24, 2005 and March 29, 2005 to set an appointment in this case. Unfortunately, when Mr. Happel rescheduled the meeting for April 12, 2005, he was unaware that my wife has jury duty during this week, requiring my presence in St. Louis for family matters. Consequently, I suggest that the meeting either occur in St. Louis this Friday or in Wichita next week. Please advise of you availability.

Also, I request that you discontinue the practice of contacting my client directly for no reason other than to complain of my allegedly infrequent communications with you. As the attachment to your March 24th letter states, I have communicated with you via telephone or letter on no fewer than nine (9) occasions from January 3, 2005 through March 16, 2005. I intend on cooperating in this matter. However, such inappropriate communications by you hinders such approach.

Attached hereto is a signed Form 872-I extending the statute of limitations for 2001 to December 31, 2005.

Sincerely

Anthony S. Gasaway

EXHIBIT
12



605-54

| Form 872-I (Rev. February 2005) | Department of the Treasury-Internal Revenue Service<br>**Consent to Extend the Time to Assess Tax As Well As Tax Attributable to Items of a Partnership** | In reply refer to: 4557-WIC<br>Taxpayer Identification Number<br>[redacted] |
|---|---|---|

Mark E. Hutton and Mary S. Hutton
*(Name(s))*

taxpayer(s) of 7118 Clear Meadow Court, Wichita, Kansas 67205
*(Number, Street, City or Town, State, ZIP Code)*

and the Commissioner of Internal Revenue consent and agree to the following:

(1) The amount of any Federal Income *(Kind of tax)* tax due on any return(s) made by or for the above taxpayer(s) for the period(s) ended December 31, 2001

may be assessed at any time on or before December 31, 2005 *(Expiration date)*. However, if a notice of deficiency in tax for any such period(s) is sent to the taxpayer(s) on or before that date, then the time for assessing the tax will be further extended by the number of days the assessment was previously prohibited, plus 60 days.

(2) The taxpayer(s) may file a claim for credit or refund and the Service may credit or refund the tax within 6 months after this agreement ends.

Without otherwise limiting the applicability of this agreement, this agreement also extends the period of limitations for assessing any tax (including additions to tax and interest) attributable to any partnership items (see section 6231 (a)(3)), affected items (see section 6231 (a)(5)), computational adjustments (see section 6231(a)(6)), and partnership items converted to nonpartnership items (see section 6231 (b)). This agreement extends the period for filing a petition for adjustment under section 6228(b) but only if a timely request for administrative adjustment is filed under section 6227. For partnership items which have converted to nonpartnership items, this agreement extends the period for filing a suit for refund or credit under section 6532, but only if a timely claim for refund is filed for such items. In accordance with paragraph (1) above, an assessment attributable to a partnership shall not terminate this agreement for other partnerships or for items not attributable to a partnership. Similarly, an assessment not attributable to a partnership shall not terminate this agreement for items attributable to a partnership.

RECEIVED
APR 11 2005
IRS
WICHITA KS

Not Accepted
Signed by POA
who doesn't have Authority

**Your Rights as a Taxpayer**

You have the right to refuse to extend the period of limitations or limit this extension to a mutually agreed-upon issue(s) or mutually agreed-upon period of time. *Publication 1035, Extending the Tax Assessment Period*, provides a more detailed explanation of your rights and the consequences of the choices you may make. If you have not already received a Publication 1035, the publication can be obtained, free of charge, from the IRS official who requested that you sign this consent or from the IRS' web site at www.irs.gov or by calling toll free at 1-800-829-3676. Signing this consent will not deprive you of any appeal rights to which you would otherwise be entitled.



05-55

**SIGNING THIS CONSENT WILL NOT DEPRIVE THE TAXPAYER(S) OF ANY APPEAL RIGHTS TO WHICH THEY WOULD OTHERWISE BE ENTITLED.**

**YOUR SIGNATURE HERE** → ____________________ ____________

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B). *(Date signed)*

**SPOUSE'S SIGNATURE** → ____________________ ____________

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B). *(Date signed)*

**TAXPAYER'S REPRESENTATIVE**

**SIGN HERE** → [signature] 3/4/05

I am aware that I have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B). In addition, the taxpayer(s) has been made aware of these rights. *(Date signed)*

**CORPORATE NAME** → ____________________

____________________

**CORPORATE OFFICER(S) SIGN HERE**

→ ____________________ ____________ *(Title)* ____________ *(Date signed)*

→ ____________________ ____________ *(Title)* ____________ *(Date signed)*

I (we) am aware that I (we) have the right to refuse to sign this consent or to limit the extension to mutually agreed-upon issues and/or period of time as set forth in I.R.C. § 6501(c)(4)(B)

**INTERNAL REVENUE SERVICE SIGNATURE AND TITLE**

| Faris R. Fink | Midwest Area Director, SB/SE Compliance |
|---|---|
| *(Division Executive Name - see instructions)* | *(Division Executive Title - see instructions)* |

BY ____________________ ____________

*(Authorized Official Signature and Title - see instructions)* *(Date signed)*

## Instructions

If this consent is for:

- Income tax, self-employment tax, or FICA tax on tips and is made for any year(s) for which a joint return was filed, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.
- Gift tax and the donor and the donor's spouse elected to have gifts to third persons considered as made one-half by each, both husband and wife must sign the original and copy of this form unless one, acting under a power of attorney, signs as agent for the other. The signatures must match the names as they appear on the front of this form.
- Chapter 41, 42, or 43 taxes involving a partnership or is for a partnership return, only one authorized partner need sign.
- Chapter 42 taxes, a separate Form 872 should be completed for each potential disqualified person, entity, or foundation manager that may be involved in a taxable transaction during the related tax year. See Revenue Ruling 75-391, 1975-2C.B 446.

If you are an attorney or agent of the taxpayer(s), you may sign the consent provided the action is specifically authorized by a power of attorney. If the power of attorney was not previously filed, you must include it with this form.

If you are acting as a fiduciary (such as executor, administrator, trustee, etc.) and you sign this consent, attach Form 56, Notice Concerning Fiduciary Relationship, unless it was previously filed.

If the taxpayer is a corporation, sign this consent with the corporate name followed by the signature and title of the officer(s) authorized to sign.

## Instructions for Internal Revenue Service Employees

Complete the Division Executive's name and title depending upon your division

If you are in:

- the Small Business/Self-Employed Division, enter the name and title for the appropriate division executive for your business unit (e.g., Area Director for your area, Director, Compliance Policy, Director, Compliance Services).
- the Wage and Investment Division, enter the name and title for the appropriate division executive for your business unit (e.g., Area Director for your area; Director, Field Compliance Services)
- the Large and Mid-Size Business Division, enter the name and title of the Director, Field Operations for your Industry
- the Tax Exempt and Government Entities Division, enter the name and title for the appropriate division executive for your business unit (e.g., Director, Exempt Organizations; Director, Employee Plans; Director, Federal, State, and Local Governments; Director, Indian Tribal Governments; Director, Tax Exempt Bonds)
- Appeals, enter the name and title of the appropriate Director, Appeals Operating Unit

The signature and title line will be signed and dated by the appropriate authorized official within your division.

Internal Revenue Service
271 W. 3rd St., Ste 5000
Stop 4557-WIC, mt
Wichita, KS 67202

Department of the Treasury

Date: April 12, 2005

Taxpayer: Mark & Mary Hutton
Taxpayer TIN: [redacted]
Tax Form: 1040
Tax Period(s): 2001

Anthony S. Gasaway
41 S. Old Orchard, Ste B
St. Louis, MO 63119

Person to Contact: Martie TenEyck
Employee ID: 48-00250
Telephone Number: 316-352-7336
Fax Number: 316-352-7255

Dear Mr. Gasaway:

I'm sorry that you were not able to make our appointment this morning. Per your request, in your Fax dated 4/11/05, I have tried to call you to reschedule this appointment. I have left messages for you to call me.

I am available to meet with you on Monday, April 18, 2005; Thursday, April 21st; or Monday, April 25th, here in Wichita at our offices. Please call me so that we can schedule an appointment. I can be reached at the above number from 7:00 am to 3:30 pm.

I am not able to accept the Form 872I – Consent to Extend the Time to Assess Tax as well as Tax Attributable to Items of a Partnership, as the Form 2848 – Power of Attorney, you filed to represent the Huttons does not include the ability to discuss TEFRA partnership items. Please have Mr. & Mrs. Hutton sign the Form 872I and return it to me.

In order for you to sign the Form 872I and for me to discuss with you the items that flow from TEFRA partnerships to the Hutton's personal tax returns, I will need an amended Form 2848 to include the following statement: "The acts authorized by this Power of Attorney include the Representation for the purposes of Subchapter C of Chapter 63 of the Internal Revenue Code". This statement should be included on the Form 2848 on line item number 5, "Acts Authorized". I have attached a new Form 2848 with this language included for your convenience.

Thank you.

Sincerely,

Martie TenEyck
Revenue Agent #48-00250

Encl: Form 2848

Cc: Mark E. & Mary S. Hutton

EXHIBIT 13

Rev. 05/2004

Form **2848**
(Rev. March 2004)
Department of the Treasury
Internal Revenue Service

# Power of Attorney and Declaration of Representative

► Type or print. ► See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name
Telephone
Function
Date / /

**Part I** **Power of Attorney**

Caution: *Form 2848 will not be honored for any purpose other than representation before the IRS.*

1 Taxpayer information. Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| Mark E. & Mary S. Hutton<br>7118 Clear Meadow Ct.<br>Wichita, KS 67205 | [redacted]<br>[redacted] | |
| | Daytime telephone number<br>( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

2 Representative(s) must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| Anthony S. Gasaway<br>41 S. Old Orchard, Suite B<br>St. Louis, MO 63119 | CAF No. 4006-04247R<br>Telephone No. 314-961-3812<br>Fax No. 314-918-7120<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| Name and address | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

3 Tax matters

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| Income | 1040 | 2000, 2001, 2002, 2003 |
| | | |
| | | |

4 **Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. **Specific uses not recorded on CAF.** . . . . . . . . . ► ☐

5 **Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney:
The acts authorized by this Power of Attorney include the Representation for the purposes of Subchapter C of Chapter 63 of the Internal Revenue Code

6 **Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here __________ and list the name of that representative below.

Name of representative to receive refund check(s) ►

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here. . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

Signature | Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number | Print name of taxpayer from line 1 if other than individual

Signature | Date | Title (if applicable)

Print Name | ☐☐☐☐☐ PIN Number

**Part II Declaration of Representative**

**Caution:** *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer—a bona fide officer of the taxpayer's organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See **Unenrolled Return Preparer** on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| | | | |
| | | | |
| | | | |





605-59

Faxed to Ogden Service Center 5/11/05

Form **2848** (Rev. March 2004) Department of the Treasury Internal Revenue Service

# Power of Attorney and Declaration of Representative

▶ Type or print. ▶ See the separate instructions.

OMB No. 1545-0150

For IRS Use Only
Received by:
Name Martin TenEyck
Telephone 316-352-7336
Function SC 9 WIC 7
Date 5/11/05

**Part I** Power of Attorney

*Caution: Form 2848 will not be honored for any purpose other than representation before the IRS.*

**1 Taxpayer information.** Taxpayer(s) must sign and date this form on page 2, line 9.

| Taxpayer name(s) and address | Social security number(s) | Employer identification number |
|---|---|---|
| CLEARMEADOW INVESTMENTS LLC<br>2233 S. WEST STREET COURT<br>WICHITA, KS 67213 | : : | 48 : 1251013 |
| | Daytime telephone number ( ) | Plan number (if applicable) |

hereby appoint(s) the following representative(s) as attorney(s)-in-fact:

**2 Representative(s)** must sign and date this form on page 2, Part II.

| Name and address | |
|---|---|
| ANTHONY S. GASAWAY<br>41 SOUTH OLD ORCHARD, SUITE B<br>ST. LOUIS MO 63119 | CAF No. 4006-04247 R<br>Telephone No. 314-961-3812<br>Fax No. 314-918-7120<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| RICHARD A. HAPPEL<br>41 SOUTH OLD ORCHARD SUITE B<br>ST LOUIS MO 63119 | CAF No. 0300-97130 R<br>Telephone No. 314-961-3369<br>Fax No. 314-918-7120<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |
| | CAF No.<br>Telephone No.<br>Fax No.<br>Check if new: Address ☐ Telephone No. ☐ Fax No. ☐ |

to represent the taxpayer(s) before the Internal Revenue Service for the following tax matters:

**3 Tax matters**

| Type of Tax (Income, Employment, Excise, etc.) or Civil Penalty (see the instructions for line 3) | Tax Form Number (1040, 941, 720, etc.) | Year(s) or Period(s) (see the instructions for line 3) |
|---|---|---|
| INCOME | 1065 | 2001, 2002 |
| | | |
| | | |

**4 Specific use not recorded on Centralized Authorization File (CAF).** If the power of attorney is for a specific use not recorded on CAF, check this box. See the instructions for Line 4. **Specific uses not recorded on CAF** . . . . . . . . . ▶ ☐

**5 Acts authorized.** The representatives are authorized to receive and inspect confidential tax information and to perform any and all acts that I (we) can perform with respect to the tax matters described on line 3, for example, the authority to sign any agreements, consents, or other documents. The authority does not include the power to receive refund checks (see line 6 below), the power to substitute another representative, the power to sign certain returns, or the power to execute a request for disclosure of tax returns or return information to a third party. See the line 5 instructions for more information.

**Exceptions.** An unenrolled return preparer cannot sign any document for a taxpayer and may only represent taxpayers in limited situations. See **Unenrolled Return Preparer** on page 2 of the instructions. An enrolled actuary may only represent taxpayers to the extent provided in section 10.3(d) of Circular 230. See the line 5 instructions for restrictions on tax matters partners.

List any specific additions or deletions to the acts otherwise authorized in this power of attorney: ..............................

**6 Receipt of refund checks.** If you want to authorize a representative named on line 2 to receive, **BUT NOT TO ENDORSE OR CASH,** refund checks, initial here __________ and list the name of that representative below.

Name of representative to receive refund check(s) ▶

EXHIBIT 14

**7 Notices and communications.** Original notices and other written communications will be sent to you and a copy to the first representative listed on line 2.

a If you also want the second representative listed to receive a copy of notices and communications, check this box . . ▶ ☐

b If you do not want any notices or communications sent to your representative(s), check this box . . . . . . . ▶ ☐

**8 Retention/revocation of prior power(s) of attorney.** The filing of this power of attorney automatically revokes all earlier power(s) of attorney on file with the Internal Revenue Service for the same tax matters and years or periods covered by this document. If you do not want to revoke a prior power of attorney, check here. . . . . . . . . . . . ▶ ☐

**YOU MUST ATTACH A COPY OF ANY POWER OF ATTORNEY YOU WANT TO REMAIN IN EFFECT.**

**9 Signature of taxpayer(s).** If a tax matter concerns a joint return, both husband and wife must sign if joint representation is requested, otherwise, see the instructions. If signed by a corporate officer, partner, guardian, tax matters partner, executor, receiver, administrator, or trustee on behalf of the taxpayer, I certify that I have the authority to execute this form on behalf of the taxpayer.

▶ **IF NOT SIGNED AND DATED, THIS POWER OF ATTORNEY WILL BE RETURNED.**

[signature] 5/11/05

Signature Date Title (if applicable)

Mark E. Hutton ☐☐☐☐☐

Print Name PIN Number Print name of taxpayer from line 1 if other than individual

Signature Date Title (if applicable)

☐☐☐☐☐

Print Name PIN Number

## Part II Declaration of Representative

Caution: *Students with a special order to represent taxpayers in Qualified Low Income Taxpayer Clinics or the Student Tax Clinic Program, see the instructions for Part II.*

Under penalties of perjury, I declare that:

- I am not currently under suspension or disbarment from practice before the Internal Revenue Service;
- I am aware of regulations contained in Treasury Department Circular No. 230 (31 CFR, Part 10), as amended, concerning the practice of attorneys, certified public accountants, enrolled agents, enrolled actuaries, and others;
- I am authorized to represent the taxpayer(s) identified in Part I for the tax matter(s) specified there; and
- I am one of the following:

a Attorney—a member in good standing of the bar of the highest court of the jurisdiction shown below.

b Certified Public Accountant—duly qualified to practice as a certified public accountant in the jurisdiction shown below.

c Enrolled Agent—enrolled as an agent under the requirements of Treasury Department Circular No. 230.

d Officer—a bona fide officer of the taxpayer's organization.

e Full-Time Employee—a full-time employee of the taxpayer.

f Family Member—a member of the taxpayer's immediate family (i.e., spouse, parent, child, brother, or sister).

g Enrolled Actuary—enrolled as an actuary by the Joint Board for the Enrollment of Actuaries under 29 U.S.C. 1242 (the authority to practice before the Service is limited by section 10.3(d) of Treasury Department Circular No. 230).

h Unenrolled Return Preparer—the authority to practice before the Internal Revenue Service is limited by Treasury Department Circular No. 230, section 10.7(c)(1)(viii). You must have prepared the return in question and the return must be under examination by the IRS. See Unenrolled Return Preparer on page 2 of the instructions.

▶ **IF THIS DECLARATION OF REPRESENTATIVE IS NOT SIGNED AND DATED, THE POWER OF ATTORNEY WILL BE RETURNED.** See the Part II instructions.

| Designation—Insert above letter (a–h) | Jurisdiction (state) or identification | Signature | Date |
|---|---|---|---|
| a | MO | [signature] | 5/9/05 |
| b | MO | [signature] | 5/9/05 |
| | | | |

# FACISIMILE COVER SHEET

TO: Martie TenEyck

PHONE: 316-352-7255

Date: June 8, 2005

Pages: 3

Concerns Summons Date of June 13, 2005

Tony Gasaway



EXHIBIT 15

605.85

**Anthony S. Gasaway**
*Attorney at Law*
*Tax Controversy and Litigation*

41 South Old Orchard
Suite 6
Webster Groves, Missouri
USA 63119

Phone 314-961-3812
Fax 314-918-7120
Cellular 314-324-8965
Email tonyg@gasawaytaxlaw.com

June 8, 2005

RECEIVED
JUN 0 8 2005

Ms. Martie TenEyck
271 W. 3d St. Ste 5000
Wichita, KS 67202

Re: IRS Summons Issued to John Livingston

Dear Ms. TenEyck:

I am in receipt the summonses that you issued to Mark and Mary Hutton that seek many of the same documents that were provided to you on May 11, 2005, pursuant to IDR 1. During that conference, my clients produced many documents and objected to the production of documents that concerning transactions that occurred in years prior to the years under examination. To date, the Internal Revenue Service ("Service") has not advised my clients of the relevancy of those requests. For the following reasons my clients will not be producing additional documents on June 13, 2005, but may produce additional documents after they have had sufficient time to review the summons.

*The Summons Seeks Improperly Records Outside The Year Under Examination*

Although the subject summons was issued as part of the federal income tax examination of my clients' tax returns for the year ended December 31, 2001, it seeks improperly documents relating to transactions for six years other than the year under investigation. Such request violates Section 7602 that precludes the examination of books and records that are neither "relevant nor material" to the year under examination.

The subject summons is analogous to that issued in *United States v. Goldman*, 637 F.2d. 664 (9th Cir. 1980), where the lower court denied the Service's request to have the summoned party give testimony and produce books and records pertaining to years prior to those under examination. The Ninth Circuit upheld the denial stating that the Service cannot summons records from a prior year unless it establishes a "realistic expectation" that those records directly impact the tax liabilities under examination. Like the summons in *Goldman*, the subject summons clearly falls without both case law and statutory law. When asked on May 11th how the requests were relevant to the year under investigation, the Service was unable to produce an explanation.

*The Summons Is Unreasonable As To Time*

To the extent that the Service seeks records some of which fall without IDR 1, allowing eight (8) business days to produce documents concerning more than 50 requests



005.86

is improper and again violates Section 7606 that require the time of the summons be "reasonable under the circumstances."

Simply by way of example, I note that we have already provided you with the names of persons responsive to requests 1 and 2. Any legal memorandums requested in items 3, 4, 5, 6, and 7 are privileged and, as explained to you on May 11th, there are no brochures, economic projections, etc. As stated on May 11th, all documents relating to item 10 has been provided. Items 11, 12, and 13 are overly broad insofar as they relate to tax years other than 2001 and you have provided no explanation of the relevancy for such years. Until the explanation is received, we are not obligated to produce such documents. For item 14 and 15, relevant brokerage statements and wire transfers were provided. I will address the remaining items in due course as the timeframe for production is insufficient to respond to each.

If you have any questions regarding this letter, please call me at 314-961-3812.

Very truly yours,

Anthony S. Gasaway

ASG:aee



605-97