No. 05-1223 T
(Judge Allegra)

---

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

---

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant.

---

# BRIEF IN SUPPORT OF PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT

---

THOMAS C. PLISKE
Stientjes & Pliske, LLC
1120 Olivette Executive Parkway
Suite 220
St. Louis, MO 63132
Tel: (314) 872 -3988
Fax: (314) 872-7374

Attorney for Plaintiff

## TABLE OF CONTENTS

Page

INTRODUCTION ....................................................................................................1

ARGUMENT ........................................................................................................2

I. *Clearmeadow LLC did not assume a liability of Clearmeadow Capital when Clearmeadow LLC admitted CF Advisors.* ..........................................................2

A. *Even if Clearmeadow LLC assumed a liability of Clearmeadow Capital as part of the transaction admitting CF Advisors XXXVII, LLC as a new partner, by law, the alleged assumption of liability is not taxed as an assumption of liability due to the exception codified under I.R.C. § 358(h)(2)(A).* ..........................................................2

II. *The 40% penalty will not apply to the alleged understatement due to the alleged overstatement of Clearmeadow Capital's basis in the partnership interest of Clearmeadow LLC and its assets.* ..........................................................5

A. *I.R.C. § 6662(h) imposes a 40% penalty for a gross misstatement or valuation if the amount reported is misstated by 400% or more.* ............................6

B. *If the Court determines that Clearmeadow LLC assumed a liability, Clearmeadow LLC's acceptance of Clearmeadow Capital property and cash reduce any assumption of liability and prevents the imposition of the 40% penalty.* ..........................................................6

1. *If Clearmeadow LLC assumed a liability of Clearmeadow Capital, any alleged assumed liability was for $296,700, and taken with the calculation of the property and cash contributed by Clearmeadow Capital, it would cause the misstatement of its basis to be less than 400%.* .......................................................... 6-7

2. *Alternatively, Treas. Reg. 1.704-1(b)(iv)(b)(2) requires that the alleged net assumption of liability be used in adjusting Clearmeadow Capital's capital account and this results in a misstatement of its basis in Clearmeadow LLC of only 315%.* .................10

C. *Alternatively, the 40% penalty does not apply because Clearmeadow Capital transferred a validly formed business in conjunction with the alleged assumption of liability.* ..........................................................11

[Table of Contents, continued] Page

1. *If Clearmeadow LLC assumed a liability of Clearmeadow Capital, any alleged assumed liability was for $296,700, and with the property and cash contributed by Clearmeadow Capital would cause the misstatement of its basis to be less than 400%.* ........................12

III. *Plaintiffs' factual assertions establish that reasonable cause exists and therefore prevents the imposition of the 40% penalty.* .....................................................................12

IV. *Defendant's proposal to resolve this case under Court of Federal Claims Rule 56(d) and to have a subsequent proceeding regarding the value of the penalties is unavailing because Defendant has failed to raise a genuine factual issue to prevent the Court from granting Plaintiff's Cross-Motion for Summary Judgment..* ....................14

A. *The Court should grant Plaintiff's Cross-Motion for Summary Judgment because there are no genuine issues of material fact regarding whether there is an assumption of liability by Clearmeadow LLC.*....................................15

B. *The Court should grant Plaintiff's Cross-Motion for Summary Judgment because there are no genuine issues of material fact which prevent the imposition of the 40% gross missvaluation penalty.* ............................................16

C. *Plaintiff is entitled to Summary Judgment regarding whether reasonable cause exists because Defendant has not raised genuine issues of material fact to prevent the Court from granting Plaintiff's Cross-Motion for Summary Judgment and to determine that the reasonable cause exception applies.* ..........................................................................................16

CONCLUSION..........................................................................................................17

## TABLE OF AUTHORITIES

Cases: Page

C.I.R. v. Groetzinger, 480 U.S. 23 (1987) .......... 2

Statutes:

Internal Revenue Code of 1986:

§ 358(h)(2)(A) .......... 1, 2, 3, 11, 14, 15
§ 6662(b) .......... 4, 5, 11
§ 6664(h) .......... 11, 14

Treasury Regulations (26 C.F.R.):

§ 1.704-1(b)(iv)(b)(2) .......... 7, 9
§ 1.752-6 .......... 1
§ 1.6664-4(c)(1)(iv) .......... 12

IN THE UNITED STATES COURT OF FEDERAL CLAIMS

No. 05-1223 T
(Judge Allegra)

CLEARMEADOW INVESTMENTS, LLC,
CLEARMEADOW CAPITAL CORP.,
Tax Matters Partner,

Plaintiff,

v.

THE UNITED STATES,

Defendant,

PLAINTIFFS' BRIEF IN REPLY TO DEFENDANT'S BRIEF IN RESPONSE TO PLAINTIFFS' CROSS MOTION FOR SUMMARY JUDGMENT

Plaintiff files this brief in reply to Defendant's brief in response to Plaintiff's Cross-Motion for Summary Judgment to address issues raised in Defendant's brief in response. For the reasons stated below, the Court should grant Plaintiff's Cross-Motion for Summary Judgment and determine the following: (1) Clearmeadow LLC did not assume a liability of Clearmeadow Capital when Clearmeadow LLC admitted CF advisors as a new partner; (2) the 40% gross missvaluation penalty is inapplicable to Plaintiff in this case; and (3) reasonable cause exists in this case and prevents the imposition of the 40% penalty.

On December 10, 2007 Defendant filed its brief in response to Plaintiff's Cross-Motion for Summary Judgment. In its response, Defendant alleges several conclusions without supporting its conclusion based on the facts. For example, Defendant contends that Plaintiff did

not reasonably rely on the advice of its advisors, yet fails to state any facts which reflect Plaintiff's, and by extension, Hutton's state of mind, at the time the transaction was undertaken by Plaintiff or Hutton. Rather than make factual assertions to support its conclusion, Defendant merely concludes that reasonable cause did not exist.

After reviewing Defendant's unsubstantiated conclusory statements, Plaintiff believes, as a matter of law, Defendant has failed to raise a single genuine issue of material fact which would bar the Court from granting Plaintiff's Cross-Motion for Summary Judgment and making the determinations requested above. Furthermore, Defendant's request to hold a limited trial, pursuant to Court of Federal Claims Rules 56(d), are unavailing because Defendant has failed to raise a genuine issue of material fact to bar the Court from granting Plaintiff's Cross-Motion for Summary Judgment.

## I. Clearmeadow LLC did not assume a liability of Clearmeadow Capital when Clearmeadow LLC admitted CF Advisors.

Clearmeadow LLC did not assume a liability of Clearmeadow Capital, when Clearmeadow LLC admitted CF Advisors as a new partner, because the exception codified under I.R.C. § 358(h)(2)(A) is applicable to Clearmeadow LLC. Clearmeadow LLC was an active trade or business both before the admittance of CF Advisors and subsequent to the admittance of CF Advisors, Clearmeadow LLC did not assume a liability of Clearmeadow Capital.

### A. Even if Clearmeadow LLC assumed a liability of Clearmeadow Capital as part of the transaction admitting CF Advisors XXXVII, LLC as a new partner, by law, the alleged assumption of liability is not taxed as an assumption of liability due to the exception codified under I.R.C. § 358(h)(2)(A).

Defendant argues in its response that, even if the exceptions under I.R.C. § 358(h)(2)(A) apply to Treas. Reg. § 1.752-6, Clearmeadow LLC still assumed the liability of Clearmeadow

Capital. Defendant challenges Plaintiffs' assertion that Clearmeadow LLC did not assume the liability of Clearmeadow LLC because Defendant concludes without factual support that Clearmeadow Capital did not transfer a trade or business to Clearmeadow LLC. Defendant further contends that Plaintiff's limited concession, that the transaction lacked business purpose or economic effect, negates the fact that Clearmeadow LLC was a trade or business prior to the alleged assumption of liability. Defendant's claims are without merit, as Clearmeadow LLC was an active trade or business prior to admitting CF Advisors; and, therefore, following the admission of CF Advisors. Furthermore, the facts reflect that at the time of the admittance of CF Advisors, Clearmeadow LLC was a valid trade or business, and only subsequently, for purposes of Defendant's Motion for Summary Judgment, does Plaintiff concede that the legal significance of the valid trade or business may have changed.

In Defendant's response to Plaintiff's Cross Motion for Summary Judgment, Defendant fails to state one fact supporting its position that Clearmeadow LLC was not a valid trade or business after the admittance of CF Advisors. If Clearmeadow LLC was a valid trade or business after the admittance of CF Advisors, and the only difference between Clearmeadow LLC before and after the admittance of CF Advisors was CF advisors as a partner, then it logically follows that Clearmeadow LLC was a valid trade or business prior to the admittance of CF Advisors. Additionally, based on the definition of a trade or business as the Supreme Court has defined in <u>C.I.R. v. Groetzinger</u>, 480 U.S. 23 (1987), to be a trade or business, the taxpayer must be involved in the activity with continuity and regularity and that the taxpayer's primary purpose for engaging in the activity must be for income or profit. In this case, Hutton, prior to the admittance of CF Advisor was the sole member of Clearmeadow LLC or was the sole

shareholder of Clearmeadow Capital, the sole member of Clearmeadow LLC, and continually and with regularity participated in Clearmeadow LLC's activities including implementing the MLD investments. Furthermore, Clearmeadow LLC was engaged in a profitable venture, because Hutton, either as the sole member of Clearmeadow LLC or as the sole shareholder of Clearmeadow Capital, had entered into the MLD investment for a profit. Hutton sought the advice of his independent accountant, Hewitt, regarding the MLD investment, and Hutton took Hewitt's advice regarding the MLD transaction as a sign that Hewitt believed the transaction had a reasonable possibility of earning a profit. See Appendix B to Plaintiff's Cross Motion for Summary Judgment pp. 8, Pliske Decl. Exhibit 1, pg 21, ln 8-24. Based on Hewitt's advice and affirmation of the transaction, Hutton formed a reasonable belief that the MLD transaction would generate a profit (after fees and costs). Id., App. B pg. 8, Pliske Decl. Ex. 1, pg. 21 ln. 8-24. Defendant, in its response, has failed to raise any facts which reflect that Hutton was not engaged in Clearmeadow LLC for a profit motive, both before or after the admittance of CF Advisors. The Uncontroverted Facts suggest otherwise, that Hutton had a profit motive for forming Clearmeadow LLC prior to the admittance of CF Advisors. Since Clearmeadow LLC was a valid trade or business prior to the admittance of CF Advisors, the exception to the assumption of liability codified in I.R.C. § 358(h)(2)(A) is applicable; and therefore, Clearmeadow LLC did not assume a liability of Clearmeadow Capital with the admittance of CF Advisors.

Furthermore, Defendant in its Response states that Plaintiff has conceded that the transaction before the Court lacked business purpose and economic effect. (See Def. Resp. pg.8) The problem with Defendant's contention is that Defendant is attempting to determine whether a valid trade or business existed today, rather than making the determination in 2001, when

Clearmeadow LLC was formed, and when Clearmeadow LLC admitted CF Advisors. As explained above, Clearmeadow LLC was a validly formed single member disregarded entity with a profit motive prior to the admittance of CF Advisors and was a validly formed partnership after the admittance of CF Advisors. Subsequent legal treatment, should not deny Clearmeadow LLC relief, when at the time Clearmeadow LLC admitted CF Advisors, it was both a validly formed business before the admittance and after the admittance of CF Advisors.

II. The 40% penalty will not apply to the alleged understatement due to the alleged overstatement of Clearmeadow Capital's basis in the partnership interest of Clearmeadow LLC and its assets.

Despite Defendant's claims that the 40% penalty applies to this case, I.R.C. § 6662(h) imposes a 40% penalty for a gross misstatement or valuation only if the amount reported is misstated by 400% or more. Plaintiff in its reporting of losses that flowed through to Hutton's tax return did not misstate Clearmeadow Capital's basis in Clearmeadow LLC in an amount greater that 400%. Additionally, Defendant's calculation of the 40% penalty is mathematically inaccurate, as Defendant fails to use the net liability allegedly assumed by Clearmeadow LLC, and Defendant fails to account for the contribution of the Long MLD position. Assuming that the gross valuation penalty applies, the computation results in a misstatement in the amount of 345% or 315%, well short of the 400% required for the imposition of the 40% penalty.

Furthermore, the imposition of the 40% penalty is barred because Clearmeadow Capital's basis in Clearmeadow LLC should not be reduced by Clearmeadow LLC's alleged assumption of Clearmeadow Capital's liability which meets the exception contained in I.R.C. § 358(h)(2)(A). Based on the undisputed facts, Clearmeadow LLC was a validly formed business, prior to the admittance of CF Advisors.

A. I.R.C. § 6662(h) imposes a 40% penalty for a gross misstatement or valuation if the amount reported is misstated by 400% or more.

The parties are in agreement that I.R.C. § 6662(h) imposes a 40% penalty for a gross valuation misstatement. A gross valuation misstatement is defined in I.R.C. § 6662(h) as any substantial valuation misstatement that exceeds 400% of the correct value. Again, the parties are in agreement regarding the statement of the law. However, as described below, Defendant's figures are inaccurate, as Defendant fails to use the proper figures in determining whether Clearmeadow Capital grossly misstated its basis in Clearmeadow LLC when it reported a loss in 2001 from Clearmeadow Capital LLC.

B. If the Court determines that Clearmeadow LLC assumed a liability, Clearmeadow LLC's acceptance of Clearmeadow Capital property and cash reduce any assumption of liability and prevents the imposition of the 40% penalty.

Even assuming that the Court determines that Clearmeadow LLC assumed a liability of Clearmeadow Capital, the alleged assumption of liability does not rise to the level necessary for the imposition of the 40% penalty for gross valuation misstatement as codified in I.R.C. § 6662(h). Defendant's claims that the 40% penalty is applicable in this case is due to Defendant's miscalculations involving the alleged assumption of liability. As explained below, if Clearmeadow LLC assumed a liability, the liability assumed by Clearmeadow LLC was only for $296,700 which would cause the valuation misstatement to be less than the 400% threshold. Additionally, because Defendant, in its calculation of the valuation misstatement, did not offset the alleged assumption of liability with the fair market value of the Long MLD Position no imposition of the 40% penalty is necessary.

1. If Clearmeadow LLC assumed a liability of Clearmeadow Capital, any alleged assumed liability was for $296,700, and taken with the

> calculation of the property and cash contributed by Clearmeadow Capital, it would cause the misstatement of its basis to be less than 400%.

Assuming that the Court determines that Clearmeadow LLC assumed a liability of Clearmeadow Capital, when Clearmeadow LLC admitted CF Advisors as a new partner, the alleged assumption of liability as shown below is $296,700 and not $2,769,200, contrary to Defendant's contention. Defendant, in its Response and in its Motion for Summary Judgment, contends that Clearmeadow LLC assumed the liability of $2,769,200. Defendant's contention is based on its proposed fact No. 42, in which Defendant states that the liability assumed by Clearmeadow LLC is equal to the Bonus Coupon (Variable Interest Expense) figure for the Short MLD position, or $2,769,200. However, Defendant fails to accurately read the Short MLD transaction. After careful examination of the Short MLD transaction, the Court and Defendant will realize that if an assumption of liability occurred, the amount of any assumption of liability is limited to $269,700.

Defendant established and Plaintiff acknowledged in its Response to Defendant's Proposed Finding of Uncontroverted Facts ("DFUF") No. 42, the Short MLD position is comprised of the following:

| | | |
|---|---|---|
| Fixed Interest (3.665% annualized actual/360) | | USD 150,163 |
| Deposit Amount | EUR 27,472,520 | USD 25,000,000 |
| Premium Received | EUR 2,717,033 | USD 2,472,500 |
| Bonus Coupon (Variable Interest Expense) | | USD 2,769,200 |

Based on the figures above, the Short MLD position is comprised of a fixed interest element, a deposit amount, a premium received and a bonus coupon (variable interest expense) element. To determine the actual alleged assumption of liability, Defendant should have taken the bonus

coupon (variable interest expense) element and subtracted the premium received. This mathematical calculation appears as follows:

$$\$2,769,200 - \$2,472,500 = \$269,700$$

The first figure is the bonus coupon or variable interest expense. The second figure represents the premium received. In a Short MLD position, the position is predicated on the fact that the purchaser receives a premium for selling the Short MLD position, and that this premium would offset any liability the purchaser would have to pay if the Short MLD position is achieved. This spread results in a liability by Clearmeadow LLC of only $269,700. Treas. Reg. § 1.704-1(b)(iv)(b)(2) explains that when adjusting the capital accounts for a partner, the net assumption of liabilities is used to determine the allocations of any alleged assumption of liability. In this case, the net of the Short MLD position only results in an alleged assumption of liability of $296,700.

The $296,700 is further confirmed by the tax treatment of the $2,472,500 premium that Clearmeadow LLC received. As Defendant stated in DFUF No. 43, which Plaintiff confirmed the figure but challenged the negative inference it suggested, Hutton did not report the $2,472,500 figure in income. Hutton did not report the premium position in income is because it would be used to pay off the Short MLD position. Because the premium offset the alleged liability, the true figure for the alleged assumption of liability by Clearmeadow LLC was $296,700 and not the alleged $2,769,200, as Defendant contends.

In order to determine the effect of this alleged assumption of liability on Clearmeadow Capital's capital account and whether it grossly misstated its basis in Clearmeadow LLC, a

careful examination of the long position and its net asset must occur. Again, based on DFUF No. 42, the Long MLD position was comprised of the following:

| | | |
|---|---|---|
| Fixed Interest (3.665% annualized actual/360) | | USD 150,163 |
| Deposit Amount | EUR 27,472,520 | USD 25,000,000 |
| Premium Paid | EUR 2,717,033 | USD 2,500,000 |
| Bonus Coupon (Variable Interest Income) | | USD 2,800,000 |

To determine the net contribution of the Long Position by Clearmeadow Capital, Clearmeadow Capital purchased a long position for $2,500,000 and received a premium of $2,800,000. This results in a capital contribution of $300,000. The contribution of the Long MLD Position coupled with the liability of the Short MLD Position results in a positive capital account adjustment of $3,300 ($300,000 – $296,700= $3,300). This figure is calculated by subtracting the $296,000 (difference from the Short MLD Position) from the $300,000 (difference from the Long MLD Position). This $3,300 added to the cash contribution by Clearmeadow Capital results in Clearmeadow Capital's basis in Clearmeadow LLC to be $290,800. The $290,800 calculation is determined by adding the $3,300 to the cash contributed by Clearmeadow Capital ($287,500), and results in a positive capital account of $290,800. To determine the percentage of the misstatement, one would take the loss reported by Clearmeadow Capital on its 2001 return, $1,004,040 and divide it by the Clearmeadow Capital's basis, $290,800, which represents a 345% increase of Clearmeadow Capital's basis in Clearmeadow LLC. If in fact there is a valuation misstatement, it would  result in a misstatement of Clearmeadow Capital's basis in Clearmeadow LLC of 345%, well short of the 400% required for the imposition of the 40% gross valuation misstatement under I.R.C. § 6662(h). As a result, Clearmeadow Capital, nor Clearmeadow LLC is liable for the 40% gross valuation misstatement penalty.

2. Alternatively, Treas. Reg. 1.704-1(b)(iv)(b)(2) requires that the alleged net assumption of liability be used in adjusting Clearmeadow Capital's capital account and this results in a misstatement of its basis in Clearmeadow LLC of only 315%.

Alternatively, Treas. Reg. 1.704-1(b)(iv)(b)(2) requires that the partnership in maintaining the capital accounts of the respective partners of the partnership, increase the capital accounts of the partners by the "the fair market value of property contributed by him to the partnership (net of liabilities that the partnership is considered to assume or take subject to)." As a result, to properly determine the impact the long and short position would have on the capital accounts of the partner and to determine the basis Clearmeadow Capital has in Clearmeadow LLC, the calculation begins with the fair market value of the Long MLD Position. Defendant argues that the fair market value of the Long MLD Position is $2,500,000. Defendant bases his determination on DFUF No. 42, and the fact that Clearmeadow LLC paid a premium for the long position of $2,500,000. Defendant's contention is flawed. Treas. Reg. § 1.704-1(b)(iv)(b)(2) states that the fair market value of the Long MLD Position must be used. The true fair market value of the Long MLD Position is $2,800,000, as Clearmeadow LLC received $2,800,000 for completion of the Long MLD Position, and not $2,500,000. Because the fair market value of the Long MLD Position is $2,800,000, this figure should have been used by Defendants in calculating Clearmeadow Capital's basis in Clearmeadow LLC and not the $2,500,000 Defendant proposed.

The second part of the adjustment to Clearmeadow Capital's capital account is a downward adjustment for any alleged assumption of liability by the partnership. If Clearmeadow LLC assumed the liability of Clearmeadow Capital when Clearmeadow LLC admitted CF Advisors, and assuming that Defendant has the correct figure that the liability

assumed was in the amount of $2,769,200, then the net change to Clearmeadow Capital's capital account as a result of the contributions of both the Long MLD Position and the Short MLD Position is the difference from the Fair Market Value (FMV) of the Long MLD Position, $2,800,000 and the liability allegedly assumed by Clearmeadow LLC, $2,769,200. The mathematical calculation is as follows:

$$\$2,800,000 - \$2,769,200 = \$30,800$$

This results in a positive change in Clearmeadow Capital's capital account of $30,800. This coupled with Clearmeadow Capital's cash contribution, $287,500, results in a basis of $318,300. Again, this basis when compared to the loss claimed by Clearmeadow LLC on its 2001 return, $1,004,040, results in an overstatement in the amount of 315%. This percentage is well below the 400% threshold required to impose the 40% gross misstatement valuation penalty. Therefore, the facts reflect that Defendant has failed to successfully show that Plaintiff is subject to the 40% penalty, or Defendant has failed to successfully argue against Plaintiffs' contention that it is not subject to the 40% gross misstatement penalty. In either case, Plaintiff has established that it is not subject to the 40% gross misstatement valuation penalty.

C. Alternatively, the 40% penalty does not apply because Clearmeadow Capital transferred a validly formed business in conjunction with the alleged assumption of liability.

As explained previously, Clearmeadow LLC was a valid trade or business prior to the admittance of CF Advisors, and the exception to Clearmeadow LLC's alleged assumption of liability of Clearmeadow Capital, as codified in I.R.C. § 358(h)(2)(A) is applicable. Because the exception applies, no assumption of liability occurred when Clearmeadow LLC admitted CF

Advisors, and therefore no gross valuation misstatement occurred which would require the imposition of the 40% penalty under I.R.C. § 6664(h).

1. The undisputed facts show that Clearmeadow Capital transferred a validly formed business in conjunction with the alleged assumption of liability.

As explained above, Clearmeadow LLC was a valid trade or business prior to the admittance of CF Advisors and following the admittance of CF Advisors. Hutton as sole member and as sole shareholder of Clearmeadow Capital, was engaged in Clearmeadow LLC's business on a continuous and regular basis. Additionally, Clearmeadow LLC was engaged in a for-profit venture, because Hutton as sole member or sole shareholder of Clearmeadow Capital was engaged in the MLD investment for profit. (See above regarding Hutton's intentions for entering into the MLD investment.) Because Clearmeadow LLC was a valid trade or business both prior to and after the admittance of CF Advisors, Clearmeadow LLC was a valid trade or business and the exception codified in I.R.C. § 358(h)(2)(A) is applicable to Clearmeadow Capital; and, therefore, Clearmeadow LLC did not assume a liability of Clearmeadow Capital.

III. Plaintiffs' factual assertions establish that reasonable cause exists and therefore prevents the imposition of the 40% penalty.

Defendant claims that Plaintiff failed to alleged sufficient facts to raise a triable issue on whether the partnership reasonably relied on the advice Hutton received from his advisors. Defendant's claims are without merit, and the reasonable cause exception is applicable in this case.

As stated in Plaintiff's Response to Defendant's Motion for Summary Judgment and Plaintiff's Cross Motion for Summary Judgment, reasonable cause exists when the taxpayer makes a good faith effort to assess his proper tax liability in light of all the circumstances. In this

case, Plaintiff has established that Hutton reasonably relied on the advice of his independent CPA, Hewitt, to determine whether the MLD transaction was viable. The independent CPA, researched the issue, and did not raise an objection to the MLD transaction, which indicated to Hutton that Hewitt approved the MLD transaction. See Plaintiff's Brief in Support of Plaintiff's Cross Motion for Summary Judgment, pgs. 22-23. Because Plaintiff in its Cross Motion for Summary Judgment has established that reasonable cause exists, the Court should deny Defendant's Motion for Summary Judgment and grant Plaintiff's Cross Motion for Summary Judgment with respect to this issue.

Defendant's response is predicated on the allegation that Hutton's state of mind at the time the transaction occurred is irrelevant. Defendant bases its response on Treas. Reg. § 1.6664-4(c)(1)(ii), which states in pertinent part, "the advice must not be based upon a representation or assumption which the taxpayer knows, or has reason to know, is unlikely to be true…." Defendant uses this regulation to reach the conclusion that Hutton knew or should have known that a position is unlikely to be true, yet fails to allege sufficient facts to demonstrate that Hutton knew or should have known that the MLD position is unlikely to be true. Defendant also uses the regulation to reach the conclusion that Hutton's state of mind is irrelevant, again, without alleging sufficient facts to reflect that Hutton, at the time of the transaction, knew that the MLD position was unlikely to be true. In both instances, Defendant's conclusory statements do not raise a genuine issue of material fact regarding whether reasonable cause exists. Because Defendant fails to raise a genuine issue of material fact regarding the reasonable cause exception, the Court should grant Plaintiff's Cross Motion for Summary Judgment.

Defendant in its Response to Plaintiff's Cross Motion for Summary Judgment and in its Reply to Plaintiff's Response to Defendant's Motion for Summary Judgment also states that reasonable cause did not exist because allegedly Hutton was on notice to determine whether his advisors, namely Hewitt and Hanning, had the requisite expertise to evaluate the MLD transaction. Defendant claims that the Cantley & Sedacca opinion required that Hutton determine the expertise of his advisors. Defendant further contends that because Hutton did not properly make this determination, reasonable cause did not exist. Defendant's contentions are flawed as Defendant attempts to make conclusory statements of fact based on when the Cantley & Sedacca letter was written, well after the MLD transaction was already established rather than at the time Hutton was making the determination of whether to enter into the MLD transaction. Plaintiff's Proposed Uncontroverted Facts reflect that at the time Hutton was evaluating the merits of the MLD transaction, Hewitt and Hanning never expressed their inability to evaluate the transaction, and that Hutton reasonably relied on his advisors' silence as an indication that his advisors believed that they had the requisite knowledge and expertise to evaluate the MLD transaction. See App. B to Plaintiffs' Cross Motion for Summary Judgment, pg. 7, Pliske Decl. Exhibit 1, page 15, line 4- page 16 line 9. Because Defendant has failed to raise a genuine issue of material fact with respect to whether the reasonable cause exception is applicable to this case, the Court should grant Plaintiff's Cross-Motion for Summary Judgment.

IV. Defendant's proposal to resolve this case under Court of Federal Claims Rule 56(d) and to have a subsequent proceeding regarding the value of the penalties is unavailing because Defendant has failed to raise a genuine factual issue to prevent the Court from granting Plaintiff's Cross-Motion for Summary Judgment.

Alternatively, Defendant claims that the Court should deny Plaintiff's Cross-Motion for Summary Judgment and hold a limited trial restricted to the issue of whether reasonable cause

exists. Defendant's alternative proposal is unavailing because Plaintiff has successfully refuted Defendant's arguments regarding whether Clearmeadow LLC assumed a liability of Clearmeadow Capital (i.e. whether the exception codified in I.R.C. § 358(h)(2)(A) applies to the MLD transaction, and whether Defendant properly calculated the application of the 40% gross misstatement penalty codified in I.R.C. § 6664(h)). Plaintiff's reply reflects that no genuine issue of material fact remains regarding the assumption of liability or the calculation of the 40% penalty and Plaintiff is entitled to judgment as a matter of law.

Furthermore, Plaintiff has successfully argued that the reasonable cause exception applies to this case to prevent the imposition of 40% penalty, as Plaintiff's Reply reflects that reasonable cause exists in this case.

### A. The Court should grant Plaintiff's Cross-Motion for Summary Judgment because there are no genuine issues of material fact regarding whether there is an assumption of liability by Clearmeadow LLC.

Plaintiff, in its reply, has proven that no genuine issues of material fact exist regarding the assumption of liability, and that the Court should grant Plaintiff's Cross-Motion for Summary Judgment with respect to this issue. Furthermore, as reflected above, Plaintiff has shown that as a matter of law, Plaintiff is entitled to the determination that Clearmeadow LLC did not assumed a liability of Clearmeadow Capital.

Plaintiff is entitled to Summary Judgment, because, as a matter of law, Clearmeadow Capital transferred a valid trade or business in conjunction with the alleged assumption of liability by Clearmeadow LLC and therefore the exception codified in I.R.C. § 358(h)(2)(A) excludes the calculation of the alleged assumption of liability in determining Clearmeadow Capital's basis in Clearmeadow LLC. Because of this exclusion, and because Defendants have

failed to raise any genuine issues of material fact regarding whether an assumption of liability exists, Plaintiff is entitled to judgment as a matter of law. Because Plaintiff is entitled to judgment as a matter of law, the Court should grant Plaintiff's Cross Motion for Summary Judgment.

B. The Court should grant Plaintiff's Cross-Motion for Summary Judgment because there are no genuine issues of material fact which prevent the imposition of the 40% gross missvaluation penalty.

Furthermore, Plaintiff has successfully proven that Defendant's computations for the imposition of the 40% penalty are flawed and the Court should not impose the penalty 40% penalty. Plaintiffs have also successfully proven, that the 40% gross missvaluation penalty should not be applied because Clearmeadow LLC was a valid trade or business prior to the admittance of CF Advisors and no assumption of liability occurred. Defendant has failed to raise genuine issues of material fact which would require the Court to impose the 40% gross missvaluation penalty on Plaintiff. Because, as a matter of law, the 40% gross missvaluation penalty is inapplicable to this transaction, Plaintiff is entitled to Summary Judgment that the 40% gross missvaluation penalty is inapplicable in this case.

C. Plaintiff is entitled to Summary Judgment regarding whether reasonable cause exists because Defendant has not raised genuine issues of material fact to prevent the Court from granting Plaintiff's Cross-Motion for Summary Judgment and to determine that the reasonable cause exception applies.

Plaintiff has successful proven that no genuine issues of material fact remain regarding whether Plaintiff, and by extension, Mark Hutton, reasonably relied on the advice of its advisors (i.e. had reasonable cause). Defendant's argument that Hutton allegedly knew or should have known that the MLD transaction was untenable are unavailing because Defendant has failed to

advance facts necessary to prove what Hutton's state of mind was at the time he entered into the MLD transaction. Contrary to Defendant's assertions, Plaintiff has proven that at the time Hutton entered the MLD transaction he reasonably relied on the advice of his advisors, Scott Hewitt and Bryan Hanning, to assist him to evaluate the merits of the transactions. App. B pg. 8, Pliske Decl. Ex. 1, pg. 21 ln. 8-24. Plaintiff has also proven that after independent review of the MLD transaction, Hutton entered into the MLD transaction with the requisite profit motive. App. B pg. 8, Pliske Decl. Ex. 1, pg. 21 ln. 8-24. These facts prove that as a matter of law, Plaintiff and Hutton reasonably relied on the advice of Hutton's independent advisors and that the advice Plaintiff and Hutton received from its independent advisors reflect that reasonable cause existed in this case. Because Defendant has failed to raise a genuine issue of fact regarding whether reasonable cause exists, and because Plaintiff has successfully proven that reasonable exists in this case, Plaintiff, as a matter of law, is entitled to Summary Judgment determining that reasonable cause existed in this case and prevents the imposition of the 40% gross valuation misstatement penalty. The Court should grant Plaintiff's Cross-Motion for Summary Judgment and determine that reasonable cause existed in this case.

## CONCLUSION

For the reasons given, the Plaintiff asks the Court to deny Defendant's Motion for Summary Judgment, and to grant Plaintiff's Cross Motion for Summary Judgment and make the following determinations: 1) that it has jurisdiction to determine if the penalties, as set out in the FPAA, apply to the plaintiff; 2) that the penalties do not apply to the plaintiff; 3) that if the penalties apply to the plaintiffs or to partner Hutton, that it has the jurisdiction to consider if any of the defenses apply; 4) that if this Court determines that penalties are applicable to the

partnership/partner, that it determines that it has jurisdiction to consider all defenses; and 5) that upon considering the defenses, that the penalties do not apply.

Respectfully Submitted,

/s/ THOMAS C. PLISKE

THOMAS C. PLISKE
Stientjes & Pliske, LLC
1120 Olivette Executive Parkway
Suite 220
St. Louis, MO 63132
Tel: (314) 872 -3988
Fax: (314) 872-7374
Attorney for Plaintiff

Date: January 21, 2008