# In The United States Court of Federal Claims

No. 05-1223T

(Filed: February 23, 2009)

_____

| | |
|---|---|
| CLEARMEADOW INVESTMENTS, LLC, * <br> CLEARMEADOW CAPITAL CORP., * <br> TAX MATTERS PARTNER * <br>   * <br>   Plaintiffs, * <br>   * <br> v. * <br>   * <br> THE UNITED STATES, * <br>   * <br>   Defendant. * | RCFC 5.2; Redaction of personal identifying information; Fed. Rule Civ. P. 5.2 – Advisory Committee Notes; Effective date of new rule – RCFC 86; Document revealing identifying information to be stricken and refiled. |

_____

**ORDER**

_____

*Thomas C. Pliske,* St. Charles, MO, for plaintiffs.

*Robert C. Stoddart,* United States Department of Justice, Washington, D.C., with whom was Acting Assistant Attorney General *Richard T. Morrison,* for defendant.

**ALLEGRA, Judge**:

On December 10, 2007, as part of the briefing of cross-motions for summary judgment in this case, the United States filed a response to plaintiffs' proposed findings of fact. An appendix to that filing contained an exhibit in which defendant redacted certain social security numbers, but failed to redact others. When this was brought to the court's attention, the document containing these numbers was sealed by order of the Chief Judge.

At the time that the document in question was filed, the court did not yet have in place a rule specifically dealing with the redaction of personal information from filed documents.[1] Subsequently, on November 3, 2008, the court promulgated RCFC 5.2(a), which provides:

_____

[1] To maintain its recent practice of having its local rules track the Federal Rules of Civil Procedure, the court did not begin the process of adopting its own rule (RCFC 5.2) on this subject until the corresponding Federal Rule (Fed. R. Civ. P. 5.2) took effect.

> Unless the court orders otherwise, in an electronic or paper filing with the court that contains an individual's social-security number, taxpayer-identification number, or birth date, the name of an individual known to be a minor, or a financial-account number, a party or nonparty making the filing may include only:
>
> (1)   the last four digits of the social-security number and taxpayer-identification number;
> (2)   the year of the individual's birth;
> (3)   the minor's initials; and
> (4)   the last four digits of the financial-account number.

RCFC 5.2(b) offers limited exemptions from this requirement, providing, in particular, that the redaction requirement does not apply to "a filing covered by RCFC 5.2(d)." Reflecting the interplay between redaction and filing under seal, RCFC 5.2(d) provides, in turn, that "[t]he court may order that a filing be made under seal without redaction," adding that "[t]he court may later unseal the filing or order the person who made the filing to file a redacted version for the public record."

This rule corresponds to Federal Rule of Civil Procedure 5.2, which was adopted in December of 2007. The Advisory Committee Notes for the latter rule provide:

> The rule is adopted in compliance with section 205(c)(3) of the E-Government Act of 2002, Public Law 107-347. Section 205(c)(3) requires the Supreme Court to prescribe rules "to protect privacy and security concerns relating to electronic filing of documents and the public availability . . . of documents filed electronically."

Fed. R. Civ. P. 5.2 advisory committee's notes, 28 U.S.C.A. p. 549 (2008).[2] The notes point out that the rule adopted goes beyond the requirements of the E-Government Act in requiring the redaction of both electronic and paper filings. *Id*. By way of further explanation, these notes state:

> The rule is derived from and implements the policy adopted by the Judicial Conference in September 2001 to address the privacy concerns resulting from

---

[2] Section 205 of the E-Government Act required each Federal court to establish a website for public access to current and updated information about the court and cases before the court, including electronic filings. This was done "to provide the public with greater access to judicial information." H.R. Rep. No. 107-787(I), at 69 (2002). Nonetheless, Congress and the Federal Judiciary both took steps to ensure that, with the electronic availability of filings, various security and privacy issues were addressed. The Judicial Conference of the United States has continued to release policy statements dealing with these important issues, most recently doing so in March of 2008. *See* http://www.privacy.uscourts.gov/privacypolicy_Mar2008Revised.htm.

> public access to electronic case files.  *See* http://www.privacy.uscourts.gov/ Policy.htm.  The Judicial Conference policy is that documents in case files generally should be made available electronically to the same extent they are available at the courthouse, provided that certain "personal data identifiers" are not included in the public file.
>
> While providing for the public filing of some information, such as the last four digits of an account number, the rule does not intend to establish a presumption that this information never could or should be protected. For example, it may well be necessary in individual cases to prevent remote access by nonparties to any part of an account number or social security number. It may also be necessary to protect information not covered by the redaction requirement--such as driver's license numbers and alien registration numbers--in a particular case. In such cases, protection may be sought under subdivision (d) or (e). Moreover, the Rule does not affect the protection available under other rules, such as Civil Rules 16 and 26(c), or under other sources of protective authority.
>
> Parties must remember that any personal information not otherwise protected by sealing or redaction will be made available over the internet. Counsel should notify clients of this fact so that an informed decision may be made on what information is to be included in a document filed with the court.

*Id*.  Finally, the notes emphasize that – "The clerk is not required to review documents filed with the court for compliance with this rule. The responsibility to redact filings rests with counsel and the party or non-party making the filing."  *Id*.

    RCFC 5.2 applies to this proceeding, which was pending at the time of its adoption.  *See* RCFC 86 (generally applying rule amendments to pending cases).[3]  Nonetheless, the court does not believe that, at the time the rule was promulgated, defendant became obliged to review every document already filed in this case to determine whether they complied with the new rule.  *See Info. Sciences Corp. v. United States*, 73 Fed. Cl. 70, 98 n.29 (2006); *see generally, Van Vorst v. United States*, 85 Fed. Cl. 227, 229 (2008).[4]  That said, in keeping with the spirit of Rule 5.2 and

---

    [3] RCFC 5.2 obviously will be implicated more in some cases (*e.g.*, tax cases or cases involving minors) than in others.

    [4] At the least, the court believes that requiring counsel to review all prior filings in this case would be infeasible.  *See* RCFC 86 (like Fed. R. Civ. P. 86(a)(2)(B), applying new rules to pending proceedings unless "the court determines that applying them to a particular action would be infeasible or work an injustice").  In the interest of protecting their clients, attorneys may wish to review the documents they filed in cases prior to the effective date of RCFC 5.2.  The rule, of course, requires that the redactions be done effectively – that is, in such a fashion as to make certain that the electronic filing cannot be manipulated to reveal the redactions.  Particular care

the E-Government Act, it would appear that once either the court or a party identifies a publicly-available filing that contains identifying information which would be protected under the rule, appropriate steps ought to be taken to safeguard that information.  As noted, the Chief Judge has done precisely that here by sealing the entire document in question.  However, so that the unaffected portions of the document may be made available to the public:

1. The court hereby **STRIKES** the document in question (#42) and orders the Clerk to remove that document from the CM/ECF system.

2. On or before March 11, 2009, defendant shall refile document # 42 with all the personal identifying information covered in RCFC 5.2 fully redacted.  *See Perea v. Hunter Douglas Window Fashions, Inc.*, 2008 WL 511409, at *5 (D. Colo. Feb. 22, 2008) (ordering similar relief).

**IT IS SO ORDERED.**

                                                  s/ Francis M. Allegra
                                                Francis M. Allegra
                                                Judge

---

should be taken in this regard to avoid computer programs or functions therein that simply cover over the relevant information with the electronic equivalent of a highlighter – one, for example, in which the color of the highlighter is set to black to match the color of the text.  Such approaches often do not delete the data associated with the identifying information, allowing a simple search of the document to reveal the "missing" text.